UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

J.S. and R.S. individually,
and on behalf of John S.,

                                        Plaintiffs,

              -against-

                                                        **ANSWER**

THE NEW YORK CITY DEPARTMENT OF
EDUCATION and THE NEW YORK STATE                        15-CV-00355 (AT)
EDUCATION DEPARTMENT,

                                        Defendants.

-------------------------------------------------------------------- x

   Defendant New York City Department of Education ("Defendant" or "DOE"), by

its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to

the Complaint dated January 16, 2015 (the "Complaint"), respectfully alleges as follows:

   1.  Denies the allegations set forth in paragraph "1" of the Complaint, except

admits that Plaintiffs purport to proceed as set forth therein.

   2.  Denies the allegations set forth in paragraph "2" of the Complaint, except

admits that Plaintiffs J.S. and R.S. are the parents of Plaintiff John S., (the "Student") who has

been classified as a student with a disability, and admits that Plaintiffs purport to proceed as set

forth therein.

   3.  Denies the allegations set forth in paragraph "3" of the Complaint, except

admits that Plaintiffs purport to invoke the jurisdiction of this Court as set forth therein.

   4.  Denies the allegations set forth in paragraph "4" of the Complaint, except

admits that Plaintiffs purport to lay venue in this judicial district as set forth therein.

5.      Denies the allegations set forth in the first two sentences of paragraph "5" of the Complaint, except admits that the Student was born on April 14, 2007, and was a minor during the 2013-2014 school year, and was classified as a student with a disability under the IDEA.  Admits the allegations set forth in the third sentence therein.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence therein, except admits that Plaintiffs resided in New York City during the time period relevant to the Complaint.

6.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein, and notes that the DOE does not dispute the appropriateness of referring to Plaintiffs by initials in all documents that are publicly filed with this Court.

7.      Denies the allegations set forth in paragraph "7" of the Complaint and respectfully refers the Court to the statute cited therein and to Article 52-A of the New York State Education Law for a complete and accurate statement of the composition and duties of the DOE.

8.      Admits the allegations set forth in paragraph "8" of the Complaint.

9.      Denies the allegations set forth in paragraph "9" of the Complaint.

10.      Admits the allegations set forth in paragraph "10" of the Complaint.

11.      Admits the allegations set forth in paragraph "11" of the Complaint.

12.      Denies the allegations set forth in paragraph "12" of the Complaint, except admits that the DOE receives funding pursuant to the Individuals with Disabilities Education

Improvement Act ("IDEA") and that the DOE is obligated to follow the applicable provisions of IDEA.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that DOE maintains an office at 52 Chambers Street, New York County, New York City, NY.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits, upon information and belief, that during the school year at issue, Plaintiffs resided within the geographical confines of the New York City school district, and admits that the DOE is obligated to follow the laws of the State of New York and the IDEA, which obligated the DOE to offer the Student a free appropriate public education ("FAPE") during the school year at issue.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that the IDEA was enacted to provide disabled students with access to public education, and respectfully refers the Court to IDEA for a complete and accurate statement of its provisions.

20.     Denies the allegations set forth in paragraph "20" of the Complaint, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

21.     Denies the allegations set forth in paragraph "21" of the Complaint, affirmatively states that an Individualized Education *Program* ("IEP") is a document that the IDEA requires to be created for each child with a disability, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

22.     Denies the allegations set forth in paragraph "22" of the Complaint, except admits that the DOE recommends a particular school in which a student's IEP is to be implemented, that the DOE notifies families of the recommended school by a Final Notice of Recommendation ("FNR") and that families may contact the school named in the FNR.

23.     Denies the allegations set forth in paragraph "23" of the Complaint, except admits that the DOE has classified the Student as a student with a disability, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

24.     Denies the allegations set forth in paragraph "24" of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, except admits that the Student was classified as a student with Autism on the April 26, 2013 IEP, that such classification is not in dispute.

26.     Admits the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the allegations set forth in paragraph "27" of the Complaint.

28.     Denies the allegations set forth in paragraph "28" of the Complaint.

29.     Denies the allegations set forth in paragraph "29" of the Complaint.

30.     Denies the allegations set forth in paragraph "30" of the Complaint.

31.     Admits, upon information and belief, the allegations set forth in paragraph "31" of the Complaint.

32.     Denies the allegations set forth in paragraph "32" of the Complaint, except admits that the Student received related services of: five thirty-minute sessions of speech therapy per week; four thirty-minute sessions of occupational therapy a week; and, two thirty-minute sessions of physical therapy a week, and respectfully refer the Court to the authorities cited therein for a complete and accurate statement of their contents.

