**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

J.S. and R.S. individually,
and on behalf of John S., a minor,

        Plaintiffs,

    -against-

THE NEW YORK CITY DEPARTMENT
    OF EDUCATION,

        Defendant

**PLAINTIFFS' MEMORANDUM OF
LAW IN SUPPORT OF CROSS-
MOTION FOR SUMMARY
JUDGMENT**


ECF

Case No.: 15 CV 0355

Hon. Analisa Torres


LAWRENCE D. WEINBERG (LW7841)
Attorney for Plaintiffs

162 Williamson Ave.
Bloomfield, NJ 07003
973-748-3761
Fax: 718-228-5935

c/o Susan Luger Associates, Inc.
Special Education Advocates
155 West 72nd Street
Suite 201
New York, NY 10023
212-769-4644
Fax: 212-501-8090

lawrenceweinberg@gmail.com

# **TABLE OF CONTENTS**

Table of Contents     i

Table of Authorities     ii

Abbreviations     v

Overview     1

Factual and Procedural Summary     2

    John S.'s Educational History ........................................................................................ 2

    Parent Allegations Against IHO Noe During the 2013-2014 Hearing ........................... 5

    Additional Allegations Against IHO Noe ...................................................................... 9

Statutory Framework     11

Burden of Proof     12

Standard of Review     12

Legal Argument     14

This Court Should Remand to a New IHO to Hold  a Fair Impartial Hearing     14

    A Deference Is Not Appropriate when there is Overwhelming Evidence that the IHO and SRO are Wrong ........................................................................................................ 14

    B. Defendant Failed to Provide the Child with a Free Appropriate Public Education . 16

    C. IHO Noe Acted Unprofessionally .......................................................................... 20

    D. This Case Should Be Remanded to a New IHO for an Impartial Hearing .............. 25

Conclusion     26

# TABLE OF AUTHORITIES

**Cases**

*A.E. ex rel. Mr. & Mrs. E. v. Westport Bd. of Educ.*, 251 Fed.Appx. 685 (2d Cir. 2007) ........... 16

*Bd. of Educ. v. Rowley*, 458 U.S. 176 (1982) ............................................................. 11, 13, 16, 17

*C.B. ex rel. W.B. v. N.Y. City Dep't of Educ.,* 2005 U.S. Dist. LEXIS 15215 (E.D.N.Y. June 10, 2005) .................................................................................................................................. 13

*C.L. v. N. Y. City Dep't of Educ.*, 2013 U.S. Dist. LEXIS 3474 (S.D.N.Y. Jan. 2, 2013), affirmed, 552 F. App'x 81, 81 (2d Cir. 2014) ............................................................................ 15

*Cabouli v. Chappaqua Cent. Sch. Dist.*, 202 Fed.Appx. 519 (2nd Cir. 2006)............................. 17

*Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186 (2d Cir. 2005).......................................... 12, 17

*D.C. ex rel. E.B. v. N.YC Dep't of Educ.,* 950 F. Supp. 2d 494 (S.D.N.Y. 2013)........................ 15

*D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503 (2d Cir. 2006), amended, 480 F.3d 138 (2007).......................................................................................................................... 17

*D.F. ex rel. N.F. v. Ramapo Cent. Sch. Dist.*, 430 F.3d 595 (2d Cir. 2005) ............................... 16

*D.N. v. Bd. of Educ. of Center Moriches Union Free Sch. Dist.,* 2015 U.S. Dist. LEXIS 138272 (E.D.N.Y. Sept. 28, 2015)..................................................................................................... 15

*Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840 (6th Cir. Tenn. 2004) ............................. 19

*E.S. & M.S. v. Katonah-Lewisboro Sch. Dist.*, 742 F. Supp. 2d 417 (S.D.N.Y. 2010), *affirmed* 487 F. App'x 619 (2d Cir. 2012) ......................................................................................... 15

*E.S. v. Katonah-Lewisboro Sch. Dist.*, 742 F. Supp. 2d 417 (S.D.N.Y. Sept. 30, 2010).............. 13

*Florence County Sch. Dist. Four v. Carter*, 510 U.S. 7 (1993).................................................... 12

*Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 129 S.Ct. 2484 (2009) ....................................... 12

*Frank G. v. Bd. of Educ.*, 459 F.3d 356 (2d Cir. 2006), *cert. denied*, 552 U.S. 985 (2007)......... 16

*G.B. v. Tuxedo Union Free Sch. Dist.*, 751 F. Supp. 2d 552 (S.D.N.Y. 2010), *aff'd*, 486 F. App'x
954 (2d Cir. 2012) ................................................................................................... 15

*Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105 (2d Cir. 2007) ................................. 12, 14

*Hall v. Vance County Bd. of Educ.*, 774 F.2d 629 (4th Cir. 1985) ............................................ 16

*J.C. v. N.Y. City Dep't of Educ.*, 2015 U.S. Dist. LEXIS 168219 (S.D.N.Y. Dec. 16, 2015) ....... 24

*Lillbask v. State of Conn. Dep't of Educ.*, 397 F.3d 77 (2d Cir. 2005) .................................... 14

*M.H. v. N.Y. City Dep't of Educ.*, 712 F. Supp. 2d 125 (S.D.N.Y. 2010), *aff'd*, *M.H. v. N.Y. City
Dep't of Educ.*, 685 F.3d 217 (2d Cir. 2012) ........................................................... 13

*M.H. v. N.Y. City Dep't of Educ.*, 685 F.3d 217 (2d Cir. 2012) .......................................... 13, 14

*M.M. v. N.Y. City Dep't of Educ.*, 583 F. Supp. 2d 498 (S.D.N.Y. 2008) ................................... 19

*M.S. ex rel. S.S. v. Bd. of Educ. of the City Sch. Dist. of the City of Yonkers*, 231 F.3d 96, 102 (2d
Cir. 2000), cert. denied, 532 U.S. 942 (2001) ......................................................... 12

*Mrs. B. v. Milford Board of Ed.*, 103 F.3d 1114 (2d Cir. 1997) ........................................... 14, 16

*Murphy v. Arlington Central School District Board Of Education*, 297 F.3d 195 (2nd Cir. 2002) 5

*Nack ex rel. Nack v. Orange City Sch. Dist.*, 454 F.3d 604 (6th Cir. 2006) ............................... 19

*Polk v. Cent. Susquehanna Intermediate Unit 16*, 853 F.2d 171 (3d Cir. 1988) .................. 14, 16

*R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167 (2d Cir. 2012) ................................................ 15

*S.C. v. Katonah-Lewisboro Cent. Sch. Dist.*, 2016 U.S. Dist. LEXIS 42562 (S.D.N.Y. Mar. 30,
2016) ...................................................................................................................... 15

*Sch. Comm. of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359 (1985) .................. 11

*Schaffer v. Weast*, 546 U.S. 49 (2005) ................................................................................ 12

*Schreiber v. E. Ramapo Cent. Sch. Dist.*, 700 F. Supp. 2d 529 (S.D.N.Y March 31, 2010) ........ 13

*Still v. DeBuono*, 101 F.3d 888 (2d Cir. 1996) ................................................................... 11

