# EXHIBIT "B"



**THE STATE EDUCATION DEPARTMENT** / THE UNIVERSITY OF THE STATE OF NEW YORK / ALBANY, NY 12234

OFFICE OF SPECIAL EDUCATION
COORDINATOR SPECIAL EDUCATION POLICY AND PROFESSIONAL DEVELOPMENT
Room 309 EB, 89 Washington Avenue • Albany, NY 12234
www.p12.nysed.gov/specialed/

Telephone (518) 473-4818
Fax: (518) 473-5387

October 16, 2015

Lawrence D. Weinberg, Esq.
c/o Susan Luger Associates, Inc.
144 West 72nd Street
Suite 201
New York, NY 10023

Re: IHO complaint #322
Mary Noe, Esq.
Cases # 146079 and # 151557

Dear Mr. Weinberg:

This letter is to inform you of the disposition of the complaint filed by you on behalf of John and Rosalie Schwall against Impartial Hearing Officer (IHO) Mary Noe alleging misconduct or incompetence in the above-referenced cases. An independent review of the IHO's conduct in the hearings with respect to the allegations was conducted and a copy of the report of the investigation is enclosed.

The New York State Education Department (NYSED) found the following:

Allegation: IHO Noe did not conduct hearings in accordance with standard legal practice to develop a complete record by ordering the parties to submit testimony by affidavit thereby preventing the parties from cross-examining witnesses, and by preventing the parent from calling additional witnesses and evidence.

This allegation is not founded.

Allegation: IHO Noe did not comply with 8 NYCRR §200.1(x)(3) when she failed to disclose a personal or professional interest which would conflict with her objectivity in the hearing and failed to recuse when asked by parents after the potential conflict came to light.

This allegation is not founded.

Allegation: IHO Noe did not comply with 8 NYCRR §200(5)(j)(5)(v) that requires that the decision of the IHO must reference the hearing record to support the findings of fact when she made numerous conclusory statements in her decision without citing to the record.

This allegation is not founded.

Allegation: IHO Noe did not comply with 8 NYCRR §200(5)(j)(5)(iv) that requires that the IHO must respond to each request for an extension and the facts relied upon for each extension granted and include a decision regarding extension requests that was provided to the parties as part of the record.

This allegation is not founded.

Allegation: IHO Noe did not comply with §200(5)(j)(5)(1)(ii) relating to subject matter of the complaint when she failed to address issues in her decision that were mentioned in the impartial hearing request.

This allegation is not founded.

Allegation: IHO Noe did not comply with §200(5)(j)(3)(v) to maintain and provide at the option of the parents, an electronic verbatim record of the proceedings before the IHO findings of fact and the decision when she failed to allow the parents to record the impartial hearing.

This allegation is not founded.

Allegation: IHO Noe did not comply with §200(5)(j)(3)(vii) to allow the parent to be accompanied and advised by legal counsel when she forced parents to seek new counsel.

This allegation is not founded.

Allegation: IHO Noe did not comply with §200(5)(j)(5)(v) which requires decisions be based solely upon the record of the proceeding before the IHO when she ruled in the Department of Education's (DOE) favor despite DOE presenting no testimonial evidence that the IEP was appropriate.

This allegation is not founded.

Allegation: IHO Noe did not comply with §200(5)(j)(5)(vi) that requires the record to include all written orders or decisions issued in the case when she failed to put the pendency order into evidence.

This allegation is founded. NYSED finds that consistent with the requirements of 8 NYCRR §200.5(j)(5)(vi) that requires the record to include all written orders or decisions issued in the case, IHO Noe erred when she did not include the pendency order in the hearing record of case # 146079. However, NYSED does not find that this error rises to the level of misconduct or incompetence on the part of IHO Noe.

Questions related to the IHO complaint investigation procedure may be directed to the Office of Special Education's Due Process Unit at (518) 473-0170.

Sincerely,

Patricia J. Geary

Patricia J. Geary

Enclosure

c: Cathryn Tisenchek
Gail ImObersteg, Esq.
Mary Noe, Esq.

# REPORT OF THE IMPARTIAL HEARING OFFICER COMPLAINT INVESTIGATOR FOR THE NEW YORK STATE EDUCATION DEPARTMENT

| Investigation of Complaint filed by Complainant[1] | Complaint Number: 322 |
|---|---|
| In The Matter of Impartial Hearing Officer | Date Issued: September 11, 2015<br>Investigator: Gail ImObersteg |

## PROCEDURAL BACKGROUND

The New York State Education Department (NYSED) received a Complaint on February 26, 2015 pursuant to the Laws of New York, Education Law §4404, and Regulations of the Commissioner of Education, 8 NYCRR §200.21(b)(1), alleging the misconduct or challenging the competence of the above referenced Impartial Hearing Officer (IHO) with regard to two Due Process Complaints filed in 2013 and 2014 to which the IHO was appointed. The Complaint was submitted by an attorney on behalf of the Parents.

The NYSED assigned this Investigator on June 17, 2015 to conduct an independent review of the IHO's conduct in the hearings with respect to the allegations. On May 11, 2015, the NYSED provided a written summary of the Complaint to the IHO, and a notification of the acceptance of the Complaint to the Complainant. The NYSED notification to both the IHO and the Complainant included a determination of the allegations under the jurisdiction of the NYSED to be investigated and the opportunity for the Complainant to submit additional documentation and the IHO to respond in writing and provide documentation.

