# EXHIBIT "H"



August 4, 2014

John B. King, Jr.
Commissioner of Education and
President of the University of the State of New York
New York State Education Department
89 Washington Avenue
Albany, New York 12234

Dear Commissioner:

The undersigned writes on behalf of some of the members of the Education Law Task Force to complain, pursuant to the Regulations of the Commissioner of Education, 8 N.Y.C.R.R. § 200.21(b), that Mary Noe, Esq., is unfit to serve as an impartial hearing officer.

The Education Law Task Force is a group of approximately 50 special education attorneys and advocates from legal assistance programs, social services organizations, and community organizations, as well as some attorneys from private firms. Legal Services of New York City administers the Task Force, which meets on a monthly basis to share information and concerns, and to develop strategies regarding the laws, policies, and practices that affect the group's generally low income clients.

As the affidavits attached to this complaint demonstrate, Education Law Task Force members attest that over the last several years Ms. Noe's conduct at hearings has not befitted her position as a hearing officer. Her conduct has resulted in unjustified rulings, unsupported decisions, and most essentially, an erosion of faith among parents and advocates in the Commissioner's adjudicatory system.

The Commissioner's regulations require that an impartial hearing officer "possess knowledge of, and the ability to conduct hearings in accordance with appropriate, standard legal practice and to render and write decisions in accordance with appropriate standard legal practice." 8 N.Y.C.R.R. § 200.1(x)(4)(v). Additionally, an impartial hearing officer must "possess knowledge of, and the ability to understand, the provisions of Federal and State law and regulations pertaining to the Individuals with Disabilities

**Legal Services NYC**
40 Worth Street, Suite 606, New York, NY 10013
Phone: 646-442-3600   Fax: 646-442-3601   www.LegalServicesNYC.org
Raun J. Rasmussen, Executive Director
**Joseph Steven Genova, Board Chair**

LSC

Education Act and legal interpretations of such law and regulations by Federal and State courts." 8 N.Y.C.R.R. § 200.1(x)(4)(iv). As summarized below, and detailed in the attached affidavits, Ms. Noe routinely fails both to conduct hearings appropriately and to issue decisions based in law and fact.

The Commissioner's regulations provide that the "certification of impartial hearing officers is subject to suspension or revocation on the grounds of incompetence or misconduct." 8 N.Y.C.R.R. § 200.21(b). The attached affidavits describe the nature and degree of Ms. Noe's deficiencies in competence and conduct, which can be summarized as falling into five broad categories:

1) Ms. Noe's civility at hearings:

   - Ms. Noe screams at witnesses, court reporters, and attorneys (Affidavit of Andrea Marie Santoro, Esq. (Santoro Aff.) pages (pp.) 4, 8-9; Affidavit of Giulia Frasca, Esq. (Frasca Aff.) ¶ 13).

   - Ms. Noe ridiculed a hearing representative from the New York City Department of Education (DOE) calling him "incompetent" in front of other representatives and attorneys (Santoro Aff. pp. 3-4, 8).

   - Ms. Noe refused to allow even a single comfort break to any of the participants at the seven-hour hearing; she conducted the hearing without a break despite repeated requests from an attorney who was both pregnant and a nursing mother, requiring the attorney to choose between best serving her client and the health and safety of herself and her children (Frasca Aff. ¶¶ 8-11).

2) Ms. Noe's treatment of non-English speaking parents:

   - Ms. Noe yelled at a non-English speaking parent for being unable to fill out a Health Insurance Portability and Accountability Act (HIPAA) form (Frasca Aff. ¶ 13).

   - Ms. Noe ignored a parent's request for translation services, requiring that a hearing be adjourned and needlessly delaying adjudication (Frasca Aff. ¶ 6).

   - When affidavit translation has been necessary due to a non-English speaking parent, Ms. Noe has refused to allow the hearing office to provide this service, and actively ordered the hearing office not to produce translations of the affidavits in overt disregard of 8 N.Y.C.R.R. § 200.5(j)(3)(vi) (Affidavit of Amanda S. Sen (Sen Aff.) ¶ 3-7, 9, 11-12, 16-17).