33.     Denies the allegations set forth in paragraph "33" of the Complaint, except admits upon information and belief that the tuition at the Seton School, the unilateral placement chosen by Plaintiffs, was $36,000.

34.     Denies the allegations set forth in paragraph "34" of the Complaint.

35.     Denies the allegations set forth in paragraph "35" of the Complaint, except admits that Plaintiffs submitted a request for an impartial hearing ("IHR") on August 26, 2013, and respectfully refers the Court to the IHR for a complete and accurate statement of its contents.

36.     Denies the allegations set forth in paragraph "36" of the Complaint, including all subsections thereof, and respectfully refers the Court to the IHR for a complete and accurate statement of its contents.

37.     Denies the allegations set forth in paragraph "37" of the Complaint, and respectfully refers the Court to the regulation cited therein for a complete and accurate statement of its provisions.

38.     Admits the allegations set forth in paragraph "38" of the Complaint.

39.     Admits the allegations set forth in paragraph "39" of the Complaint.

40.     Denies the allegations set forth in paragraph "40" of the Complaint, and respectfully refers the Court to the Findings of Fact and Decision by Impartial Hearing Officer ("IHO") Mary Noe, dated May 15, 2013 (the "IHO Decision"), for a complete and accurate statement of its findings.

41.     Denies the allegations set forth in paragraph "41" of the Complaint, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

42.     Paragraph "42" of the Complaint consists of statements of law, rather than allegations of fact and, as such, requires no response.  To the extent that a response is required however, Defendant denies the allegations set forth therein, and respectfully refers the Court to the cases cited therein for a complete and accurate statement of their contents and holdings.

43.     Denies the allegations set forth in paragraph "43" of the Complaint.

44.     Paragraph "44" of the Complaint consists of statements of law, rather than allegations of fact and, as such, requires no response.  To the extent that a response is required however, Defendant denies the allegations set forth therein, and respectfully refers the Court to the cases cited therein for a complete and accurate statement of their contents and holdings.

45.     Denies the allegations set forth in paragraph "45" of the Complaint.

46.     Denies the allegations set forth in paragraph "46" of the Complaint.

47.     Denies the allegations set forth in paragraph "47" of the Complaint.

48.     Paragraph "48" of the Complaint consists of statements of law, rather than allegations of fact and, as such, requires no response.  To the extent that a response is required however, Defendant denies the allegations set forth therein, and respectfully refers the Court to the cases cited therein for a complete and accurate statement of their contents and holdings.

49.     Denies the allegations set forth in paragraph "49" of the Complaint.

50.     Denies the allegations set forth in paragraph "50" of the Complaint.

51.     Denies the allegations set forth in paragraph "51" and respectfully refers the Court to the  IHO Decision and the transcript of testimony before the IHO ("Transcript") for a complete and accurate recitation of the events during the impartial hearing.

52.     Denies the allegations set forth in paragraph "52" of the Complaint, and respectfully refers the Court to the IHO Decision and the Transcript for a complete and accurate recitation of the events during the impartial hearing.

53.     Denies the allegations set forth in paragraph "53" of the Complaint, except admits that the IHO did find that the DOE provided a free appropriate public education ("FAPE") for the Student for the 2013-2014 school year, and respectfully refers the Court to the IHO Decision for a complete and accurate statement of its contents.

54.     Admits the allegations set forth in paragraph "54" of the Complaint.

55.     Denies the allegations set forth in paragraph "55" of the Complaint, and respectfully refers the Court to the petition dated June 19, 2014 for a complete and accurate statement of its contents.

56.     Denies the allegations set forth in paragraph "56" of the Complaint, including all subsections thereof, and respectfully refers the Court to the petition dated June 19, 2014 for a complete and accurate statement of its contents.

57.     Denies the allegations set forth in paragraph "57" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

58.     Denies the allegations set forth in paragraph "58" of the Complaint, including all subsections thereof, and respectfully refers the Court to the decision of state review

officer ("SRO") Carol H. Hauge, dated September 26, 2014 (the "SRO Decision") for a complete and accurate statement of its findings.

59.     Denies the allegations set forth in paragraph "59" of the Complaint, except admits that the SRO found that the DOE provided a FAPE for the Student for the 2013-2014 school year, and that the IHO assigned to this case did not engage in misconduct, and respectfully refers the Court to the SRO Decision for a complete and accurate statement of its findings.

60.     Denies the allegations set forth in paragraph "60" of the Complaint.

61.     Denies the allegations set forth in paragraph "61" of the Complaint, except admits upon information and belief that IHO Noe was appointed to hear the case involving the Student's 2014-2015 school year.