*T.K. v. N.Y.C. Dept. of Educ.*, 32 F. Supp. 3d 405 (E.D.N.Y. 2014), *aff'd*, 810 F.3d 869 (2d Cir. 2016) ........................................................................................................................ 15

*Town of Burlington v. Dep't of Educ. of Mass.,* 736 F.2d 773 (1st Cir. 1984), *aff'd,* 471 U.S. 359 (1985) ...................................................................................................................... 13

*V.S. ex rel. D.S. v. N.Y.C.* Dep't of Educ., 25 F. Supp. 3d 295 (E.D.N.Y. 2014) ......................... 15

*Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998) .................................. 14

*Weixel v. Bd. of Educ.*, 287 F.3d 138 (2d Cir. 2002) ................................................................ 16

**Statutes and Regulations**

20 U.S.C. § 1400 ............................................................................................................ 11, 16

20 U.S.C. § 1401 .................................................................................................................. 11

20 U.S.C. § 1412 ........................................................................................................... 5, 11, 16

20 U.S.C. § 1415 .................................................................................................................. 12

34 C.F.R. § 300.501 ............................................................................................................. 19

NY Educ. Law § 4404 .......................................................................................................... 12

**Other Authorities**

*Letter to Hampden*, 49 IDELR 197, 108 LRP 22225 (2007) ......................................................... 5

New York State Bar Model Code Of Judicial Conduct ......................................................... 20, 21

## ABBREVIATIONS

ABA ................................................................................Applied Behavior Analysis

Def. Adm.........Def.'s Responses and Objections to Pl.s; Req. for Admission, dated Jan. 11, 2016

CSE .................................................................................... Committee on Special Education

DOE ........................................................ Defendant, New York City Department of Education

DPC................................................................................. Due Process Complaint

Ex. ......................................................................................Impartial Hearing Exhibit

    Def. Ex. ......................................Defendant's Impartial Hearing Exhibit (Numbers 1 through 7)

    Pl. Ex.............Plaintiff's Impartial Hearing Exhibit (Letters A through Z and AA through DD)

    IHO. Ex. ..........................Impartial Hearing Officer's Exhibit (Roman Numerals I through VI)

FAPE ................................................................................ Free Appropriate Public Education

FNR............................................Final Notice of Recommendation (placement notification letter)

IDEA .......... Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1401, et seq.

IEP.......................................................................... . Individualized Education Program

IHO ................................................................................. Impartial Hearing Officer

Lorelli Decl. ................................................................. Declaration of Denise Lorelli, BCBA

LDW Decl. .......................................................................Declaration of Lawrence D. Weinberg

OT ..........................................................................................Occupational Therapy

PT .................................................................................................. Physical Therapy

Robinson Decl.................................................................. Declaration of Nicole Robinson, PhD

SED .................................State Education Department of the University of the State of New York

Seton ........................................................... the Seton Foundation for Learning on Staten Island

Speech or SLT ............................................................. Speech and Language Therapy

SRO ............................................................................................. State Review Officer

Tr. ............................................................................ Transcript of the Impartial Hearing

## <u>OVERVIEW</u>

Plaintiffs/parents, J.S. and R.S., individually and on behalf of their learning-disabled child, John S., in support of their Cross-Motion for Summary Judgment, by way of their attorney, say as follows. This is an IDEA case, where parents seek tuition reimbursement under the IDEA and Supreme Court precedent.

John S. is a seven year old with autism. He received early intervention services, including ABA before the age of three. Since the age of five, he has attended school at Seton, a school for learning disabled children on Staten Island. Seton is a school for learning disabled children on Staten Island. Seton describes itself as a program that uses ABA. From ages three to five he was place there by the DOE. Since age five he was parentally placed at Seton. Four impartial hearings have addressed John's placement at Seton. In two of those hearing two different impartial hearing officers found the DOE program to be inappropriate and Seton. The other two were both overseen by IHO Mary Noe, who ruled against parents after hearings that were not conducted impartially.

This motion addresses the impartial hearing for the 2013-2014 school year. However, calling it an impartial hearing is a misnomer, IHO Noe committed numerous inappropriate acts, including failing to identify that she and a DOE employee involved in the case had written a book together, failing to recuse when the parents learned of that conflict, requiring parents to submit testimony by affidavit, forcing parents to obtain new counsel, preventing parents from presenting evidence, and limiting the parents' right to due process as required by federal law. The hearing record had no testimonial evidence by either side, other than partial testimony by John's mother. Although the unprofessional conduct IHO Noe is described at length below, it

1

can be summarized by one sentence stated by IHO Noe herself, "This hearing won't take long. That's why I scheduled you for 2:00." Tr. 57.

After a very short hearing IHO Noe closed the record and ruled against the parents. After the decision, parents appealed to the SRO requesting a new impartial hearing with a new IHO. Astonishingly, the SRO upheld the IHO's decision even though there was no testimonial evidence that the IEP or placement were appropriate and the various improprieties by the IHO. Parents ask this court to order a remand for a new hearing with a new impartial hearing officer.

In addition to evidence of IHO Noe's misconduct during the 2013-2014 hearing, parents present evidence of IHO Noe's misconduct during their 2014-2015 hearing with IHO Noe and a complaint by nine other attorneys against IHO Noe to SED.

This hearing was not impartial. It was not fair. Parents should be given the opportunity to present evidence that the April 26, 2013 IEP and subsequent placement were not appropriate. This court should remand to a new impartial hearing officer to conduct a new hearing.

## FACTUAL AND PROCEDURAL SUMMARY

### *John S.'s Educational History*

John S. is a seven year old with autism. Pl. Ex. B. He received early intervention services, including ABA, before the age of three. LDW Decl. Ex. C, p. 4. He was placed at Seton by the DOE when he was 3 and remained placed there by the DOE until he was 5. *Id.*

When he was turning five, the DOE held an IEP for John and recommended a DOE program for the 2012-2013 school year with a staffing ratio of 6:1:1 (six students, one teacher, and one classroom paraprofessional) and related services of speech, and OT, and PT. *Id.*, pp. 6-7. John was recommended a placement at the PS 3 Annex. *Id.* John remained at Seton for the 2012-2013 school year, but was now parentally placed rather than placed by the DOE. *Id.* p. 4.

After an impartial hearing on the merits, IHO Dora Lassinger found the 2012-2013 IEP appropriate because the 6:1:1 ratio was appropriate for John and the goals were appropriate. However, IHO Lassinger found that the PS 3 Annex could not implement the IEP because John's related services there would not have been provided in conformity with the IEP, which would have denied him a FAPE. *Id.* pp. 15-16. IHO Lassinger went on to find that Seton was appropriate for John and that equities supported reimbursement of 90% of tuition because parents' notice was deficient. *Id.* pp. 16-18. Neither party appealed this decision. LDW Decl. ¶ 6.