The lack of clarity of the Complaint resulted in a complex procedural history that included the amendment of the issues accepted for investigation due to a jurisdictional matter, the acceptance of previously rejected issues upon notification of a withdrawal of an apparent pending appeal before the State Review Officer (SRO), and a clarification of the issues accepted for investigation due to the IHO's expressed concern regarding a lack of clarity. Extended periods were provided to the IHO to respond to the modification of the issues by NYSED.

[1] Personally identifiable information is attached as Appendix A to this Report to facilitate public distribution, if desired.

The final notice of the issues accepted for investigation was issued on July 23, 2015. The IHO submitted timely responses to the Complaint. The Complainant did not submit supplemental documentation.

## INVESTIGATIVE PROCEDURE

The record provided by the NYSED and all documents and arguments submitted by the Complainant and the IHO relating to the accepted allegations were reviewed and considered. The Investigator also requested and received the hearing decisions and the NYSED Impartial Hearing Recording System (IHRS) data base for the cases at issue.

The investigation also included the review of the Notice of Petition and Memorandum of Law appealing the decision in Case number 147069 and SRO decision 14-090 to ascertain with specificity the appeal issue(s) regarding the IHO's conduct decided by the SRO. The verbatim written transcripts of the hearing for the two cited hearing cases were also provided during the investigation. (A portion of the transcript in Case number 147069 was for a hearing day conducted by a predecessor IHO.)

In reaching a conclusion, in addition to the applicable Federal and State laws and regulations, the Investigator reviewed various memoranda and guidelines issued to the IHOs in New York; SRO Decisions and other applicable standards for IHOs in New York. Citations to these authorities are included in the Conclusions of Law, if relied upon in this Report.

## SCOPE OF THE IHO COMPLAINT PROCESS

The two cited cases in this Complaint were appealed to the SRO. The appeal in Case number 151557, SRO 14-0145, was settled between the parties and withdrawn. (Finding of Fact (FOF) #3) All eight of the allegations in this Complaint in Case number 140679 were decided by the SRO in SRO 14-090. In SRO 14-090, the SRO determined the evidence in the hearing record did not support the Parents' contentions that either the IHO's conduct or the conduct of the IHO infringed upon or denied the Parents' right to due process or otherwise hindered their ability to present evidence at the impartial hearing. (FOF #4)

It is particularly troubling that the attorney, on behalf of the Parents, filed the precise allegations regarding the IHO's conduct that were decided by the SRO in Case number 140679. The New York IHO Complaint process is neither an alternative to review the merits of an IHO's decision nor an alternative available to parties dissatisfied with the outcome of the State Review process. Rather, the written decision of the IHO is binding upon both parties unless appealed to the SRO and the SRO decision is a final administrative determination, except that either party may seek judicial review by means of a proceeding pursuant to article 4 of the Civil Practice Law and Rules or 20 U.S.C. §1415. (8 NYCRR §§200.5(j)(5) and 200.5(k)(3), Argument in IHO Response). As such, the SRO's findings of fact and determination on the issues raised in this investigation are cited throughout this Report and adopted as binding.

## COMPLAINT ISSUES

**Allegations Accepted for Investigation by NYSED:**

**Allegation #1:** In Case numbers 146079 and 151557, the IHO did not conduct hearings in accordance with appropriate standard legal practice to develop a complete record when the IHO ordered the parties to submit testimony by affidavit and, in Case number 146079, the parties were, thereby, prevented from cross-examining witnesses, and from calling additional witnesses and evidence.

**Allegation #2:** In Case numbers 146079 and 151557, the IHO did not comply with 8 NYCRR §200.1(x)(3) when the IHO failed to disclose a personal or professional interest that would conflict with the IHO's objectivity in the hearing and failed to recuse when asked by the Parents after the potential conflict came to light.

**Allegation #3:** In Case number 146079, the IHO did not comply with 8 NYCRR §200.5(j)(5)(v) that requires the decision of the IHO must reference the hearing record to support the findings of fact when conclusory statements were made in the decision without citing to the record.

**Allegation #4:** In Case number 146079, the IHO did not comply with 8 NYCRR §200.5(j)(5)(iv) that requires that the IHO must respond to each request for an extension and the facts relied upon for each extension granted and include a decision regarding extension requests that was provided to the parties as part of the record.

**Allegation #5:** In Case number 146079, the IHO did not comply with 8 NYCRR §200.5(j)(5)(vi) that requires the record to include all written orders or decisions issued in the Case when the IHO failed to put the pendency order into evidence.

**Allegation #6:** In Case number 146079, the IHO did not comply with 8 NYCRR §200.5(j)(1)(ii) relating to subject matter of the complaint when the IHO failed to address issues in the decision that were mentioned in the impartial hearing request.

**Allegation #7:** In Case number 146079, the IHO did not comply with 8 NYCRR §200.5(j)(3)(v) to maintain and provide, at the option of the Parents, an electronic verbatim record of the proceedings when the IHO failed to allow Parents to record the impartial hearing.

**Allegation #8:** In Case number 146079, the IHO did not comply with 8 NYCRR §200.5(j)(3)(vii) to allow the Parents to be accompanied and advised by legal counsel when the IHO forced parents to seek new counsel.