3) Ms. Noe's problems scheduling and attending hearings:

   - Ms. Noe has scheduled multiple hearings for the same hearing date, resulting in delay, disorganization, and wasted time (Santoro Aff. pp. 3-4, 11-12; Frasca Aff. ¶¶ 16-17; Sen Aff. ¶¶ 8, 15; Affidavit of Nelson Mar (Mar Aff.) ¶¶ 5-6).

2

- At the end of one hearing to which Ms. Noe was late, and then intermittently absent from, she baselessly asserted that a witness's testimony would be cumulative and barred the testimony apparently in order to make up for delay for which she was responsible (Frasca Aff. ¶ 17).

- Ms. Noe failed to appear for a hearing and then falsely asserted in her decision that the hearing date had been adjourned at the request of both parties. The State Review Officer, in Appeal 12-031, referred this case to the Commissioner for an investigation into Ms. Noe's conduct (Affidavit of Lawrence D. Weinberg ¶ 3).

4) Ms. Noe's apparent lack of neutrality at hearings:

- Ms. Noe frequently and inappropriately interjects in witness examination, improperly limits the scope and content of essential testimony, and preferentially objects to parents' attorneys' questions on behalf of DOE representatives (Santoro Aff. p. 9; Frasca Aff. ¶¶ 11, 13; Affidavit of Anton Papakhin (Papakhin Aff.) ¶¶ 6-9).

- In one case, Ms. Noe essentially engaged in a cross-examination of a parent's witness that filled 22 transcript pages, and then prevented the parent's attorney from fully re-examining the witness in response; Ms. Noe indicated that she had already decided the case when the parent's attorney objected to having his questions cut short (Papakhin Aff. ¶¶ 7-9).

- On her own accord, and without any objection from the DOE, Ms. Noe amended a parent's subpoena that was directed to the DOE, hampering development of documentary evidence on an issue essential to the parent's case (Santoro Aff. p. 4).

- Ms. Noe granted a DOE request for an extension of time to file a closing statement *ex parte* and after denying the same request from a parent's attorney (Santoro Aff. pp. 4-5, 10-11).

- Ms. Noe has inappropriately barred an attorney from asking questions regarding the DOE's failure to produce and provide records to the parent prior to the filing of a due process complaint (Frasca Aff. ¶¶ 13-14).

5) Ms. Noe's inability to apply fundamental legal standards and rules:

- In violation of 8 N.Y.C.R.R. § 200.5(j)(5)(v), Ms. Noe's decisions have failed to cite any evidence of record in support of her determinations, failed to address all of a case's underlying claims, and failed to apply appropriate legal principles (Santoro Aff. pp. 12-13; Mar Aff. ¶¶ 4, 7-8; Sen ¶ 19).

- In a recent case, Ms. Noe violated 8 N.Y.C.R.R. § 200.5(j)(5)(v) by failing to produce a complete hearing record by failing to include some documents and mismarking other

3

documents, even after multiple requests from the parties to make the necessary corrections (Sen Aff. ¶ 20-27).

- In violation of 8 N.Y.C.R.R. § 200.5(j)(3)(x), Ms. Noe discussed confidential case information in front of attorneys who were not representing the parties at a hearing (Santoro Aff. p. 8).

- Ms. Noe's prejudicially and incorrectly applied hearsay rules to limit witness testimony (Santoro Aff. pp. 9-10).

- Ms. Noe misapplied the three-pronged *Burlington* scheme in one of her recent decisions by ruling on prong III without making a ruling on prongs I or II (Sen Aff. ¶ 19).