62.     Denies the allegations set forth in paragraph "62" of the Complaint.

63.     Admits the allegations set forth in paragraph "63" of the Complaint.

**CAUSES OF ACTION**

**FIRST COUNT AGAINST DOE**

**PROCEDURAL REQUIREMENTS OF IDEA**

64.     Defendant DOE repeats, realleges and reaffirms each and every response set forth in paragraphs "1" – "63" above as if set forth fully herein.

65.     Denies the allegations set forth in paragraph "65" of the Complaint.

66.     Denies the allegations set forth in paragraph "66" of the Complaint.

67.     Denies the allegations set forth in paragraph "67" of the Complaint.

68.     Denies the allegations set forth in paragraph "68" of the Complaint.

69.     Denies the allegations set forth in paragraph "69" of the Complaint.

**SECOND COUNT AGAINST DOE**

**FAILURE TO PROVIDE A FAPE UNDER THE IDEA**

70.    Defendant DOE repeats, realleges and reaffirms each and every response set forth in paragraphs "1" – "69" above as if set forth fully herein.

71.    Denies the allegations set forth in paragraph "71" of the Complaint.

72.    Denies the allegations set forth in paragraph "72" of the Complaint.

73.    Denies the allegations set forth in paragraph "73" of the Complaint.

74.    Denies the allegations set forth in paragraph "74" of the Complaint.

**THIRD COUNT AGAINST DOE**

**ARTICLE 89 OF THE NEW YORK STATE EDUCATION LAW**

75.    Defendant DOE repeats, realleges and reaffirms each and every response set forth in paragraphs "1" – "74" above as if set forth fully herein.

76.    Denies the allegations set forth in paragraph "76" of the Complaint.

77.    Denies the allegations set forth in paragraph "77" of the Complaint.

78.    Denies the allegations set forth in paragraph "78" of the Complaint.

79.    Denies the allegations set forth in paragraph "79" of the Complaint.

80.    Denies the allegations set forth in paragraph "80" of the Complaint.

**FOURTH COUNT AGAINST DOE**

**ERRONEOUS DECISION BY THE SRO**

81.    Defendant DOE repeats, realleges and reaffirms each and every response set forth in paragraphs "1" – "80" above as if set forth fully herein.

82.    Denies the allegations set forth in paragraph "82" of the Complaint.

83.     Denies the allegations set forth in paragraph "83" of the Complaint, including all subjections thereof.

84.     Denies the allegations set forth in paragraph "84" of the Complaint.

85.     Denies the allegations set forth in paragraph "85" of the Complaint.

86.     Denies the allegations set forth in paragraph "86" of the Complaint.

**FIFTH COUNT AGAINST NYSED**

87.     Defendant DOE repeats, realleges and reaffirms each and every response set forth in paragraphs "1" – "86" above as if set forth fully herein.

88.     Denies the allegations set forth in paragraph "88" of the Complaint, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint.

91.     Denies the allegations set forth in paragraph "91" of the Complaint.

92.     Denies the allegations set forth in paragraph "92" of the Complaint.

93.     Denies the allegations set forth in paragraph "93" of the Complaint, except admits that the SRO did not make a finding that IHO Noe committed misconduct, and respectfully refers Court to SRO Decision for a complete and accurate statement of its contents.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint.

**FOR A FIRST DEFENSE**

95.     The Defendant offered the Student a free appropriate public education for the 2013-2014 school year.

**FOR A SECOND DEFENSE**

96.     Plaintiffs did not meet their burden of establishing that the Seton Foundation for Learning was an appropriate placement for the Student for the 2013-2014 school year.

**FOR A THIRD DEFENSE**

97.     Equitable considerations bar relief to the Plaintiffs.

**FOR A FOURTH DEFENSE**

98.     The Court lacks subject-matter jurisdiction over any issues not identified by Plaintiffs in their Impartial Hearing Request, or for which Plaintiffs failed to exhaust their administrative remedies.

**FOR A FIFTH DEFENSE**

99.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**FOR A SIXTH DEFENSE**

100.     Plaintiffs are not the prevailing party and are therefore not entitled to attorneys' fees.

**WHEREFORE,** Defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             March 23, 2015

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendant*
                              100 Church Street, Room 2-119
                              New York, New York 10007
                              P: (212) 356-0874
                              F: (212) 356-2439
                              E: jkillian@law.nyc.gov

                          By:                 /s/                     
                                  Justin P. Killian
                                Special Assistant Corporation Counsel