On April 26, 2013, the CSE met and generated an IEP for the 2013-2014 school year. Pl. Ex. B. The 2013-2014 school year is the only school year at issue in this proceeding. See Complaint. The April 26, 2013 IEP again recommended a 6:1:1 ratio classroom and related services of speech, and OT, and PT. *Id.* The DOE sent an FNR to parents recommending a placement at PS 373. Def. Ex. 7; see also LDW Decl. ¶ 10. The parents rejected the IEP and placement and kept John at Seton for the 2013-2014 school year. Pl. Ex. A. The DPC, dated August 26, 2013, alleged numerous deficiencies with the April 26, 2013 IEP and P373 placement. *Id.* pp. 3-4. On October 29, 2013, IHO Michael Lazan entered a pendency order that the DOE fund Seton during the proceeding. Interim Order, dated October, 29, 2013.[1] IHO Lazan recused and IHO Mary Noe was appointed on March 6, 2014. IHO's Findings of Fact and Decision, dated May 15, 2014 ("May 15, 2014 IHO Decision").

There were several contentious issues between parents' counsel and IHO Noe, discussed below. After a brief hearing, IHO Noe ruled that the IEP was appropriate because the 6:1:1 ration and related services were numerically similar to the child's program at Seton. May 15, 2014 IHO Decision, pp. 6-8. IHO Noe failed to address numerous allegations in the DPC. Compare Pl. Ex.

---

[1] The case is not moot. Although the child's last agreed upon placement was established by the 2015-2016 decision, the full school year was not funded pursuant to the pendency order. Tuition for July 1, 2013 through August 26, 2013 remains at issue.

A pp. 3-4 with May 15, 2014 IHO Decision, pp. 6-8. For example, IHO Noe failed to address parents' allegations of predetermination or the allegations that PS 373 could not implement the IEP. *Id.* There was no testimonial evidence to support the DOE's contention that the IEP was appropriate or that PS 373 could implement the IEP. Def. Adm. Nos. 41 and 54, LDW Decl. Ex. K.

Parents appealed the IHO decision by Verified Petition, dated June 19, 2014. In the Verified Petition, parents alleged that IHO Noe engaged in misconduct, failed to develop a record, and requested that the SRO remand the case to a new IHO for fact-finding and a new decision. Verified Petition, dated June 19, 2014.

The SRO issued a decision relating to the 2013-2014 school year on September 26, 2014. The SRO failed to find that IHO Noe engaged in misconduct during the 2013-2014 hearing and affirmed the May 15, 2014 IHO Decision. Decision of the SRO, Application of a Student with a Disability, No. 14-090, dated September 26, 2014 ("SRO Decision"). Parents appealed this decision to this court by complaint dated, January 16, 2015. (Docket No. 1) That decision is the subject of this motion.

On April 10, 2014, the CSE developed an IEP for John for the 2014-2015 school year. See LDW Decl. Ex. D. That IEP again recommended a 6:1:1 program with speech, OT, and PT. *Id.* Although it was not mentioned in the IHO decision, John was again offered a placement at PS 373 for the 2014-2015 school year. LDW Decl. ¶ 10. While the appeal for the 2013-2014 school year was pending at the SRO, parents filed a DPC related to the 2014-2015 school year. IHO Noe was appointed to hear the child's case again. After a hearing on August 8, 2014, IHO Noe, by decision dated August 18, 2014, found the IEP appropriate. LDW Decl. Ex. D. Parents

appealed the August 18, 2014 decision to the SRO. LDW Decl. Ex. F. That appeal was settled

between the parents and DOE and the SRO never ruled on the appeal. LDW Decl. ¶ 9.

On May 20, 2015, the CSE developed an IEP for the 2015-2016 school year. See LDW

Decl. Ex. E. That IEP again recommended a 6:1:1 program with speech, OT, and PT. *Id.* The

CSE then sent an FNR that again recommended a placement at PS 373. *Id.,* see also LDW Decl.

¶ 10. The parents kept John at Seton and filed a DPC, dated July 1, 2015. LDW Decl. Ex. E. IHO

Helene Peyser was appointed and held the hearing on July 23, 2015 and February 8, 2016. By

decision dated, March 11, 2016, IHO Peyser found that both the IEP and PS 373 placement were

not appropriate for failure to provide ABA. IHO Peyser went on to find Seton appropriate for the

2015-2016 school year and that equities supported full reimbursement of tuition there. LDW

Decl. Ex. E. That decision was not appealed. LDW Decl. ¶ 8. Therefore, at this time, it remains

the child's last agreed upon placement. 20 U.S.C. § 1412(a)(12)(A); *Murphy v. Arlington Central*

*School District Board Of Education*, 297 F.3d 195 (2nd Cir. 2002); *Letter to Hampden*, 49

IDELR 197, 108 LRP 22225 (2007).

### *Parent Allegations Against IHO Noe During the 2013-2014 Hearing*

During their appeal to the SRO the parent alleged eleven acts of misconduct by IHO Noe:

1. The IHO failed to disclose a potential conflict;

2. The IHO failed to recuse when asked by parents after the potential

   conflict came to light;

3. The IHO failed to document extensions;

4. The IHO failed to put the pendency order into evidence;

5. The IHO failed to allow parents to record the impartial hearing;

6. The IHO changed her mind after issuing orders without application by

   either party;

7. The IHO ordered parties to submit testimony by affidavit;

8. The IHO accepted the DOE affidavits without providing parents with the opportunity to cross-examine witnesses;

9. The IHO prevented parents from presenting evidence;

10. The IHO forced parents to seek new counsel; and

11. The IHO limited the parent's right to due process. Verified Petition, pp. 10-20.

Robert Meagher is an employee of the DOE. Although his precise role in this case for the DOE is unclear, he was copied or the direct point of contact on several communications. See Tr. 30, 46-49. Pl. Ex. W, Ex. X, Ex. BB, Ex. CC, Ex. DD. Dr. Meagher also appeared on behalf of the DOE in two of the four hearing days in the 2012-2013 hearing and one day in the 2015-2016 hearing. LDW Decl. Ex. C, Ex. E.

Dr. Meagher and IHO Noe coauthored a book together with a third author. Mary Noe, Mary McCaffrey, & Robert Meager, IEP Workshop Buiding Teacher-Parent Partnerships (Tom Kinney ed., Attainment Co., Inc. 2011). Although the book was not in evidence, at the time of the hearing it was available for sale.[2] IHO Noe and Dr. Meagher also appeared in a video companion that goes with the book.[3] IHO Noe admitted having authored the book with Dr. Meagher. IHO Ex. V, p. 2.[4] The parent asked IHO to recuse due to this conflict and she refused. *Id.*

---

[2] The book is currently still for sale. See, e.g., Amazon: http://www.amazon.com/IEP-Workshop-Buiding-Teacher-Parent-Partnerships/dp/1578617170/. iTunes: https://itunes.apple.com/us/book/iep-workshop-building-teacher/id413573002?mt=11. Attainment Co., Inc.: http://www.attainmentcompany.com/iep-workshop. (All links checked May 24, 2016.)

[3] An except of the video is available online: https://www.youtube.com/watch?v=YGnsrM489Vs. (Checked May 24, 2016).

[4] It is unclear whether the IHO exhibits were submitted with the record as they are not listed in the decision, however, they are part of the certified record. See Decision, pp. 10-11.

At the April 11, 2014 hearing, parents requested to make an independent recording of the impartial hearing. Tr. 14. This request was denied. Tr. 15. IHO Noe and counsel for parents engaged in a long colloquy about recording the impartial hearing and at various times she ordered parent's counsel to turn off his recording device. Tr. 14-20. IHO Noe eventually left the room while the hearing was still on the record. Tr. 20. When IHO Noe returned she stated that she would dismiss the matter with prejudice because of the failure to abide by her order to turn off the recording. Tr. 21.