**Complaint Issues**

Upon the review of the allegations in the Complaint and the NYSED acceptance letter, the issues accepted for investigation by the NYSED are restated as follows:

I. **Whether the IHO conducted the hearings in Case numbers 146079 and 151557 in accordance with appropriate standard legal practice (34 C.F.R. §300.511(c)(1)(3); 8 NYCRR §200.1(x)(4)(v)), specifically did the IHO:**
   a. **Direct witness testimony by affidavit in a manner inconsistent with 8 NYCRR §200.5(j)(3)(xii), and, thereby, deny the Parents the opportunity to present evidence and fail to develop a complete record, and, in Case number 146079, whether the parties were, thereby, prevented from cross-examining witnesses;**

   b. **Comply with 8 NYCRR §200.1(x)(3) with regard to the disclosure of a personal or professional interest that would conflict with the IHO's objectivity in the hearing and recuse when asked by the Parents after the alleged potential conflict came to light? (Allegations #1 and 2)**

II. **Whether the IHO demonstrated the ability to conduct hearings in Case number 146079 in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3); 8 NYCRR §200.1(x)(4)(v)), specifically did the IHO:**
   a. **Comply with 8 NYCRR §200.5(j)(5)(v) that requires the decision of the IHO to reference the hearing record to support the findings of fact with regard to alleged conclusory statements made in the decision without citing to the record and with 8 NYCRR §200.5(j)(1)(ii) relating to subject matter of the complaint when the IHO allegedly failed to address issues in the decision that were mentioned in the Due Process Complaint; (Allegations #3 and 6)**
   b. **Comply with 8 NYCRR §200.5(j)(5)(iv) with regard to the IHO's documentation of extensions and the facts relied upon for each extension granted and including the decision regarding extension requests as part of the record; (Allegation #4)**
   c. **Comply with 8 NYCRR §200.5(j)(5)(vi)(c) that requires the record to include all written orders or decisions issued in the case with regard to the inclusion of the pendency order; (Allegation #5)**
   d. **Comply with 8 NYCRR §200.5(j)(3)(v) and 34 C.F.R. §300.512(a)(4) to maintain and provide, at the option of the Parents, an electronic verbatim record of the proceedings when the Parents were allegedly not allowed to record the impartial hearing; (Allegation # 7)**
   e. **Comply with 8 NYCRR §200.5(j)(3)(vii) and 34 C.F.R. §300.512(a)(1) to allow the Parents to be accompanied and advised by legal counsel when the IHO allegedly forced the Parents to seek new counsel? (Allegation #8)**

## FINDINGS OF FACT

### General Finding of Fact

1. The IHO is an attorney licensed in the State of New York. (New York State Attorney Directory)

2. Case number 146079 was filed August 26, 2013. The IHO was the second IHO appointed to the Case and conducted the hearing on April 11, 2014 and April 29, 2014. The final decision was dated May 14, 2014. Case number 151557 was filed July 8, 2014 and the hearing was conducted on August 8, 2014. The decision in Case number 151557 was dated August 18, 2014.[2] (Hearing Decisions)

3. Both of the cited hearing cases in this Complaint, 151557 and 146079, involved the same student and parties. The hearing decisions in both cases were appealed to the SRO. The appeal in Case number 151557 was settled and withdrawn; however, an appeal decision was rendered in Case number 146079. (SRO 14-090, NYSED data, Complaint, Office of State Review-Status of SRO-14-0145, Complaint)

4. In SRO 14-090, the appeal of Case number 146079, the SRO determined: "Therefore, based upon the foregoing, the evidence in the hearing record does not support the parents' contentions that either the IHO's conduct or the conduct of the IHO infringed upon or denied the parents' right to due process or otherwise hindered their ability to present evidence at the impartial hearing." (SRO 14-090, pg. 13)

**Direct witness testimony by affidavit in case numbers 146079 and 151557**

5. In Case numbers 146079 and 151557, the IHO ordered the submission of direct testimony of the parties' witnesses by affidavit. (SRO 14-090, IHO August 20, 2015 response, Hearing Decisions, Transcript of hearing on August 8, 2014)

6. In Case number 146079, the appeal petition to the SRO included the precise allegation raised in this Complaint regarding the IHO's order to the parties to submit testimony by affidavit and the resultant denial of the Parents' opportunity to cross-examine the witnesses with regard to two affidavits in evidence and present evidence. In both the Complaint and the appeal to the SRO in Case number 146079, the Complainant argued that while 8 NYCRR §200.5(j)(3)(xii)(d) provides that an IHO may take testimony by affidavit, the IHO exceeded this authority by ordering the parties to present testimony by affidavit. (Complaint; SRO 14-090 Petition, #53-56)

7. The Complaint in Case number 151557 included the identical allegation in Case number 146079 regarding the IHO's order to the parties to submit testimony by affidavit and the resultant denial of the Parents' opportunity to present evidence. The Complainant also made the same legal argument that the IHO exceeded the cited authority by ordering the parties to present testimony by affidavit. (SRO Petition, #53-56, Complaint #43 – 46 and #72 - 77)

8. In SRO 14-090 in the appeal of Case number 146079, the SRO decided:
   "Next, the parents allege that the IHO's prehearing order—which required the parties to present direct testimony by affidavit—although "bathed in regulation," was "illegal" and denied the parents the opportunity to present evidence. In response, the

[2] Title 8 of the Regulations of the Commissioner of Education was revised effective February 1, 2014 and was in effect at the time of the alleged conduct cited in this Report.

district contends that the IHO was permitted to require testimony by affidavit in lieu of direct testimony. As correctly noted in the IHO's March 24, 2014 prehearing order, State regulation allows an IHO to "take direct testimony by affidavit in lieu of in-hearing testimony, provided that the witness giving such testimony shall be made available for cross-examination" (8 NYCRR 200.5[j][3][xii][f]; IHO Ex. I at p. 1). In this Case, the IHO's prehearing order also allowed for the presentation of "[a]dditional direct examination that [was] not repetitive or irrelevant," and for both parties to submit a list of all witnesses to the IHO who needed to verbally testify at the impartial hearing, along with a summary of the expected testimony, and the necessity to present the testimony verbally (IHO Ex. I at p. 1). . . Contrary to the parents' argument, a review of the hearing record does not support a conclusion that the IHO's prehearing order directing the use of affidavits for direct testimony violated either the IDEA or State regulation, or otherwise compromised the parents' ability to communicate with their attorney or meaningfully participate in the impartial hearing. Moreover, based on the above, the evidence establishes that the IHO's prehearing order requiring the presentation of direct testimony by affidavit was within the sound discretion of the IHO, and did not violate the parents' due process rights. . . Consequently, the parents' assertions must be dismissed." (SRO 14-090 pp. 12-13)