- Ms. Noe has implemented an affidavit scheme in which she requires parties to present all direct witness testimony by affidavit. Aside from violating parties' rights to present and confront witnesses under 8 N.Y.C.R.R. § 200.5(j)(3)(xii) by unilaterally imposing this scheme, Ms. Noe is unable to fairly administer the scheme. Two of the attached affidavits recount hearings in which a party objected to the affidavit scheme and drafted lengthy memoranda of law only to have Ms. Noe ignore the objection (Frasca Aff. ¶ 4; Sen Aff. ¶ 3, 5, 10, 11, 13). In one of the cases, when questioned about the status of her ruling on the objection to the affidavit scheme, Ms. Noe falsely asserted that she had never received the memorandum-objection and then dismissed the parent's attorney's objection as improperly formed (Sen Aff. ¶ 11).

In summary, Ms. Noe's work as an impartial hearing officer has been marked by a pattern of conduct that is contrary to the standards outlined in the Commissioner' regulations. Ms. Noe is unfit to serve as an arbiter of justice.

Pursuant to 8 N.Y.C.R.R. § 200.21(b)(3), after reviewing a complaint of an impartial hearing officer's incompetence or misconduct, the Commissioner may initiate an investigation. If the Commissioner deems further investigation to be warranted in this case, please do not hesitate to contact the undersigned for assistance in obtaining additional evidence or information.

Respectfully submitted,

s/ Nelson Mar, Esq.
Nelson Mar, Esq.
Administrator - Education Law Task Force
Legal Services NYC
60 Worth Street, Suite 606
New York, NY 10013

Senior Staff Attorney
Legal Services NYC - Bronx
349 East 149th Street, 9th Floor
Bronx, NY 10451
718-928-3756 (work/fax)
nmar@bx.ls-nyc.org

By: _____
Thomas Gray
Senior Staff Attorney
Partnership for Children's Rights
271 Madison Ave, 17th Floor
New York, NY 10016
(212) 683-7999 ex. 246
tgray@pfcr.org

Co-signed by ELTF members:

s/ Lizabeth Pardo, Esq.
Lizabeth Pardo, Esq.
Sinergia
Metropolitan Parent Center
2082 Lexington Ave. - 4th Floor
New York, NY 10035
(212) 643-2840
lpardo@sinergiany.org

s/ Lourdes I. Rosa-Carrasquillo, Esq.
Lourdes I. Rosa-Carrasquillo, Esq.
Director of Advocacy
The Center for Independence of the Disabled – New York
841 Broadway, Suite 301
New York, NY 10003
6(46) 442-4153 or (646) 442-4148
212-254-5953 (fax)

5

s/ Rebecca Shore
Rebecca Shore
Director Litigation
Advocates for Children of New York
Protecting every child's right to learn
151 West 30th Street, 5th Floor
New York, NY 10001
(212) 822-9574
(212) 947-9790 (fax)
rshore@advocatesforchildren.org


s/ Joel Mandelbaum, Esq.
Joel Mandelbaum, Esq.
Staff Attorney, Special Education
New York Legal Assistance Group
7 Hanover Square, 18th Floor
New York, NY 10004
(212) 613-5000
JMandelbaum@nylag.org


Co-signed by non-ELTF members:


s/ Michele Kule-Korgood, Esq.
Michele Kule-Korgood, Esq.
Kule-Korgood and Associates, P.C.
118-35 Queens Boulevard, 17th Floor
Forest Hills, New York 11375
(718) 261-0181
(516) 364-8111
(718) 268-2633 (fax)
mkule@educationlawny.com


s/ Irina Roller, Esq.
Irina Roller, Esq.
Law Offices of Irina Roller, PLLC
111 Broadway – Suite 901
New York, NY 10006
(212) 688-1100
(212) 208-4333 (fax)
irina@NYCSpecialEducation.com


s/ Lisa Isaacs, Esq.

Lisa Isaacs, Esq.
Law Office of Lisa Isaacs, P.C.
2108 Yardley Road,
Yardley, PA 19067

39 Broadway, Suite 1620
New York, NY 10006
(917) 553-7977
(917) 210-3898 (fax)

cc (without enclosures):

Patricia J. Geary
Office of Special Education
Coordinator Spec. Educ. Policy and Professional Development
89 Washington Avenue, Room 309 EB
Albany, NY 12234

7