IHO Noe reversed herself and changed her mind after rulings numerous times. For example, on April 11, 2014 IHO Noe stated that she was dismissing the parents' due process complaint with prejudice due to their recording the hearing. Tr. 21. IHO Noe then reversed herself, without application, and issued an order scheduling the hearing for April 29, 2014. IHO IHO Ex. V.

At the April 29, 2014 hearing, IHO Noe made several evidentiary rulings that she did not abide by. She stated that the DOE affidavits would be marked for ID. They later appeared to be. She stated that parent documents would not be admitted into evidence. They were admitted. Compare Tr. 44-51 with Decision, pp. 10-11. However, the DOE affidavits were not part of the certified record.

IHO Noe ordered parties to present testimony by affidavit. Pl. Ex. O; see Tr. 39; see also IHO Ex. VI, pp. 3-5.

Most egregiously, IHO Noe prevented parents from presenting evidence. IHO Noe's intention to prevent parents from presenting testimony is demonstrated by her statement to the DOE representative at the start of the hearing, "**This hearing won't take long. That's why I scheduled you for 2:00.**" Tr. 57 (emphasis added). This case had disputes on all three prongs of

the *Burlington/Carter* test. Parents' counsel submitted nearly thirty exhibits. The DOE submitted

nearly ten exhibits. IHO Decision, pp. 11-12. The only reason that the hearing would not "take

long" was IHO Noe's preventing parents from presenting evidence.

IHO Noe prevented parents from placing into evidence emails that documented that Dr.

Meagher was representing the DOE in this matter. Tr. 47-49. Her reason for failing to include the

emails was that she was not a party to the emails. However, the email on its face noted that IHO

Mary Noe was handling the case. Compare Tr. 47-49 with LDW Decl. Ex. J, proposed Pl. Ex. Z

which was not admitted into the record. See LDW Decl. ¶ 13.

At the conclusion of R.S.'s testimony IHO Noe ended the hearing without parent resting.

Parents' attorney stated that she did not have another witness for the day. She did not rest. IHO

Noe adjourned the hearing and stated that parties would get her decision. Tr. 76-77.

On March 24, 2014, IHO Noe sent a prehearing order scheduling the hearing for April

11, 2014. Pl. Ex. O. That day, parents' counsel, requested an adjournment on two bases. First,

parents' counsel was scheduled to have surgery on March 28, 2014 and would not be ambulatory

for three weeks (i.e. from March 28, 2014 through April 18, 2014). Pl. Ex. R. Second, counsel

wanted additional time to prepare the affidavits. *Id.* The order for affidavits was submitted March

24, 2014, and ordered affidavits disclosed April 4, 2014, seven days before the April 11, 2014

hearing. Pl. Ex. O. This gave parents' counsel only 11 days to interview witnesses and prepare

all affidavits, while she would undergo surgery. IHO Noe failed to grant the adjournment. Pl. Ex.

R.

The SRO addressed all of parents allegations against IHO Noe and dismissed them all.

SRO Decision, pp. 10-13.

*Additional Allegations Against IHO Noe*

As discussed above, IHO Noe was again appointed to hear the matter of John S. for the 2014-2015 school year. After a hearing on August 8, 2014, IHO Noe, by decision dated August 18, 2014, found the IEP appropriate. LDW Decl. Ex. D. Parents appealed the August 18, 2014 decision to the SRO. LDW Decl. Ex. F. That appeal was settled between the parents and DOE and the SRO never ruled on the appeal. LDW Decl. ¶ 9.

Parents alleged three inappropriate acts by IHO Noe during their appeal of the 2014-2015 hearing:

1. The IHO failed to recuse; The IHO failed to recuse when asked by parents to recuse due to a professional conflict; The IHO failed to recuse when asked by parents due to her unreasonable decision she issued related to the 2013-2014 school year; The IHO failed to recuse even though there is an active investigation by the New York State Education Department over her failure to recuse during the 2013-2014 school year;

2. The IHO ruled in the Department of Education's favor even though it presented no testimonial evidence that the IEP was appropriate;

3. IHO Noe demanded affidavits.

Here there was an appearance of impropriety due to the failure of the IHO to recuse even though the parent had accused her of impropriety in the 2013-2014 hearing. Additionally, the appearance of impropriety due to her business relationship having written a book with Robert Meagher still existed.

As described above, IHO Noe ruled that the DOE provided John with an appropriate program even though no one testified or submitted an affidavit in the 2014-2015 hearing that the IEP was appropriate.

IHO Noe ordered parties to present testimony by affidavit. See Ex. V, Ex. W, IHE Ex. I, IHO Ex. II. The order, while bathed in regulation (8 NYCRR § 200.5(j)(3)(xii)(f)), was illegal. Although the IHO purported to permit testimony of witnesses by application. That was clearly untrue since she denied the application to allow the two witnesses to testify. See LDW Decl. Ex. F, pp. 15-18.

None of these issues was determined by the SRO because this appeal was settled between parties. LDW Decl. ¶ 9.

Plaintiffs made a complaint against IHO Noe to SED regarding the 2013-2014 and 2014-2015 hearings on February 13, 2013. LDW Decl. Ex. A. SED notified plaintiffs of the findings on October 16, 2015. LDW Decl. Ex. B. With regard to the 2013-2014 school year, SED deferred to the findings of the SRO. *Id.* For example, the SED decision stated, "Since the allegation that the IHO failed to recuse based on the conflict of interest in case number 14607 [the 2013-2014 case at issue before this court] was rejected by the SRO, that argument is disingenuous and rejected." *Id.* p. 15 (p. 12 of the findings). SED went on to find that the only failure of the IHO was that she failed to put the pendency order into the record.[5]

On August 4, 2014, nine attorneys wrote to SED making various complaints against IHO Noe. LDW Decl. Ex. H. Those allegations attacked IHO Noe's civility at hearings, treatment of non-English speaking parents, problems scheduling and attending hearings, lack of neutrality at hearings, and inability to apply fundamental legal standards and rules. *Id.* Again SED determined that "the SRO's determination is binding" on several issues and failed to address them even if the SRO only discussed the issue in an ancillary fashion. *Id.* For example, SED found:

> The SRO indicated that the district denied the parents' allegations [that the IHO yelled at a non-English speaking parent] and asserted that both parties were treated in a similar manner. While this precise issue was not discussed in the SRO

---
[5] It is unclear why the pendency order is part of the certified record if it were not included by the IHO.

decision, the SRO examined the entire hearing record, including ensuring that procedures at the hearing were consistent with the requirements of due process… *Id.* p. 19 (p. 16 of the findings).

SED rejected the allegations that IHO Noe acted unprofessionally or improperly towards English speaking parents. SED did find against IHO Noe and determined that she double booked hearings and failed to make a record. SED upheld the use of affidavits and found there was insufficient evidence that she breached confidentiality. It is unclear what punishment, if any IHO Noe was given.