9. In SRO 14-090 in the appeal of Case number 146079, the SRO further decided with regard to cross-examination:

"Next, the parents assert that the IHO accepted the district witnesses' direct testimony by affidavits without providing the parents with an opportunity to cross-examine those witnesses. A review of the evidence in the hearing record establishes, however, that although the district sought to enter two affidavits into evidence, the IHO found that the district's submission of the affidavits on April 29, 2014 failed to comply with the prehearing order; therefore, the IHO marked the district's affidavits for identification only and specifically stated that ___[3] was not "going to allow them into evidence" (Tr. pp. 52-59). The exhibit list included with the transcript of the April 29, 2014 impartial hearing also reflects that the IHO marked the district's two affidavits for identification only and that they were not entered into evidence (see Tr. pp. 23-26). However, the IHO mistakenly identified the district's two affidavits on the "documentation entered into the record" section of the IHO's decision (IHO Decision at pp. 10-11). Nevertheless, at no point in the IHO's decision did ___cite to the district's affidavits in support of any fact or conclusion (see IHO Decision at pp. 1-8). Thus, as a whole, the evidence in the hearing record establishes that, although the IHO erroneously included the district's affidavits in the list of "documentation entered into the record," ___ did not otherwise consider the district's affidavits nor did ___ enter them into evidence at the impartial hearing. Accordingly, because the district's affidavits were never entered into evidence, the parents were not deprived of the opportunity to cross-examine the affiants and the parents' contentions must be dismissed." (SRO 14-090 pp. 12-13)

[3] ____ throughout denotes redaction of personally identifiable information on the IHO.

**Absence of a personal or professional interest in case numbers 146079 and 151557**

10. In Case number 146079, the appeal petition to the SRO included the precise allegation raised in this Complaint regarding a conflict of interest with a named employee of the New York City Department of Education, specifically financial and business dealings, and a failure to recuse. (SRO Petition 14-090, #53-56, Complaint).

11. In Case number 151557, the Complainant alleged the persistence of the same conflict of interest of the IHO with the named employee of the New York City Department of Education and failure to recuse that were asserted in the appeal of Case number 146079 and included the appearance of impropriety due to the failure of the IHO to recuse in Case number 146079. (SRO Petition 14-090, #53-56, Complaint).

12. In SRO 14-090 in the appeal of Case number 146079, the SRO decided with regard to conflict of interest:

> "Initially, the parents assert that the IHO failed to disclose a "potential conflict" and failed to recuse ____ when the "potential conflict came to light." In response, the district asserts that no actual conflict existed that required the IHO's recusal. An IHO may not be an employee of the district that is involved in the education or care of the child; may not have any personal or professional interest that conflicts with the IHO's objectivity; must be knowledgeable of the provisions of the IDEA and State and federal regulations, and the legal interpretations of the IDEA and its implementing regulations; and must be possess the knowledge and ability to conduct hearings and render and write decisions in accordance with appropriate, standard legal practice (20 U.S.C. § 1415[f][3][A]; 34 CFR 300.511[c][1]; 8 NYCRR 200.1[x]). Here, the parents argue that the IHO's professional relationship with a district employee "cast doubt on [the IHO's] capacity to act impartially." However, the parents acknowledge that they have no information regarding the employee's "precise role" in this Case. Moreover, the parents fail to identify any evidence sufficient to demonstrate that the IHO's alleged professional relationship with the employee affected ___ ability to remain impartial. Rather, a review of the evidence in the hearing record establishes that although the IHO copied or included this employee on e-mails that the IHO sent to the parents, no evidence exists to either establish that an actual conflict existed or that the IHO's alleged professional relationship interfered with ____ ability to act impartially; therefore, the parents' contention must be dismissed (see Parent Exs. W; X at pp. 1-2; BB at pp. 1-2; CC)." (SRO 14-090, pg. 10)

**Conclusory statements and issues not decided in case number 146079**

13. The appeal petition to the SRO included the precise allegations raised in this Complaint alleging the IHO's decision made numerous conclusory statements without citing to the record and did not address the issues pled in the Due Process Complaint. (SRO Petition 14-090, #25 - 31, Complaint #16 – 21)

14. The examples of conclusory statements in the Complaint are general statements challenging the IHO's decision and denote the Complainant's substantive disagreement with the merits of the decision of the IHO that the student's 2013 -2014 IEP was appropriate. The Complaint did not identify any issues pled that were not addressed in the IHO decision. (SRO Petition 14-090, #53 - 56, Complaint, #16 – 21)

15. In SRO decision 14-090 in the appeal of Case number 146079, the SRO indicated that:

    "A party appealing from an IHO's decision must "clearly indicate the reasons for challenging the [IHO's] decision, identifying the findings, conclusions and orders to which exceptions are taken" and this includes clearly identifying which particular issues the appealing party believes the IHO erroneously failed to decide (see 8 NYCRR 279.4[a])." Citing the bases for the allegations that the IHO's included "numerous conclusory statements" without citations to the hearing record and issues not decided, the SRO determined the parent's petition included general statements challenging the IHO's decision and that it was not the SRO's role to ". . . research and construct the appealing party's arguments or guess what they may have intended. . . ." (SRO 14-090, pp. 6, 9)