## **STATUTORY FRAMEWORK**

The IDEA is designed to ensure that all children with disabilities are provided with a free appropriate public education ("FAPE"). 20 U.S.C. § 1400(d)(1)(A); *see* 20 U.S.C. § 1412(a)(1)(A). Pursuant to the IDEA, a school district must provide each disabled child with "special education and related services," 20 U.S.C. § 1401(9), that are "reasonably calculated to enable the child to receive educational benefits," *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982).

When a school district fails to provide a disabled child with a FAPE, it is well established that parents who unilaterally place their special needs child in a private school may be reimbursed for tuition if three requirements are met. (1) the district-provided services made available pursuant to an Individualized Education Program (IEP) are inadequate; (2) the private education services obtained by the parent are appropriate; and (3) equitable considerations favor repayment. *Sch. Comm. of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369-374 (1985); *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir. 1996). When the three *Burlington* prongs are satisfied, parents who have unilaterally placed their child in a private school may obtain reimbursement for the cost of the private school tuition even when the school chosen by the

parent does not meet the definition of a free appropriate public education. *Florence County Sch.*

*Dist. Four v. Carter*, 510 U.S. 7, 13 (1993). This remedy is also available to parents regardless of

whether the child previously received special-education services through the public school.

*Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 129 S. Ct. 2484 (2009).

## BURDEN OF PROOF

In a *Burlington / Carter*, IDEA case in New York State, the school district has the burden

of proof that it provided the child with a free and appropriate public education and that equitable

factors do not favor repayment. NY Educ. Law § 4404(1)(c).[6] Parents have the burden of proof

that the chosen school is appropriate. *Id.*; *Schaffer v. Weast*, 546 U.S. 49 (2005).

## STANDARD OF REVIEW

In an IDEA case, the district court must engage in a *de novo* review of the administrative

record and make a determination based on the "preponderance of the evidence." *Gagliardo v.*

*Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007); *Cerra v. Pawling Cent. Sch. Dist.*,

427 F.3d 186, 191 (2d Cir. 2005). The court should base its decision on a review of the

administrative record and, at a party's request, any additional evidence presented. 20 U.S.C. §

1415(i)(2)(C); *M.S. ex rel. S.S. v. Bd. of Educ. of the City Sch. Dist. of the City of Yonkers*, 231

F.3d 96, 102 (2d Cir. 2000), *cert. denied*, 532 U.S. 942 (2001).

This Court applies a "due weight" standard to the fact-findings and determinations of

educational policy of the hearing officer. *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119,

129 (2d Cir. 1998). However, this court is no "rubber stamp" for the administrative findings.

---

[6] The board of education or trustees of the school district or the state agency responsible for providing education to students with disabilities shall have the burden of proof, including the burden of persuasion and burden of production, in any such impartial hearing, except that a parent or person in parental relation seeking tuition reimbursement for a unilateral parental placement shall have the burden of persuasion and burden of production on the appropriateness of such placement. NY Educ. Law § 4404(1)(c).

*Rowley,* 458 U.S. at 207. The court may reject factual findings that are not supported by the administrative record or that are contradicted by the record. *Schreiber v. E. Ramapo Cent. Sch. Dist.*, 700 F. Supp. 2d 529, 547 (S.D.N.Y. 2010); *C.B. ex rel. W.B. v. N.Y. City Dep't of Educ.*, 2005 U.S. Dist. LEXIS 15215, at *13 (E.D.N.Y. June 10, 2005). After careful consideration of the hearing officer's findings on each material issue, "the court is free to accept or reject the findings in part or in whole." *Town of Burlington v. Dep't of Educ. of Mass.*, 736 F.2d 773, 792 (1st Cir. 1984), *aff'd on other grounds,* 471 U.S. 359 (1985). The amount of deference accorded to the opinion of the SRO depends on the issue decided.

> [D]eterminations regarding the substantive adequacy of an IEP should be afforded more weight than determinations concerning whether the IEP was developed according to the proper procedures. *See Cerra,* 427 F.3d at 195. Decisions involving a dispute over an appropriate educational methodology should be afforded more deference than determinations concerning whether there have been objective indications of progress. *Compare Grim,* 346 F.3d at 382-83, *with Walczak,* 142 F.3d at 130. Determinations grounded in thorough and logical reasoning should be provided more deference than decisions that are not. *See id.* at 129. And the district court should afford more deference when its review is based entirely on the same evidence as that before the SRO than when the district court has before it additional evidence that was not considered by the state agency.

*M.H. v. N.Y. City Dep't of Educ.*, 685 F.3d 217, 244 (2d Cir. 2012) (citations in original).

District courts have reversed the SRO where the SRO's decision "failed to take into account important information." *See, e.g.*, *E.S. v. Katonah-Lewisboro Sch. Dist.*, 742 F. Supp. 2d 417, 443 (S.D.N.Y. 2010). And courts have reinstated the IHO's opinion where the IHO's opinion took into account information that was ignored by the SRO. *M.H. v. N.Y. City Dep't of Educ.*, 712 F. Supp. 2d 125, 154-55 (S.D.N.Y. 2010), *aff'd*, *M.H. v. N.Y. City Dep't of Educ.*, 685 F.3d 217 (2d Cir. 2012) ("[T]he SRO's determination cannot be considered 'thorough and careful' because the SRO considered only [the student's] annual academic goals, whereas the IHO based her decision on both the annual academic goals and the short-term objectives.").

Conclusions of law and mixed questions of law and fact receive pure *de novo* review. This Court need not give any weight to conclusions of law concerning the interpretation of the federal statute and its requirements. *Mrs. B. v. Milford Bd. of Educ.,* 103 F.3d 1114, 1121 (2d Cir. 1997) ("[T]he 'due weight' we ordinarily must give to the state administrative proceedings is not implicated with respect to that conclusion, because it concerns an issue of law."); *Lillbask v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 82 (2d Cir. 2005).

Although summary judgment motions are often the procedural vehicle by which IDEA claims are decided, the motion is really a pragmatic procedural mechanism for reviewing a state's compliance with the procedures set forth in IDEA. *Lillbask*, 397 F.3d at 83.

## LEGAL ARGUMENT

### THIS COURT SHOULD REMAND TO A NEW IHO TO HOLD A FAIR IMPARTIAL HEARING

#### *A Deference Is Not Appropriate when there is Overwhelming Evidence that the IHO and SRO are Wrong*

Plaintiffs are not aware of a single case where a school district met its burden of proof that an IEP was appropriate without any testimonial evidence. A federal court is not a rubber stamp for administrative decisions, but is expected to give due weight to administrative findings. *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998). Although a court is expected to defer to educational determinations by the IHO and SRO, the the "SRO's or IHO's factual findings must be 'reasoned and supported by the record' to warrant deference." *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 241 (2d Cir. 2012), quoting *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 114 (2d Cir. 2007). "We do not read the Supreme Court's salutary warnings against interference with educational methodology as an invitation to abdicate our obligation to enforce the statutory provisions [of the IDEA]." *Polk v. Cent. Susquehanna*

*Intermediate Unit 16*, 853 F.2d 171, 184-85 (3d Cir. 1988). Here the determinations of the IHO and SRO were not well reasoned nor supported by the record because there was no testimony in the record whatsoever about the appropriateness or inappropriateness of the IEP and proposed location.