16. In SRO 14-090, the SRO decided that: "[B]ased on the foregoing, the evidence in the hearing record supports the IHO's conclusion that the April 2013 IEP—including the 6:1+1 special class placement together with the recommended supports and related services—offered the student a FAPE for the 2013-14 school year." (SRO 14-090, pg. 15)

**Extensions in case number 146079**

17. The appeal petition to the SRO in Case number 146079 included the precise allegation raised in this Complaint regarding the IHO's response to each request for an extension and the facts relied upon for each extension granted and the decision regarding extension requests as part of the record. (SRO Petition 14-090, #46, Complaint #36)

18. In SRO 14-090 in the appeal of Case number 146079, the SRO decided:

    "Next, the parents allege that the IHO failed to "document extensions" as required by regulations. A review of the evidence in the hearing record, however, establishes that the IHO, in full compliance with State regulation, documented each extension request made by the parents that occurred after ___ was assigned to the Case on March 6, 2014, and ___ also detailed therein ____ reasons for denying those requests (see 8 NYCRR 200.5[j][5][i]; IHO Exs. I at pp. 1-2; II at pp. 1-3; IV; VI at pp. at 5-6). Accordingly, the evidence in the hearing record refutes the parents' contention." (SRO 14-090, pp. 10 - 11)

**Pendency order in the record in case number 146079**

19. A pendency order was entered by the predecessor IHO in Case number 146079 more than four months prior to the appointment of this instant IHO. The existence of the pendency order was raised on the last day of hearing, April 29, 2014, with this IHO and the IHO

inquired whether the order had been admitted into evidence. Upon a response that it had not been admitted into evidence, the IHO indicated that, if desired, a copy of the documents would be provided; however, the IHO did not enter it into evidence. While the IHO cited the SRO's dismissal of this same allegation in SRO 14-090, the IHO did not refute the failure to "annex the pendency order" in the response to this Complaint and, while the hearing decision noted the pendency order, it did not identify it as documentation entered into the record. (April 29, 2014 Transcript, pp. 30 - 31, lines 24 - 25, lines 1 – 17, IHO Response, Complaint, Decision, IHRS Notes)

20. The appeal petition to the SRO included the precise allegation raised in this Complaint regarding the IHO's inclusion of the pendency order in the record. Footnote 5 in the SRO decision recognized that the IHO who issued the pendency determination did not continue with the hearing and issue the decision (SRO Petition 14-090, #46, IHO Response, Complaint #36)

21. In SRO 14-090 in the appeal of Case number 146079, the SRO decided:

> "The parents also contend, without further elaboration, that the IHO failed to "put the pendency order into evidence." Although the hearing record reveals that the IHO did not enter the pendency decision into evidence at the impartial hearing, it was nonetheless provided to this office as part of the administrative record. As a reminder to both parties and to the IHO, State regulation provides that the "record shall include copies of," among other things, "all written orders, rulings or decisions issued in the Case" (see 8 NYCRR 200.5[j][5][vi][c]). Here, the parents do not allege any prejudice that resulted from this omission—nor is any prejudice discernible from the hearing record—especially since it is undisputed that the district continued to fund the student's pendency placement at Seton pursuant to the pendency decision (see Interim IHO Decision at p. 2). Therefore, the parents' contention must be dismissed." (SRO decision 14-090, pg. 11)

**Record the impartial hearing**

22. The appeal petition to the SRO included the precise allegation raised in this Complaint regarding the IHO's order to Parents' counsel on recording the hearing. (SRO Petition 14-090, #49, Complaint #39)

23. In SRO 14-090 in the appeal of Case number 146079, the SRO decided:

> "The parents also assert that the IHO erred in denying their request to independently record the impartial hearing. Initially, neither State nor federal law speaks to the issue of whether a party is entitled to record an impartial hearing on their own recording device. Regardless, as a general matter, the parties to an impartial hearing are obligated to comply with the reasonable directives of the IHO regarding the conduct of the impartial hearing (see Application of a Child with a Disability, Appeal No. 05-026; Application of a Child with a Disability, Appeal No. 04-103; Application of a Child with a Disability, Appeal No. 04-061). . . . In this Case number, at the April 11, 2014 impartial hearing, the parents requested to independently record the impartial hearing on their own recording

device; the IHO denied the parents' request, noting the presence of a company employed to record the impartial hearing (see Tr. pp. 14-15). The IHO thereafter directed the parents' to turn off their recording device, and affirmatively stated on the record that ___ would direct the recording company "never to turn off that tape recorder" so as to capture the entirety of the impartial hearing (Tr. pp. 15-19). As the IHO is charged with the responsibility of maintaining the order and integrity of the impartial hearing process, and the IHO's directive to the parents to turn off their recording device was reasonable, the parents were obligated to comply with this reasonable directive (see Application of a Student with a Disability, Appeal No. 12-076)." (SRO 14-090, pg. 12)

**Accompanied and advised by legal counsel**

24. The appeal petition to the SRO included the precise allegation raised in this Complaint regarding the IHO's ruling denying an adjournment that caused a change in Parents' counsel. (SRO Petition 14-090, #46, Complaint #36)

25. In SRO 14-090 in the appeal of Case number 146079, the SRO decided:

"Finally, the parents argue that the IHO "forced" them to seek new counsel when ___ denied their request for an adjournment. However, a review of the evidence in the hearing record demonstrates that the IHO permissibly denied the parents' requests for extensions in accordance with State regulations, which provide that, absent a compelling reason or a specific showing of substantial hardship, "a request for an extension shall not be granted because of school vacations, a lack of availability resulting from the parties' and/or representatives' scheduling conflicts" (8 NYCRR 200.5[j][5][iii]). The evidence in the hearing record demonstrates that the parents requested three extensions, each based upon witness availability and the unavailability of the parents' attorney—although the parties had previously agreed to the first impartial hearing date scheduled for April 11, 2014 (see IHO Decision at p. 2-3; Parent Exs. Q at p. 1-2; X at p. 1; IHO Exs. II at pp. 1-3; IV). Accordingly, based upon the plain language of State regulations, it was well within the IHO's discretion to deny the parents' requests for an extension under these circumstances."