The deference owed to an IHO or SRO's decision "depends on the quality of that opinion." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012); *C.L. v. N. Y. City Dep't of Educ.*, 2013 U.S. Dist. LEXIS 3474, at *13 (S.D.N.Y. Jan. 2, 2013), affirmed, 552 F. App'x 81, 81 (2d Cir. 2014); *S.C. v. Katonah-Lewisboro Cent. Sch. Dist.*,2016 U.S. Dist. LEXIS 42562, at *34 (S.D.N.Y. Mar. 30, 2016). When the objective evidence in the record does not support a conclusion made by both an IHO and an SRO, the court may overturn that conclusion, even if it is an educational determination entitled to deference. *E.S. & M.S. v. Katonah-Lewisboro Sch. Dist.*, 742 F. Supp. 2d 417, 442 (S.D.N.Y. 2010), *affirmed* 487 F. App'x 619 (2d Cir. 2012) (holding that decisions by the IHO and SRO were not entitled to deference because they did not acknowledge progress made by the child); *T.K. v. N.Y.C. Dept. of Educ.*, 32 F. Supp. 3d 405 (E.D.N.Y. 2014), *aff'd*, 810 F.3d 869 (2d Cir. 2016) (reversing IHO and SRO decisions that bullying failed to affect a child's education); see *G.B. v. Tuxedo Union Free Sch. Dist.*, 751 F. Supp. 2d 552 (S.D.N.Y. 2010), *aff'd*, 486 F. App'x 954 (2d Cir. 2012).

Other district courts in this circuit have faithfully applied the *M.H.* standard of review, even where such review led to reversal of IHO and SRO decisions that agreed with one another. *D.N. v. Bd. of Educ. of Center Moriches Union Free Sch. Dist.,* 2015 U.S. Dist. LEXIS 138272 (E.D.N.Y. Sept. 28, 2015) (reversing IHO and SRO findings that the DOE offered the student a FAPE); *V.S. v. NYC Dep 't of Educ.,* 25 F. Supp. 3d 295 (E.D.N.Y. 2014) (same); *D.C. ex rel. E.B. v. N.YC Dep't of Educ.,* 950 F. Supp. 2d 494 (S.D.N.Y. 2013) (same). As discussed below

the IHO and SRO are not entitled to deference because there was no testimonial evidence that the IEP was appropriate, the IHO and SRO failed to address numerous alleged deficiencies with the IEP and placement, and the impartial hearing process was not fair.

## B. Defendant Failed to Provide the Child with a Free Appropriate Public Education

Pursuant to the IDEA, each school district, such as defendant, is required to provide their special needs children with a free appropriate public education. 20 U.S.C. §§ 1400(d)(1)(A); § 1412(a)(1)(A). Thus, the school district must prove that it provided the child with "special education and related services," 20 U.S.C.A. § 1401(9), that were "meaningful" and "reasonably calculated to enable the child to receive educational benefits," *Rowley*, 458 U.S. at 207; *Walczak*, 142 F.3d at 130.

A free appropriate public education "must include special education and related services tailored to meet the unique needs of a particular child, and be reasonably calculated to enable the child to receive educational benefits." *Frank G. v. Bd. of Educ.*, 459 F.3d 356, 363 (2d Cir. 2006), *cert. denied*, 552 U.S. 985 (2007); *A.E. ex rel. Mr. & Mrs. E. v. Westport Bd. of Educ.*, 251 Fed.Appx. 685, 687 (2d Cir. 2007).

An IEP must be reasonably calculated to enable the child to receive educational benefits; it must be likely to produce progress, not regression. *D.F. ex rel. N.F. v. Ramapo Cent. Sch. Dist.*, 430 F.3d 595, 598 (2d Cir. 2005); *Weixel v. Bd. of Educ.*, 287 F.3d 138, 151 (2d Cir. 2002). Consistent with the *Rowley* test, the Second Circuit has expressly rejected the concept that mere trivial advancements will suffice to satisfy the "benefit" test because a "meaningful" benefit is what is required. *Walczak,* 142 F.3d at 130; *Mrs. B.,* 103 F.3d at 1120; *see also Polk v. Cent. Susquehanna Intermediate Unit 16,* 853 F.2d 171, 183 (3d Cir. 1988); *Hall v. Vance County Bd. of Educ.,* 774 F.2d 629, 636 (4th Cir. 1985).

An appropriate IEP must also procedurally satisfy the requirements of the IDEA. *Cerra.*, 427 F.3d at 192 (quoting *Rowley*, 458 U.S. at 207); *M.S.*, 231 F.3d at 102. The IDEA does not simply require substantial compliance on the part of the District; it requires compliance. *D.D. ex rel. V.D. v. N.Y. City Bd. of Educ.*, 465 F.3d 503, 512 (2d Cir. 2006), *amended by* 480 F.3d 138 (2007).

Among other mandatory statutory requirements, the IEP must contain "appropriate objective criteria and evaluation procedures and schedules for determining, on at least an annual basis, whether instructional objectives are being achieved." *Rowley,* 458 U.S. at 182. In order to prevail under prong one, the district must present "objective evidence" that the child is likely to make progress under the proposed plan. *Cabouli v. Chappaqua Cent. Sch. Dist.*, 202 Fed.Appx. 519, 521 (2nd Cir. 2006); *Walczak*, 142 F.3d at 130.

Both the IHO and the SRO addressed limited issues in this case. The IHO addressed the following: Goals, the statement of academic and functional performance, and the appropriateness of the 6:1:1 classroom ratio. IHO Decision pp. 7-8. The SRO addressed the appropriateness of the goals and the classroom ratio. SRO Decision pp. 13-14.

Parents made numerous allegations with regard to the appropriateness of the IEP. Pl. Ex. A, pp. 3-5. The DPC also pled numerous deficiencies in the proposed classroom placement at PS 373. Pl Ex. A, pp. 4-5.

While some of these allegations related to the goals and the program, there were other allegations, that were never addressed. Specifically, neither the IHO nor SRO addressed predetermination, the failure to include a paraprofessional, inability of PS 373 to implement the IEP. Neither the SRO nor the IHO addressed the allegation, "The recommendation is contrary to the opinions of the professionals who have direct knowledge of the student's needs." "The

evaluations and data utilized by the CSE did not support the proposed recommendation." or "The program recommended does not offer adequate or appropriate instruction, supports, supervision or services to meet the student's unique needs in order to make educational progress. …"

In the 2012-2013 hearing and the 2015-2016 hearing, both the IHOs failed to find that the goals or the classroom ratio were inappropriate, yet both of those IHOs found the IEPs inappropriate; neither of those decisions were appealed. LDW Decl. ¶¶ 6, 8. Although the goals and classroom ratio are important aspects of a FAPE, there is much more. In 2012-2013, IHO Lassinger found that the PS 3 Annex could not implement the IEP because John's related services there would not have been provided in conformity with the IEP and would have denied him a FAPE. LDW Decl. Ex. C. In 2015-2016, IHO Peyser found that both the IEP and PS 373 placement were not appropriate for failure to provide ABA. LDW Decl. Ex. E. Thus two IHOs in unappealed decisions, have found this child's program inappropriate without finding either the goals or 6:1:1 classroom ratio inappropriate. Thus, the IHO and SRO failed to address fundamental issues with regard to the appropriateness of the IEP.