**CONCLUSION OF LAW**

In accordance with 34 C.F.R. §300.511(c) and 8 NYCRR §200.1(x)(4)(iv), an IHO must be impartial and possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice. This Complaint challenges various conduct of the IHO as described below.

**Issue I: Whether the IHO conducted the hearings in Case numbers 146079 and 151557 in accordance with appropriate standard legal practice, specifically did the IHO:**

a. **Direct witness testimony by affidavit in a manner inconsistent with 8 NYCRR §200.5(j)(3)(xii) and, thereby, deny the Parents the opportunity to**

**present evidence and fail to develop a complete record, and, in Case number 146079, whether the parties were, thereby, prevented from cross-examining witnesses;**

b. **Comply with 8 NYCRR §200.1(x)(3) with regard to the disclosure of a personal or professional interest that would conflict with the IHO's objectivity in the hearing and recuse when asked by the Parents after the alleged potential conflict came to light?**

The asserted facts in the Complaint in Case number 146079 for Issue I (a) and (b) were raised and decided on appeal. The relevant facts and conclusions of law set forth in SRO 14-090 are adopted as binding as noted below.

**Direct witness testimony by affidavit in case numbers 146079 and 151557**

In accordance with 8 NYCRR §200.5(j)(3)(xii)(f), an IHO may take direct testimony by affidavit in lieu of in-hearing testimony, provided that the witness giving such testimony is made available for cross examination. In Case numbers 146079 and 151557, the IHO ordered the submission of direct testimony of the parties' witnesses by affidavit. (FOF #5) The crux of the Complainant's argument in both cases is that while 8 NYCRR §200.5(j)(3)(xii)(d) provides that an IHO may take testimony by affidavit, the IHO exceeded this authority by <u>ordering</u> the parties to present testimony by affidavit. (FOF #6)

In SRO 14-090, the SRO dismissed the Parents' assertions deciding that, contrary to the Parents' argument, the presentation of direct testimony by affidavit was within the sound discretion of the IHO and did not violate the Parents' due process rights. (FOF #8) With regard to the assertion of the denial of cross examination, the SRO determined that two of the district's affidavits were mistakenly identified as documentation entered into the record when they were not. Therefore, the Parents were not deprived of the opportunity to cross-examine the affiants and their contentions were dismissed. (FOF #9) In reliance on SRO 14-090, these precise contentions are similarly rejected in this investigation in Case number 146079.

The Complaint in Case number 151557 included the identical allegation and legal argument made in Case number 146079 regarding the IHO's order to the parties to submit testimony by affidavit and the resultant denial of the Parents' opportunity to present evidence. (FOF #7) (The Complainant did not allege the witnesses were not made available for cross-examination in this Case.) Pursuant to 8 NYCRR §200.5(j)(3)(xii)(f) and the persuasive determination in SRO 14-090, the Complainant's argument that the IHO's order requiring the parties to present direct testimony by affidavit was "illegal" is also rejected in Case number 151557.

*Therefore, the IHO conducted the hearings in Case numbers 146079 and 151557 in accordance with appropriate standard legal practice, specifically the IHO directed witness testimony by affidavit in accordance with 8 NYCRR §200.5(j)(3)(xii)(f) and did not deny the Parents' the opportunity to present evidence, and, in Case number 146079, the Parents were also not deprived of the opportunity to cross-examine the affiants.*

**Absence of a personal or professional interest in case numbers 146079 and 151557**

As a preliminary matter, the NYSED does not investigate allegations that an IHO demonstrated bias or did not act in an impartial manner through the IHO Complaint process. The accepted allegation in this investigation was with regard to an alleged failure to disclose a personal or professional interest. In accordance with 8 NYCRR §200.1(x)(3), an IHO must not have a personal or professional interest which would conflict with his or her objectivity in the hearing. (See also 34 CFR 300.511(c)(1)). In Case number 146079, the appeal petition to the SRO included the precise allegation raised in this Complaint regarding the failure of the IHO to disclose a conflict with a named employee of the New York City Department of Education, specifically financial and business dealings, and to recuse. (FOF #10)

In SRO 14-090 in the appeal of Case number 146079, the SRO rejected the Parents' assertion that the IHO failed to disclose a "potential conflict" and failed to recuse when the "potential conflict came to light. ". . . .[n]o evidence exists to either establish that an actual conflict existed or that the IHO's alleged professional relationship interfered with ____ ability to act impartially; therefore, the parents' contention must be dismissed." (FOF #12) In reliance on SRO 14-090, this precise contention is similarly rejected in this investigation.