Because IHO Noe prevented the parent from presenting evidence at the hearing, plaintiffs have attached affidavits from two witnesses who know the child well. Dr. Nicole Robinson is the psychologist who prepared the December 2012 / January 2013 Neuropsychological Evaluation of John S. and the October 23, 2013 Neuropsychological Update of John S. (See Pl. Ex. E and Ex. F.) Robinson Decl. Denise Lorelli is a Board Certified Behavior Analyst (BCBA) and oversees the Applied behavior Analysis (ABA) therapy that is conducted with John S. at Seton and works with John on ABA 1:1. Lorelli Decl. Both Dr. Robinson and Ms. Lorelli stated that John needs ABA to learn. Robinson Decl.; Lorelli Decl. Dr. Robinson also stated that John needs an extremely quiet environment to learn and cannot learn in a noisy environment. Robinson Decl.

Testimony by witnesses, such as Dr. Robinson and Ms. Lorelli would have proven in an impartial hearing that the IEP and/or PS 373 placement were not appropriate. The affidavits demonstrated, "The recommendation [was] contrary to the opinions of the professionals who have direct knowledge of the student's needs." Pl. Ex. A, p. 5. Neither the IHO nor the SRO addressed parents' claim that the IEP was contrary to the opinions of the professionals who have direct knowledge of the student's needs.

Parents "must be afforded an opportunity to participate in meetings with respect to [the] educational placement of the child [and] the provision of FAPE to the child." 34 C.F.R. § 300.501(b). Predetermination of the program by a CSE of a child's IEP is a procedural violation of the IDEA if it deprives the parent of meaningful participation in the IEP process. *J.G. v. Kiryas Joel Union Free Sch. Dist.*, 777 F. Supp. 2d 606, 648 (S.D.N.Y. 2011); *D.D-S. v. Southold Union Free Sch. Dist.,* 2011 U.S. Dist. LEXIS 100809, 29 (E.D.N.Y. Sept. 2, 2011); *Nack ex rel. Nack v. Orange City Sch. Dist.*, 454 F.3d 604 (6th Cir. 2006). "Participation must be more than a mere form; it must be meaningful." *Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840 (6th Cir. Tenn. 2004), quoted with approval in *M.M. v. N.Y. City Dep't of Educ.*, 583 F. Supp. 2d 498, 506 (S.D.N.Y. 2008). Where there was no way that anything parents said, or any data the parents produced, could have changed the School System's determination of appropriate services, their participation was no more than after the fact involvement. *Deal*, 392 F.3d at 858

The child was offered the same 6:1:1 program four years in a row. The child was offered the same school, PS 373, three years in a row. The IEP and placement were predetermined, which constituted a denial of FAPE. Neither the IHO nor the SRO addressed parents' claim of predetermination. The DPC also made numerous allegations that PS 373 could not implement the

IEP. Pl Ex. A, pp. 4-5. The CSE failed to present any evidence that PS 373 could implement the IEP and neither the IHO nor the SRO addressed these claims.

### C. IHO Noe Acted Unprofessionally

The IDEA guarantees the right to an "impartial due process hearing." 20 U.S.C. § 1415(f). A *sine qua non* of an impartial due process hearing is that the hearing officer in fact be impartial.[7] The New York State Bar Model Code Of Judicial Conduct For Administrative Judges ("NY Model Code") provides, "A state administrative law judge shall conduct all of his or her extra-judicial activities so that they: (1) do not cast reasonable doubt on the state administrative law judge's capacity to act impartially as a state administrative law judge." Canon 4(A)(1). Here IHO Noe's extrajudicial conduct cast reasonable doubt on her capacity to act impartially because she wrote a book and created a companion video with a DOE employee, who appeared before her.

The Model Code provides, "A State Administrative Law Judge Shall Avoid Impropriety And The Appearance Of Impropriety In All Activities." Canon 2. Here IHO Noe's conduct cast created the appearance of impropriety because she wrote a book and created a companion video with a DOE representative, Dr. Meagher, who appeared before her. The Model Code provides, "A state administrative law judge shall not engage in financial and business dealings that: (a) may reasonably be perceived to reflect adversely on the state administrative law judge's impartiality or exploit his or her judicial position;" Canon 4(D)(1)(a). Here, IHO Noe had a financial and business dealings that: may reasonably be perceived to reflect adversely on her

---

[7] To that end the New York State Education Department requires that IHOs not have a "personal or professional interest which would conflict with his or her objectivity in a special education due process impartial hearing." Application for New York State Education Department Certification as a Special Education Impartial Hearing Officer, available online http://www.p12.nysed.gov/specialed/dueprocess/IHOannounce.htm (link checked June 2, 2014).

impartiality because she wrote a book and presumably received royalties from its sale with a DOE representative, Dr. Meagher, who appeared before her.

The Model Code provides, " A state administrative law judge shall not engage in financial and business dealings that: (c) involve the state administrative law judge in frequent transactions or continuing business relationships with those lawyers or other persons likely to come before the agency in which the judge serves." Canon 4(D)(1)(c). Here, IHO Noe had a financial and business dealings that involved her in a continuing business relationship with a person likely to come before the agency in which she serves because she wrote a book and presumably received royalties from its sale with a DOE representative, Dr. Meagher, who appeared represented the DOE before her. Here the IHO engaged in misconduct by writing the book with an employee of the DOE who regularly appeared before her. She then compounded that misconduct by failing to disclose that said conflict existed in a hearing where he was involved.

The Model Code provides, "A State Administrative Law Judge Shall Avoid Impropriety and the Appearance of Impropriety in All Activities." Cannon 2. IHO Noe compounded the error of failing to disclose her conflict by failing to recuse from the case when her relationship with Dr. Meagher was disclosed. IHO Ex. VI. Having failed to disclose her relationship with Dr. Meagher and having been asked to recuse because of that relationship she created the "appearance of impropriety." An "appearance of impropriety" exists whether or not Dr. Meagher worked on this case. There is certainly enough evidence to demonstrate there was appearance of his involvement. See Tr. 30, 46-49. Pl. Ex. W, Ex. X, Ex. BB, Ex. CC, Ex. DD. Thus, even if there was no actual conflict, an "appearance of impropriety" existed.

The "appearance of impropriety" is compounded by the DOE affidavits. IHO Noe issued the order for affidavits on March 24, 2014. Pl. Ex. O. The DOE affidavits are dated March 12, 2014 and March 14, 2014. Def. Ex. 8 and Ex. 9. Thus, the DOE prepared and executed affidavits before parties were informed about the need for affidavits.

The IDEA provides that parents have "the right to a written, or, at the option of the parents, electronic verbatim record of such hearing." 20 U.S.C. § 1415(h)(3). At the April 11, 2014 hearing parents requested to make an independent recording of the impartial hearing. Tr. 14. This request was denied. Tr. 15. IHO Noe and counsel for parents engaged in a long colloquy about recording impartial hearing and at various times ordered parent's counsel to turn off his recording device. Tr. 14-20. IHO Noe eventually left the room while the hearing was still on the record. Tr. 20. When IHO Noe returned she stated that she would dismiss the matter with prejudice because of the failure to abide by her order to turn off the recording. Tr. 21. This was improper.