In Case number 151557, the Complainant alleged the persistent failure of the IHO to disclose the precise conflict of interest with the named employee of the New York City Department of Education and failure to recuse asserted in SRO 14-090 and included the appearance of impropriety due to the failure if the IHO to recuse in the 2013-2014 hearing. (FOF #11) Since the allegation that the IHO failed to recuse based on the alleged conflict of interest in Case number 14607 was rejected by the SRO, that argument is disingenuous and rejected. Given that both cases were with the same parties and student and the alleged conflict of interest involved the identical facts regarding the same named employee of the New York Department of Education (FOFs #3 and 11), the SRO's determination in SRO 14-090 is persuasive and the Complainant's argument of a conflict of interest that should have been disclosed (and recusal on that basis) in Case number 151557 is likewise rejected.

*Therefore, the IHO conducted the hearings in Case numbers 146079 and 151557 in accordance with appropriate standard legal practice, specifically the IHO complied with 8 NYCRR §200.1(x)(3) with regard to the absence of a personal or professional interest that would conflict with the IHO's objectivity in the hearing (or recusal) in that there was no conflict of interest to be disclosed.*

**Issue II: Whether the IHO demonstrated the ability to conduct hearings in Case number 146079 accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3); 8 NYCRR §200.1(x)(4)(v)), specifically did the IHO:**

a. **Comply with 8 NYCRR §200.5(j)(5)(v) that requires the decision of the IHO to reference the hearing record to support the findings of fact with regard to alleged conclusory statements made in the decision without citing to the record and comply with 8 NYCRR §200.5(j)(1)(ii) relating to subject matter**

**of the complaint when the IHO allegedly failed to address issues in the decision that were mentioned in the Due Process Complaint;**

b. **Comply with 8 NYCRR §200.5(j)(5)(iv) with regard to the IHO's documentation of extensions and the facts relied upon for each extension granted and including the decision regarding extension requests that was provided to the parties as part of the record;**
c. **Comply with 8 NYCRR §200.5(j)(5)(vi) that requires the record to include all written orders or decisions issued in the case with regard to the inclusion of the pendency order;**
d. **Comply with 8 NYCRR §200.5(j)(3)(v) and 34 C.F.R. §300.512(a)(4) to maintain and provide, at the option of the Parents, an electronic verbatim record of the proceedings when the Parents were allegedly not allowed to record the impartial hearing;**
e. **Comply with 8 NYCRR §200.5(j)(e)(vii) and 34 C.F.R. §300.512(a)(1) to allow the Parents to be accompanied and advised by legal counsel when the IHO allegedly forced the Parents to seek new counsel?**

The asserted facts in the attorney Complainant's allegations in Case number 146079 for Issue II, (a) through (e) were raised and decided on appeal. The relevant findings of facts and conclusions of law set forth in SRO 14-090 are adopted as binding as noted below.

**Conclusory statements and issues not decided in Case number 146079**

In accordance with 8 NYCRR §200.21(b)(1), an IHO Complaint alleging the misconduct or challenging the competence of an IHO must contain a concise statement and documentation of the facts upon which the Complaint is based. In the course of this investigation, it became quickly apparent that, with regard to some of the accepted allegations, the IHO's cited conduct in the Complaint was not stated with specificity and/or clarity. This problem was particularly notable with regard to this allegation.

The appeal petition to the SRO included the precise allegations raised in this Complaint that the IHO's decision made numerous conclusory statements without citing to the record and did not address the issues pled in the Due Process Complaint. (FOF #13) The cited examples of conclusory statements in the Complaint are general statements challenging the IHO's decision and denote the Complainant's substantive disagreement with the merits of the IHO's decision that the 2013 -2014 IEP was appropriate. (FOFs #4, 14, 16) The scope of the IHO Complaint process does not include substantive determinations requiring a student specific determination, which is a matter for IHOs, SROs, and appellate courts. (20 U.S.C. §1415; 8 NYCRR §§200.5(j)(5), 200.5(k)(3) and 8 NYCRR §200.21(b)(1)). An exacerbating factor in this case is that the SRO did decide that the student's IEP offered the student a free appropriate public education for the 2013-2014 school year. (FOF #16) As such, when the basis for this allegation and lack of jurisdiction became apparent, this Investigator terminated the investigation with regard to allegation II (a).

With regard to the allegation that the IHO failed to decide all issues in the Due Process Complaint, the Complaint did not identify any issues pled that were not addressed in the IHO

decision. (FOF #14) The SRO's characterization of her role with regard to this identical allegation in SRO 14-090 is adopted by this Investigator; that is, it is also not the role of an Investigator to ". . . research and construct the appealing party's arguments or guess what they may have intended. . . ." (FOF #15)

*Therefore, there is no basis to determine that the IHO did not demonstrate the ability to conduct hearings in Case number 146079 in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3); 8 NYCRR §200.1(x)(4)(v)) in that the Complaint was insufficient with regard to addressing issues in the decision that were in the Due Process Complaint. The allegation regarding conclusory statements in the decision without citing to the record in this Case is a student specific substantive matter outside the scope of the IHO Complaint process. No adverse inference with regard to the IHO's conduct should be taken by these conclusions.*

**Documentation of extensions**

In accordance with 8 NYCRR §200.5(j)(5)(iv), an IHO must respond in writing to each request for an extension and set forth the facts relied upon for each extension granted. The response must become part of the record. The appeal petition to the SRO included the precise allegation raised in this Complaint regarding the IHO's response to each request for an extension, the facts relied upon for each extension granted and including the decision regarding extension requests as part of the record. (FOF #17) The SRO determined that the hearing record refuted the Parents' contention and found that the IHO, in full compliance with State regulation, documented each extension request made by the Parents that occurred after the IHO was assigned and the reasons for denying those requests were detailed. (FOF #18) In reliance on SRO 14-090, this precise contention is similarly refuted in this investigation.