The IDEA provides that parents have "the right to present evidence and confront, cross-examine, and compel the attendance of witnesses." 20 USCS § 1415(h)(2). IHO Noe ordered parties to present testimony by affidavit. Pl. Ex. O; see Tr. 39; see also IHO Ex. VI, pp. 3-5. The order, while bathed in regulation (8 NYCRR § 200.5(j)(3)(xii)(f)), was illegal.

Although an IHO may take testimony by affidavit, IHO Noe exceeded her discretion by ordering parties to present testimony by affidavit. 8 NYCRR § 200.5(j)(3)(xii)(f). The regulation states, "The impartial hearing officer may take direct testimony by affidavit in lieu of in-hearing testimony, provided that the witness giving such testimony shall be made available for cross examination." *Id.* The regulations note some powers that the IHO has and other authorities that an IHO may hold. 8 NYCRR § 200.5(j)(3). For example, the regulation "The impartial hearing

officer may limit examination of a witness by either party whose testimony the impartial hearing officer determines to be irrelevant, immaterial or unduly repetitious." gives an IHO the power to limit examination when she deems the evidence irrelevant. Thus, the power lies inherently with the IHO upon her determination that the testimony is "irrelevant, immaterial or unduly repetitious." 8 NYCRR § 200.5(j)(3)(xii)(d). Whereas the authority with regard to affidavits is merely the authority to "take affidavits." 8 NYCRR § 200.5(j)(3)(xii)(f). Thus, the regulations only give an IHO the authority to take affidavits into evidence. There is no authority to order parties to submit affidavits as evidence.

The regulations provide that parties **shall** have the opportunity to present evidence. 8 NYCRR § 200.5(j)(3)(xii). Therefore, the parents' **right** to present evidence trumps the IHO's **ability** to take affidavits and an IHO cannot compel a party to present evidence by affidavit. The regulations also note that the student's right to due process cannot be limited by the regulations: Nothing in this section shall abrogate the right of an individual student with a disability to due process under Education Law section 4404. 8 NYCRR § 200.5(l)(3). Thus, the IHO exceeded her authority ordering parties to present affidavits.

IHO Noe ordered parents to submit affidavits in the 2013-2014 hearing and the 2014-2015 hearing Although IHO Noe purported to permit testimony of witnesses by application. That was clearly untrue since she denied the application to allow the two witnesses to testify in the 2014-2015 hearing. LDW Decl. Ex. F ¶ 75.

Additionally, one of the allegations against IHO Noe in the nine-attorney SED complaint directly addresses her use of affidavits.

Ms. Noe has implemented an affidavit scheme in which she requires parties to present all direct witness testimony by affidavit. Aside from violating parties' rights to present and confront witnesses under 8 N.Y.C.R.R. § 200.5G)(3)(xii) by

unilaterally imposing this scheme, Ms. Noe is unable to fairly administer the scheme. LDW Decl. Ex. H, p. 5.

One federal court has addressed IHO Noe's use of affidavits. *J.C. v. N.Y. City Dep't of Educ.*, 2015 U.S. Dist. LEXIS 168219 (S.D.N.Y. Dec. 16, 2015). In *J.C.* the parent submitted affidavits, which IHO Noe refused to enter into evidence. Although the SRO found that IHO Noe improperly excluded affidavits, the SRO upheld IHO Noe's decision because the affidavits did not prejudice the parent. The court reversed the decisions and remanded for a new hearing where the affidavits would be considered. *Id.*

The IHO forced parents to seek new counsel. The IDEA guarantees a parent "the right to be accompanied and advised by counsel." 20 U.S.C. § 1415(h)(1). On March 24, 2014, IHO Noe sent a prehearing order scheduling the hearing for April 11, 2014. Pl. Ex. O. That day, parents' counsel, requested an adjournment on two bases. First, parents' counsel was scheduled to have surgery on March 28, 2014 and would not be ambulatory for three weeks (i.e. from March 28, 2014 through April 18, 2014). Pl. Ex. R. Second, counsel wanted additional time to prepare the affidavits. Pl. Ex. R. The order for affidavits was submitted March 24, 2014, and ordered affidavits disclosed April 4, 2014, seven days before the April 11, 2014 hearing. Ex. O. This gave parents' counsel only 11 days to prepare all affidavits, while she would undergo surgery. IHO Noe failed to grant the adjournment. Pl. Ex. R.

Ms. Gavronsky represented the parents during the 2012-2013 school year and through this hearing up to the order for the April 11, 2014 hearing. See LDW Decl. Ex. C, IHO Ex. III, Pl. Ex. Q, Ex. X, Ex. BB; Tr. 1. It was unreasonable for IHO Noe to deny the adjournment, which would have moved the hearing only one week, to April 18, 2014, when Ms Gavornsky would be ambulatory. This was unreasonable.

IHO Noe engaged in improper conduct in this hearing. She failed to identify a conflict, failed to recuse despite the appearance of impropriety, forced parents to obtain new counsel, forced parties to use affidavits, and adjourned the hearing and issued a decision preventing the parent from presenting witnesses.

**D. This Case Should Be Remanded to a New IHO for an Impartial Hearing**

This case should be remanded to a new IHO for an impartial hearing. When neither the IHO nor the SRO addresses an issue whether the educational program was appropriate, the court has two choices. If the court feels that the record is sufficient to make a determination, then the court can determine the issue for itself. *See, e.g.*, *B.R. v. N.Y. City Dep't of Educ.*, 2012 U.S. Dist. LEXIS 182305 (S.D.N.Y. Dec. 26, 2012). However, if the court feels that the record is not sufficient and an educational analysis below is necessary to make the determination, the court can remand to the IHO or the SRO for such analysis. *See, e.g.*, *D.N. v. Walcott*, 2012 U.S. Dist. LEXIS 177522 (S.D.N.Y. Dec. 7, 2012) (remanding to the SRO); *J.F. v. N.Y. City Dep't of Educ.*, 2012 U.S. Dist. LEXIS 170637 (S.D.N.Y. Nov. 27, 2012) (remanding to the IHO). "These claims involve important questions of state educational policy and require educational expertise to resolve." *J.M. v. N.Y.C. Dep't of Educ.*, 2013 U.S. Dist. LEXIS 159533 (S.D.N.Y. Nov. 7, 2013) (remanding to the IHO).

In this case, there were fundamental issues of due process and fairness. No record was developed. No testimony was taken. This necessitates a new impartial hearing with a new impartial hearing officer to develop a record, make findings of fact, and determine whether John was provided with a FAPE, whether the Seton Foundation for Learning was appropriate for the child during the 2013-2014 school year, and whether equities favored reimbursement.

## **CONCLUSION**

Therefore, plaintiffs should be granted summary judgment, the State Review Officer's decision should be reversed and the case should be remanded to a new impartial hearing officer to conduct a new impartial hearing to address whether John was provided with a free appropriate public education, whether the Seton Foundation for Learning was appropriate for the child during the 2013-2014 school year, and whether equities favored reimbursement.

Respectfully submitted,

_____/s_____
LAWRENCE D. WEINBERG (LW7841)
Attorney for Plaintiffs

lawrenceweinberg@gmail.com

Date: May 27, 2016