*Therefore, the IHO demonstrated the ability to conduct hearings in Case number 146079 in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3); 8 NYCRR §200.1(x)(4)(v)) with regard to the IHO's documentation of extensions, the facts relied upon for each extension granted and including the decision regarding extension requests as part of the record. (8 NYCRR §200.5(j)(5)(iv).*

**Pendency order in the record**

In Case number 146079, a pendency order was entered by the predecessor IHO more than four months prior to the appointment of this instant IHO. (FOF #19) Notwithstanding the issuance of the pendency determination by another IHO, it was the responsibility of this IHO to prepare and transmit the hearing record to the school district. (8 NYCRR §200.5(j)(5))

In accordance with 8 NYCRR §200.5(j)(5)(vi)(c)), the hearing record includes copies of all written orders, rulings or decisions issued in the case, including an order granting or denying a party's request for an order and an order granting or denying an extension of the time in which to issue a final decision in the matter. Title 8 NYCRR §200.5(j)(5)(v) further requires that an IHO must attach to the decision a list identifying each exhibit admitted into evidence and the identification of all other items the IHO has entered into the record.

The appeal petition to the SRO included the precise allegation raised in this Complaint regarding the IHO's inclusion of the pendency order in the record and it was decided in the appeal of the hearing decision. (FOF #20) While the IHO cited the SRO's dismissal of this same allegation in SRO 14-090, the IHO did not refute the failure to "annex the pendency order" in the response to this Complaint. (FOF #19)

The SRO decided in SRO 14-090 that the IHO ". . . failed to "put the pendency order into evidence." The SRO reminded the parties and the IHO of the requirements of 8 NYCRR §200.5(j)(5), (vi)(c)) to include copies of all written orders, rulings or decisions issued in the case. Notwithstanding this determined omission on the part of the IHO, the SRO noted that that the pendency order was provided as part of the administrative record on appeal[4] and no prejudice on the part of the Parents was alleged or discernable and the Parents' contention was dismissed. (FOF #21) In reliance on SRO 14-090, the determination that the IHO failed to put the pendency order into evidence is adopted in this investigation and the absence of prejudice is noted.

*Therefore, the IHO did not demonstrate the ability to conduct hearings in Case number 146079 in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3); 8 NYCRR §200.1(x)(4)(v)) with regard to the IHO's failure to comply with 8 NYCRR §200.5(j)(5)(vi) that requires the record to include all written orders or decisions issued in the Case, specifically the inclusion of the pendency order.*

**Record the impartial hearing**

In accordance with 8 NYCRR §200.5(j)(3)(v), a written or, at the option of the parents, electronic verbatim record of the proceedings before the IHO must be maintained and made available to the parties.

The appeal petition to the SRO included the precise allegation raised in this Complaint regarding the IHO's order to Parents' counsel on recording the hearing. (FOF #22) The SRO noted that an IHO is charged with the responsibility of maintaining the order and integrity of the impartial hearing process, and, in this Case, the IHO's directive to the Parents to turn off their recording device was reasonable and the Parents were obligated to comply with the directive. (FOF #23) In reliance on SRO 14-090, this precise contention is similarly rejected in this investigation as a reasonable directive of the IHO.

*Therefore, the IHO demonstrated the ability to conduct hearings in Case number 146079 in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3); 8 NYCRR §200.1(x)(4)(v)); 8 NYCRR §200.5(j)(3)(v) and 34 C.F.R. §300.512(a)(4)), specifically the IHO's directive to the Parents to turn off their recording device complied with the requirement to maintain and provide, at the option of the Parents, an electronic verbatim record of the proceedings*

[4] Pursuant to 8 NYCRR §279.9(a), it is the party board of education that is responsible for the submission of the administrative record to the Office of State Review. Therefore, inclusion of the pendency order in the record before the SRO is not inconsistent with the determined failure of the this IHO to put the pendency order into evidence.

**Accompanied and advised by legal counsel**

In accordance with 8 NYCRR §200.5(j)(3)(vii), the parties to the proceeding may be accompanied and advised by legal counsel and by individuals with special knowledge or training with respect to the problems of students with disabilities. The appeal petition to the SRO included the precise allegation raised in this Complaint that the IHO's denial of an adjournment caused a change in Parents' counsel. (FOF #24) The SRO determined that, well within the IHO's discretion, the IHO permissibly denied the Parents' requests for extensions in accordance with State regulations. (FOF #25) In reliance on SRO 14-090, this precise contention is similarly rejected in this investigation within the IHO's discretion.

*Therefore, the IHO demonstrated the ability to conduct hearings in Case number 146079 in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3); 8 NYCRR §200.1(x)(4)(v)) with regard to complying with 8 NYCRR §200.5(j)(3)(vii) and 34 C.F.R. §300.512(a)(1) to allow the Parents to be accompanied and advised by legal counsel.*

**Conclusion**

With regard to the eight stated issues, the investigation did not substantiate the allegations in Issues I (a) and (b) and II (a), (b), (d) and (e). Allegation Issue II (c) was substantiated that the IHO did not demonstrate the ability to conduct hearings in Case number 146079 in accordance with 8 NYCRR §200.5(j)(5)(vi), specifically the inclusion of the pendency order in the hearing record.

Dated: September 11, 2015

**Gail ImObersteg /s/**

Gail ImObersteg, Esq., IHO Complaint Investigator
14904 E. Lowden Rd.
Scottsdale, Arizona 85262

## APPENDIX COMPLAINT NUMBER 322

**Complainant:** Lawrence D. Weinberg, attorney, on behalf of Parents, John [redacted] and Rosalie [redacted]

**Impartial Hearing Officer:** Mary Noe