EXHIBIT "I"



THE STATE EDUCATION DEPARTMENT / THE UNIVERSITY OF THE STATE OF NEW YORK / ALBANY, NY 12234



OFFICE OF P-12 EDUCATION: Office of Special Education
COORDINATOR SPECIAL EDUCATION POLICY AND PROFESSIONAL DEVELOPMENT
Room 309 EB, 89 Washington Avenue • Albany, NY 12234
www.p12.nysed.gov/specialed/

Telephone (518) 473-4818
Fax: (518) 473-5387

May 11, 2015

Nelson Mar, Esq.
Administrator — Education Law Task Force
Legal Services NYC
60 Worth Street, Suite 606
New York, NY 10013

Thomas Gray, Esq.
Senior Staff Attorney
Partnership for Children's Rights
271 Madison Avenue, 17th Floor
New York, NY 10016

Re:    IHO Complaint #321
       Mary Noe, Esq.

Dear Mr. Mar and Mr. Gray:

This letter is to inform you of the disposition of the complaint filed by you against Impartial Hearing Officer (IHO) Mary Noe alleging misconduct or incompetence. An independent review of the IHO's conduct in the hearings with respect to the allegations was assigned on October 22, 2014. Because one of the cases under investigation was pending appeal before the State Review Officer (SRO), the investigation was set aside until March 25, 2015. A copy of the report of the investigation is enclosed.

With regard to the four issues identified in the report, the New York State Education Department (NYSED) does not sustain the allegations in Issues I and II, however it does sustain an allegation in both Issue III and Issue IV with regard to the IHO's failure to demonstrate the ability to conduct hearings in accordance with appropriate, standard legal practice.

Issue III: The IHO scheduled multiple hearings for the same hearing date in case number 143983, inconsistent with the requisite ability to conduct hearings in accordance with appropriate, standard legal practice at a time and place which was reasonably convenient to the parent and student in accordance with Title 34 C.F.R. §300.515(d) and Title 8 NYCRR §200.5(j)(3)(x).

Issue IV: The IHO failed to demonstrate the ability to conduct hearings in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3)

and Title 8 NYCRR §200.1(x)(4)(v)) with regard to the failure to make and provide a complete record of the proceeding before the IHO in accordance with Education Code §4404(1)(c).

Questions regarding the complaint investigation procedure may be directed to the Special Education Due Process Unit at (518) 473-0170.

Sincerely,

Patricia J. Geary

Patricia J. Geary

Enclosure

c: Cathryn Tisenchek
Gail ImObersteg, Esq.
Mary Noe
Lizabeth Pardo, Esq.
Lourdes I. Rosa-Carrasquillo, Esq.
Rebecca Shore, Esq.
Joel Mandelbaum, Esq.
Michele Kule-Korgood, Esq.
Irina Roller, Esq.
Lisa Isaacs, Esq.
Tracey Spencer Walsh
Gary S. Mayerson

# REPORT OF THE IMPARTIAL HEARING OFFICER COMPLAINT INVESTIGATOR
## FOR THE NEW YORK
## STATE EDUCATION DEPARTMENT

| | |
|---|---|
| Investigation of Complaint filed by Complainants[1] | Case No: 321 |
| In The Matter of Impartial Hearing Officer | Date Issued: April 10, 2015 |
| | Investigator: Gail ImObersteg |

## PROCEDURAL BACKGROUND

The New York State Education Department (NYSED) received a Complaint dated August 4, 2014 pursuant to the Laws of New York, Education Law §4404, and Regulations of the Commissioner of Education, 8 NYCRR §200.21(b)(1), alleging the misconduct and/or challenging the competence of the above referenced Impartial Hearing Officer (IHO). The Complaint was submitted by two members of a group of attorneys and advocates and cosigned by seven additional members. Affidavits were submitted by an additional five attorneys and on August 7, 2014 and October 3, 2014, two additional members of the group joined in the August 4, 2014 Complaint. The Complaint allegations of misconduct and/or incompetence arose in various Due Process Complaints filed in 2012 and 2013 to which the IHO was appointed.

The NYSED assigned this Investigator on October 22, 2014 to conduct an independent review of the IHO's conduct in the hearings with respect to the allegations. On that same date, the NYSED provided a written summary of the Complaint to the IHO, and a notification of the acceptance of the Complaint to the individuals submitting the Complaint. The NYSED notification to both the IHO and the Complainants included a determination of the allegations under the jurisdiction of the NYSED to be investigated and the opportunity for the Complainants to submit additional documentation and the IHO to respond in writing and provide documentation.

An additional opportunity for the IHO to respond was provided on December 10, 2014 due to a typographical error on a case number cited in the notice of Complaint. Later during the investigation, the Investigator was informed that there was a pending appeal before the State Review Officer for one of the involved hearing cases, case number 143990. By direction of the

---

[1] Personally identifiable information is attached as Appendix A to this Report to facilitate public distribution, if desired.

NYSED, the investigation was set aside until the issuance of the State Review Officer's decision on March 23, 2015. The decision was provided to the Investigator on March 26, 2015.

The IHO submitted timely responses to the Complaint. The Complainants did not submit supplemental documentation. The Investigator did inquire of the IHO and the Complainants whether they had an audio recording for one of the cited cases. Both the Complainants and the IHO verified the absence of an audio recording in the case.

## COMPLAINT ISSUES

**Allegations Accepted for Investigation by NYSED:**

**Allegation #1:** The IHO did not demonstrate civil behavior toward hearing participants when:
   a. In case 143990, the IHO yelled at a non-English speaking parent for being unable to fill out a form;
   b. In cases 138160 and 143990, the IHO screamed at witnesses, court reporters and attorneys;
   c. In case 138160, the IHO ridiculed a hearing representative from the New York City Department of Education; and
   d. In case 143990, the IHO refused to allow a single comfort break to any of the participants during the seven hour hearing despite repeated requests.

**Allegation #2:** The IHO did not ensure that at all stages of hearings, interpreters fluent in the native language of the student's parent were provided at district expense when:
   a. In case 143990, the IHO ignored a parent's request for translation services; and
   b. In case 143983, the IHO refused to allow the hearing office to provide affidavit translation service and ordered the hearing office not to produce translations of the affidavits.

**Allegation #3:** The IHO did not conduct hearings at a time and place reasonably convenient to the parent when, in cases 138160, 143990 and 143983, the IHO scheduled multiple hearings for the same hearing date.

**Allegation #4:** The IHO did not conduct hearings in accordance with appropriate standard legal practice, when:
   a. In case 143983, the IHO failed to produce a compete hearing record by failing to include some documents and mismarked other documents; and falsely asserted a memorandum-objection had not been received and then dismissed the objection as improperly formed;
   b. In case 138160, the IHO discussed confidential case information in front of attorneys who were not representing the parties at a hearing; and
   c. In cases 143990 and 143983, the IHO required all direct witness testimony by affidavit.

**Complaint Issues**

Upon the review of the allegations in the Complaint and the NYSED acceptance letter, the issues accepted for investigation by the NYSED are restated as follows with the applicable authority, including the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§1400 et seq.; 34 C.F.R. Part 300:

I.   Whether the IHO's professional conduct in the following cases was in accordance with the qualifications for an IHO, 34 C.F.R. §300.511(c); 8 NYCRR §200.1(x)(4)(iv), specifically did the IHO fail to demonstrate civil behavior toward hearing participants by:

   a.  Yelling at a non-English speaking parent for being unable to fill out a form in case 143990;

   b.  Screaming at witnesses, court reporters and attorneys in cases 138160 and 143990;

   c.  Ridiculing a hearing representative from the New York City Department of Education in case 138160; and/or

   d.  Refusing to allow a single comfort break to any of the participants during the seven hour hearing despite repeated requests in case 143990? (Allegation number 1)

II.  Whether the IHO ensured that at all stages of the hearing, interpreters fluent in the native language of the student's parent were provided at district expense in accordance with Title 8 NYCRR §200.5(j)(3)(vi), specifically did the IHO:

   a.  Ignore a parent's request for translation services in case 143990, and/or

   b.  Refuse to allow the district hearing office to provide affidavit translation service and order the district hearing office not to produce translations of the affidavits in case 143983? (Allegation number 2)

III. Whether the IHO conducted the hearings in cases 138160, 143990, and 143983 in accordance with appropriate standard legal practice and at a time which was reasonably convenient to the parent and student involved in accordance with Title 34 C.F.R. §300.515(d) and Title 8 NYCRR §200.5(j)(3)(x), specifically with regard to the scheduling of multiple hearings for the same hearing date? (Allegation number 3)

IV.  Whether the IHO demonstrated the ability to conduct hearings in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3); 8 NYCRR §200.1(x)(4)(v)), specifically did the IHO:

   a.  Fail to make a compete record of the proceeding before the IHO in accordance with Education Code§4404(1)(c) in case number 143983 by not including some documents and mismarking other documents and falsely asserting a memorandum-objection had not been received;

   b.  Fail to comply with confidentiality requirements (20 U.S.C. §1232g; 34 C.F.R. Part 99; 34 C.F.R. §300.610 et seq.) by discussing confidential case information in front of attorneys who were not representing the parties in case 138160; and/or

c. Direct witness testimony by affidavit inconsistent with Title 8 NYCRR §200.5(j)(3)(xii) in case numbers 143990 and 143983 and, in case 143983, dismiss the objection to the order as improperly formed?(Allegation 4)

## INVESTIGATIVE PROCEDURE

The record provided by the NYSED and all documents submitted by the Complainants and the IHO relating to the accepted allegations, including the verbatim written transcript of the hearing for all three cited hearing cases accepted for investigation, were reviewed in their entirety in this investigation. The Investigator also requested and received the NYSED Impartial Hearing Recording System (IHRS) data base for the cases at issue.

In addition to the actual statements in the written transcript, to ensure that the IHO's tone during the proceedings could be reviewed, the Investigator requested audio recordings for two of the three cited cases and received the audio recording for case number 143990. The investigation included reviewing auditory exchanges identified through the review of the transcript as at issue. An audio recording was not available for case number 138160. The investigation also included the review of the State Review Officer's decisions for the three cited hearing cases in this Complaint, as well as the Notice of Petition and Memorandum of Law in State Review Officer (SRO) 13-136 to ascertain with specificity the appeal issue(s) regarding the IHO's conduct of the hearing.

In reaching a conclusion, in addition to the applicable Federal and State laws and regulations,[2] the Investigator reviewed various memoranda and guidelines issued to the IHOs in New York; other applicable standards for IHOs in New York, including the New York State Bar Model Code of Judicial Conduct for Administrative Law Judges; the New York Manual for Administrative Law Judges and Hearing Officers; and SRO Decisions. Citations to these authorities are included in the Conclusions of Law, if relied upon in this Report.

Unfortunately, some of the conduct cited in the Affidavits submitted with the Complaint referenced the IHO's conduct off the record with no further corroboration. In addition, with regard to some of the accepted allegations, the IHO's cited conduct on the record was not stated with specificity and/or referenced to the transcript of the hearing. While the transcripts were reviewed in their entirety to ascertain the referenced incidents, the lack of specificity to the referenced incidences for some of the allegations caused the investigation to be unduly difficult.

## FINDINGS OF FACT

### General Finding of Fact

1. The IHO is an attorney licensed in the State of New York. (New York State Attorney Directory)

---

[2] Title 8 of the Regulations of the Commissioner of Education was revised effective February 1, 2014. The regulations in effect at the time of the alleged conduct are cited in this Report.

2. All three of the cited cases in this Complaint, 143990, 143983, and 138160, were appealed to the State Review Officer. (SRO 13-136; SRO 13-157; SRO 12-130)

## Issue I - Demonstrate Civil Behavior

### Yelling at a non-English speaking parent in case 143990

3. The attorney Complainant, by affidavit, asserts the IHO " . . . yelled at the parent for having been unable to fill out a HIPAA form for the NYSDOE Nurse and/or misunderstanding the instruction and filling out the form for her doctor . . . ." There is no specific reference to the time, date, or activity when the alleged action occurred. (October 3, 2013 Attorney Affidavit)

4. The IHO asserts that the IHO did not yell or raise the IHO's voice before, during or after the hearing in this case. (IHO November 6, 2014 Response)

5. There are discussions of the HIPAA form at the hearing. However, there is no interaction on the record between the parent and the IHO regarding the parent filling out the HIPAA form. (April 23, 2013 Transcript: pg. 53, lines 7-11; May 1, 2013 Transcript pg. 607, line 19, to pg. 609, line 8)

6. The following issue was presented and resolved on appeal of the hearing decision and the SRO's findings of fact and determination are adopted as binding: "Whether the IHO conducted the impartial hearing in a manner consistent with due process." While the issue was stated generally, the petitioner's Notice of Petition and Memorandum of Law included allegations of the IHO's conduct of the hearing in an inappropriate and unprofessional manner; and the creation of an unduly hostile environment. (SRO 13-136; Petitioner's Notice of Petition and Memorandum of Law)

7. In the resolution of this issue, the State Review Officer cited prior SRO decisions and New York regulation, including the requirement that an IHO must be fair and impartial and avoid even the appearance of impropriety or prejudice and, like a judge, the IHO must be patient, dignified and courteous in the dealings with litigants and others with whom the IHO interacts in an official capacity. The SRO indicated that the district denied the parent's allegations and asserts that both parties were treated in a similar manner. While this precise issue was not discussed in the SRO decision, the SRO examined the entire hearing record, including ensuring the procedures at the hearing were consistent with the requirements of due process and held: "Therefore, even if the IHO was demanding of counsel for the parties and the hearing room was hot, on the record there is insufficient evidence to conclude the IHO acted with bias or conducted the impartial hearing in a manner inconsistent with due process." (SRO 13-136, pp. 2, 7-8)

### Screaming at witnesses, court reporters and attorneys in case 138160 and 143990

8. The IHO has an active style of presiding over a hearing. (Transcripts in case numbers 138160 and 143990; Audio Recording in case number 143990- April 23, 2013, May 1, 2013)

**Case number 143990**

9. In case number 143990, the attorney asserted in her Affidavit that the IHO created a hostile environment for the parent and the attorney. (October 3, 2013 Attorney Affidavit, paragraph 13)

10. Particularly apparent on the first day of hearing in case number 143990, the IHO can be impatient, abrupt and sarcastic to witnesses and the attorneys. For example:
   a. Responding "[I]n general in life, in the world." "This sounds like, you know, trial by sabotage." In response to a witness regarding the completion of the report card: "And then they put it in the garbage?" (Transcripts and Audio Recordings: April 23, 2013, May 1, 2013, pg. 523, lines 11-12, pg. 628, line 25 and pg. 629, line 1; pg. 633, lines 10-11)
   b. Approximately 6 minutes into the conduct of the first day of hearing, during the direct examination of a witness on documents, in an impatient tone, the IHO told the parent's attorney;" "I'm not...you're not going to waste my time or this hearing's time". (April 23, 2013 Transcript: pg. 12, lines 22-23; April 23, 2013; Audio recording at approximately 6 minutes)
   c. Less than 12 minutes into the direct examination of the first witness regarding any documents not disclosed on the first day of hearing, the IHO indicated: "Documents? Like what, her real estate mortgage?" (April 23, 2013 Transcript: pg. 20, lines 16-18; Audio recording at approximately 11:44 minutes)
   d. With regard to the interpreter, after approximately 17 minutes of the hearing on April 23, 2013, the IHO inquired of the interpreter: "You're supposed to be interpreting. Are you listening?" Interpreter: "I am." IHO: "That's great. When are you going to start interpreting? Interpreter: "Well whenever I am asked." IHO: You're asked from the beginning of this hearing. So you're supposed to be interpreting. Okay?" (April 23, 2013 Transcript: pg. 26, line 17 – 25 and pg. 27, line 1; Audio recording at approximately 17 minutes)

11. See Finding of Fact numbers 6 - 7. The allegation of the unduly hostile environment created by the IHO was a matter raised on appeal of the hearing decision. SRO 13-136 is binding on this issue: "Therefore, even if the IHO was demanding of counsel for the parties . . . on the record there is insufficient evidence to conclude the IHO acted with bias or conducted the impartial hearing in a manner inconsistent with due process." (SRO 13-136, pp. 2, 7-8)

**Case number 138160**

12. In case number 138160, by Affidavit the parent's attorney alleged that the IHO " . . . throughout the hearing process, yelled at all parties involved, often demeaning them, declaring their incompetence, and treating them unprofessionally." Only one incident of

"screaming" was referenced to a page of the hearing transcript. (Attorney Affidavit attachment, pp. 4, 8-9)

13. The one specifically referenced incident in case number 138160 was the following: "FEMALE VOICE: Do you want to go off record? HEARING OFFICER ____: Yeah, let's go off record while she--(OFF THE RECORD) (ON THE RECORD) HEARING OFFICER ___: I told you to go on the record._____ - - okay, and I'm going to testify, okay? HEARING OFFICER ____: Okay, so you're ready to testify now? ____: I can - - I mean, please hold for one second. Could you just reach that? Yes, okay, yes, I'm ready to testify. Okay, I will testify. Let me just put my - - together. Am I able to take my--like five minutes to go back to my desk, would that be okay? And ___will call me at my desk? HEARING OFFICER ____: Go back to your desk. What is your number at your desk?"(Names denoted by ____; April 26, 2012 Transcript in Case number 138160, pg. 29)

14. An example of "inappropriate and sarcastic comments to the parties" was cited in the Complaint when the attorney representative requested additional time to work on a brief after discussing the timeline for the receipt of the transcript. "Ms. _____: That's an extremely small amount of time to write a brief. Hearing Officer _____: "Then you can start working on it now. You'll have it by Monday, and I'm asking that you have it to me by Friday." (Attorney Affidavit attachment, pg. 8; April 23, 2013 Transcript: pg. 269, lines 20 to 25, and pg. 270, lines 1-5; Names denoted by ____)

15. No audio verbatim record was available in case number 138160. (Complainant, IHO and NYSED response to request)

16. In case number 138160, by Affidavit the parent's attorney alleged that the IHO complained to the attorney and a district representative of the district's "incompetence" for sending someone who could not sign a written agreement. (Attorney Affidavit, pp. 3 and 8)

17. The IHO denies ridiculing any representative from the district before, during or after the hearing. (IHO November 4, 2014 Response)

18. The IHO did not call a hearing representative "incompetent" on the record at hearing in case number 138160. (April 23, 1013 Transcript)

19. The issue of the IHO's conduct of the impartial hearing in a manner inconsistent with due process and failure to conduct the hearing in a manner that was fair to both parties was presented and resolved on appeal of the hearing decision in case number 138160. The SRO's findings of fact and determination are adopted as binding: "After a careful review of the hearing record, I conclude that the IHO was unbiased and observed the procedures of due process throughout this proceeding." (SRO 12-130, pp. 6 and 12)

**Refusing a comfort break in case 143990**

20. The issue of the parent's attorney being permitted to take a comfort break was raised and decided on appeal, as it related to the conduct of the impartial hearing in a manner consistent with due process. The following facts set forth in SRO 13-136 are adopted as binding:

    a. The Hearing convened at 11:35 a.m. and adjourned at 5:35 p.m. on April 23, 2013.

    b. Although the parent's attorney contends that she was not permitted to take a break on the April 23, 2013 hearing date, the district essentially denies that the request occurred and the hearing record does not reveal that the parent or her attorney requested such a break.

    c. While the parent's counsel alleges she requested a break during the hearing on April 23, 2013, none of the alleged requests by the parent's counsel appear in the transcript from that day, and the counsel for the parent made no attempt to explain why. (SRO 13-136, pg. 8)

21. See Finding of Fact numbers 6 - 7, SRO 13-136. The SRO's determination is binding on this issue: "Therefore, even if the IHO was demanding of counsel for the parties and the hearing room was hot, on the record there is insufficient evidence to conclude the IHO acted with bias or conducted the impartial hearing in a manner inconsistent with due process." (SRO 13-136, pp. 2, 7-8)

## Issue II - Interpreters

### Case number 143990

22. An interpreter was ordered on April 26, 2013 for the hearing scheduled to convene on May, 8, 2013 in case number 143990. (IHO Response, Exhibit C, Case details for case number 143990)

23. At the May 8, 2013 hearing, the interpreter did not appear. The interpreting services company did not have contact with the scheduled interpreter on the hearing day. The IHO explored the use of family members and interpreters from the parent attorney's law firm and no interpreters were available. The hearing was adjourned after approximately 14 minutes of discussion. (May 8, 2013 Transcript, pp. 668 – 685)

24. An interpreter was available for the next day of hearing, May 16, 2013. (May 16, 2013 Transcript)

25. The issue of the absence of the interpreter on May 8, 2013 was raised on appeal of the hearing decision. See Findings of Fact numbers 6 – 7. SRO 13-136 is binding on this issue: "Therefore, even if the IHO was demanding of counsel for the parties . . . on the record there is insufficient evidence to conclude the IHO acted with bias or conducted the impartial hearing in a manner inconsistent with due process." (July 26, 2013 Notice of Petition; SRO 13-136, pp. 2, 7-8)

26. The asserted facts in the Attorney Affidavit in case number 143983 regarding the IHO's refusal to allow affidavit translation was raised and decided on appeal in SRO 13-157. The following facts and conclusion of law set forth in SRO 13-157 are adopted as binding:

> "With respect to the parent's assertion that the IHO's refusal during the impartial hearing to direct the translation of affidavits into the parent's native language further impeded her participation at the impartial hearing, State regulation requires that at all stages of an impartial hearing a district shall provide an interpreter fluent in a parent's native language at district expense, when required (8 NYCRR 200.5[j][3][vi]; see IHO Ex. IV; see also Tr. pp. 226-33). A review of the hearing record reveals that immediately after the IHO issued the prehearing order, the parents' attorney asked about the "procedures for translating the affidavits of both parties prior to the hearing," and expressed concern about the additional time needed to translate the affidavits (Pet. Ex. 8 at p. 1). A district case manager responded to this inquiry, and agreed to provide translations of the affidavits if the parent sent the affidavits to her (Pet. Ex. 8 at p. 1). However, near the conclusion of the second day of the impartial hearing, the IHO did not allow the interpreter to translate or read the parent's affidavit—submitted in her native language—into the hearing record (Tr. pp. 227-30, 252). Notwithstanding this determination, the IHO issued an order scheduling an additional day of impartial hearing "for the purposes of the direct testimony of the parent" unless the parties stipulated to a translation of the parent's affidavit and its submission into evidence (IHO Ex. IV). Upon return to the impartial hearing, the parent's attorney raised issues with respect to the interpreter's translation of the testimonial evidence of all of the parent's witnesses that had been presented on the second day of the impartial hearing (Tr. pp. 273-80, 283-85, 291-92). After discussing these concerns, the parent's attorney also renewed her previous request to have all of the affidavits submitted in English translated into the parent's native language (Tr. pp. 294-95)."

> "In this instance, a review of the hearing record demonstrates that all of the direct testimony affidavits and all of the transcripts produced as a result of the impartial hearing have been submitted in English (Dist. Exs. 21-22; Parent Exs. I-K; M-N; see Tr. pp. 1-296)." (Footnote 10 "The hearing record includes a copy of the parent's direct testimony affidavit submitted in her native language (Parent Ex. L at pp. 1-5). However, the parent does not cite to any case law or regulation requiring the district—at its own expense—to translate the direct testimony affidavits of the parent's own witnesses into the parent's native language, and I have found none (see Bethlehem Area School Dist. v. Zhou, 976 A.2d 1284, 1287 [Pa. Cmwlth. 2009] [overturning a state administrative due process decision requiring the translation of hearing transcripts into the parent's native language when such directive was upon the authority of a hearing policy manual that lacked the force of law]). In addition, when given the opportunity to review the transcript from the second day of testimony when the parent's witnesses testified, the parent voluntarily cancelled the additional

date and rested her case (Pet. Ex. 3 at p. 1). In view of what transpired, it cannot be said that the parent's ability to participate in the impartial hearing was impeded based upon the failure to provide her with translated affidavits of her own witnesses' direct testimony." (SRO 13-157, pp. 9-10)

## Issue III - Reasonably Convenient Time and Place in cases 138160, 143990 and 143983

27. In case number 138160, by Affidavit the parent's attorney alleged, based on conversations with representatives and attorneys and upon viewing the posted schedule of hearings, that the IHO scheduled three or four hearings for March 26, 2012, the scheduled date for a pendency hearing. (Attorney Affidavit, pg. 3)

28. A pendency hearing was scheduled in case number 138160 on March 26, 2012 and was not held. The scheduling and/or cancellation of the pendency hearing were not discussed on the record. April 26, 2012. (IHRS notes, case number 138160; April 26, 2012 Transcript)

29. In case number 138160, the issue of the IHO's convening of the impartial hearing on the scheduled date of the pendency hearing was presented on appeal of the hearing decision. The allegation regarding multiple hearings being scheduled on the same day was not addressed in the SRO decision. The SRO's findings of fact and determination are adopted as binding:
    "Turning to the parents' contention that the IHO unreasonably delayed the impartial hearing, the hearing record suggests that the impartial hearing was, in fact, delayed but that no harm befell the parties or the student as a result of these delays. The parents contend that the IHO arrived late to a hearing date dedicated to identifying the student's pendency placement, refused to go on the record, and "attempted to force the parties to enter into a written agreement regarding pendency." The parents further argue that the IHO failed to arrive to a subsequent hearing date and notified the parties' of her unavailability an hour after the agreed-upon start time. Although the available evidence in the hearing record neither supports nor refutes these allegations, the parents submitted additional evidence in the form of an affidavit from their counsel swearing to the truth of these allegations. The district denies the parents' contentions in its answer but provides no evidence in support of these denials (see Answer at pp. 2-3)." (SRO 12-130, pp. 10 and 11)

30. In case number 143990, by Affidavit the parent's attorney alleged the IHO scheduled four hearings for May 16, 2013. (Attorney Affidavit, pg. 6, number 16)

31. The IHO scheduled a hearing in case number 143990 on May 8, 2013 to be held on May 16, 2013 at 10:00 a.m. The hearing convened at 10:11 a.m. (IHRS case notes; May 8, 2013 Transcript, pg. 669, lines 4-6, May 16, 2013 Transcript)

32. In case number 143990, the IHO took a lunch break explaining: "so what I want to do just because unfortunately the hearing office did not put these cases on my schedule, what I want to do is break for lunch. Okay. So we'll take let's say until 1:00 for lunch and

33. The allegation regarding the simultaneous scheduling of hearings on the same day was raised on appeal of the hearing decision. SRO 13-136 is binding on this issue for case number 143990: "Therefore, even if the IHO was demanding of counsel for the parties . . . on the record there is insufficient evidence to conclude the IHO acted with bias or conducted the impartial hearing in a manner inconsistent with due process." (July 26, 2013 Notice of Petition; SRO 13-136, pp. 2, 7-8)

34. In case number 143983, by Affidavit the parent's attorney alleged the IHO failed to appear at the hearing on May 16, 2013 since two hearings had been scheduled for the same time and date and the IHO opted to attend the other scheduled hearing without informing the party representatives. (Attorney Affidavit, pg. 3., number 8)

35. The IHO scheduled the hearing April 2013 in case number 143983 to be held on May 16, 2013 at 10:00 a.m. (IHRS case notes, quoted email from the IHO)

36. The IHO convened the hearing in case number 143983 at 12:22 p.m. on May 16, 2013 and adjourned the proceeding at 2:53 p.m. The IHO explained ". . . and I just want to again apologize. This case was on my calendar, however, a previous case that I had been carrying over was not on the calendar. . . ." "Again I apologize. This case was actually on. The other case wasn't, but I am having serious problems with my Russian interpreters, and you have a wonderful Spanish interpreter." (May 16, 2013 Transcript, pg. 4, lines 11-17, pg. 110, lines 7-11)

37. The IHO does not deny scheduling multiple hearings for the same hearing date in the cited cases, but rather indicates that there was nothing unusual or inappropriate in the IHO's exercise of discretion in the scheduling of the hearing. (IHO November 4, 2014 Response)

38. The parent did not raise the issue of the scheduling of the hearing in case number 143988 on appeal to the State Review Officer. (SRO 13-157)

**Issue IV - Ability to Conduct Hearings**

### Administrative Record in case 143983

39. The decision in case number 143983 provided a list entitled Documentation Entered into the Record, including IHO I - Class schedule, IHO II - Order on request for verbal testimony and IHO IV - Response to motion for translation. (IHO Decision, case number 143983, pp. 12-13)

40. IHO Exhibit II, the IHO's prehearing order on the request to have verbal testimony rather than by affidavit, was identified and admitted into evidence at the June 6, 2013 hearing in

case number 143983. (June 6, 2013 Transcript, case number 143983, pg. 250, lines 6-11, pg. 251, lines 6-8)

41. IHO Exhibit II is variously referred to as the order resulting from the April 24, 2013 prehearing conference with the parties and the order on the request for verbal testimony. The April 24, 2013 Pre-Hearing Order includes the IHO's order regarding testimony by affidavit. (June 6, 2013 Transcript, case number 143983, pg. 250, lines 6-11, pg. 251, lines 6-8IHO decision, Exhibit II, SRO 13-157, pg. 4)

42. Since the April 24, 2013 order entitled Pre-Hearing Order did not correspond to the description of IHO Exhibit II in the IHO decision, the parent's attorney believed it was not in the record. In a July 13, 2013 communication with the parent's attorney, the IHO inaccurately refers to IHO Exhibit II as a June 7, 2013 order and on July 30, 2013 corrects that misstatement. (Attorney Affidavit pg. 7 Attorney Affidavit Exh. 31, pp. 4, 8-10)

43. The IHO did not recall whether there had been a written order on the request: "I don't know that I wrote an order. I don't know that you made a motion. I think you just made a request and I denied it." Upon the identification of the motion as admitted Exhibit P, the IHO responded: "Since I have that motion now I'll write an order now. My order will be similar that it is denied. So that will be Hearing Officer's Exhibit 4." (June 6, 2013 Transcript, case number 143983, pg. 245, lines 19-20, pg. 251, lines 24-25, pg. 252, lines 1-11)

44. IHO Exhibit IV, the IHO's prospective written order denying the parent's request to have the district hearing office translate the affidavit or provide a translator was admitted into evidence at the June 6, 2013 hearing. (June 6, 2013 Transcript, case number 143983, pg. 252, lines 8-13)

45. The parent's attorney did not have a copy of IHO Exhibits II and IV and asked the district hearing office if the office had a copy, and if so, whether they could provide them. The district hearing office informed the parent's attorney that IHO Exhibits II and IV had not been submitted to the hearing office. (Attorney Affidavit, Exh. 19, July 19, 2013 email communication, Attorney Exh. 20, July 19, 2013 email communication, Attorney Affidavit pg. 7 and exhibits 28-31, SRO 13-157, pg. 4)

46. The last day of hearing was June 19, 2013 and the decision was dated July 18, 2013. The IHO did not submit IHO Exhibits I, II and IV to the district hearing office along with the rest of the evidence. (Attorney Affidavit, exhibit 31, August 15, 2013 email communication from the district hearing office to the IHO, IHO decision)

47. By August 22, 2013, in response to an inquiry from the district hearing office regarding missing IHO Exhibits I, II, and IV, the IHO submitted IHO Exhibits II and IV. (June 19, 2013 Transcript, Attorney Affidavit, exhibit 31, August 15, 2013 email communication from the district hearing office to the IHO)

48. The district hearing office obtained IHO Exhibit I from the district's hearing representative. (Attorney Affidavit, Exh. 31, pg. 2-August 22, 2013 email communication)

49. The parent's affidavit was admitted into evidence as Exhibit X at the hearing on June 19, 2013 and was not included in the list entitled Documentation Entered into the Record in the hearing decision. (Transcript, pg. 273, lines 1-2 and 21-22; pg. 267, line 22 SRO 13-157, footnote 6)

50. Parent's Exhibit X was not identified in the August 2013 communications with the IHO as a missing exhibit. The parent included a copy of the parent's translated affidavit in the additional documentary evidence submitted with the petition in the appeal of case number 143983. (Attorney Affidavit, exhibit 31, August 15, 2013 email communication from the district hearing office to the IHO and August 22, 2013 email communication to the IHO and the district's attorney representative, SRO 13-157, footnote 6)

51. In addition to the parent's Exhibit X, the parent's attorney cited other documents that were not included in the list of the Documentation Entered into the Record in the hearing decision and requested a corrected decision. However, there is no documentation that the other cited documents were admitted at hearing and/or absent from the record. (Attorney Affidavit, Exhibits 21 - 22)

52. The parent appealed from the decision in case number 143983 and did not raise the issue of the complete administrative record. The SRO reviewed the entire administrative record. (SRO 13-157, pp. 2, 7))

**Confidentiality in case 138160**

53. The attorney's Affidavit in case number 138160 cited a conversation in front of two attorneys not associated with the case regarding whether the IHO should go on the record regarding a pendency motion. No pendency hearing was conducted in case number 138160 and there is no other record of the contents of the cited conversation or the names of the referenced attorneys. (Attorney Affidavit, pg. 8, IHRS notes, see also Finding of Fact #37)

54. The issue of confidentiality in the IHO's conduct of the hearing was not raised on appeal of the decision in case number 138160. The issue of the IHO's conduct of the impartial hearing in a manner inconsistent with due process and failure to conduct the hearing in a manner that was fair to both parties was presented and resolved on appeal of the hearing decision. The SRO's findings of fact and determination are adopted as binding: "After a careful review of the hearing record, I conclude that the IHO was unbiased and observed the procedures of due process throughout this proceeding." (SRO 12-130, pp. 6 and 12)

**Testimony by affidavit in cases 143990 and 143983**

55. In case number 143990, the IHO ordered all direct testimony by affidavit. The parties objected to the order. Affidavits of witnesses were proffered and admitted into evidence during the hearing. (Transcript April 23, 2013, Attorney Affidavit in case number 143990; #4)

56. The IHO's order that all testimony be provided by Affidavit was raised in the appeal of the hearing decision. SRO 13-136 is binding on this issue for case number 143990: "Therefore, even if the IHO was demanding of counsel for the parties . . . on the record there is insufficient evidence to conclude the IHO acted with bias or conducted the impartial hearing in a manner inconsistent with due process." (July 26, 2013 Notice of Petition; SRO 13-136, pp. 2, 7-8)

57. In case 143983, the parent's attorney sent a "letter describing the parent's concerns regarding the Pre-Hearing Order issued on April 24, 2013." The IHO responded within the hour, "[P] lease advise if you will be making a motion." The parent's attorney indicated the letter was to request an amendment and clarification of the pre-hearing order and that it could be "characterized as a motion".(Attorney Affidavit, Exh. 5, pg. 2 April 29, 2013 email communications, Exhibit O Letter to IHO - IHO Decision)

58. On April 30, 2013, the parent's attorney submitted a "formal objection" to the IHO's order requesting that the district hearing office translate the affidavit or provide a translator to translate and that motion was admitted into evidence as parent's Exhibit P. There was no record of any communication in case number 143983 between the IHO and the parent's attorney dismissing the April 29, 2013 letter or April 30, 2013 motion on the basis of form. (Attorney Affidavit, number 7, Exhibit P Parent's motion – IHO Decision)

59. The asserted facts in the Attorney Affidavit in case number 143983 regarding the IHO's required use of affidavits for direct testimony and the parent's objection was raised and decided on appeal, SRO 13-157. The following facts set forth in SRO 13-157 are adopted as binding:

> In this case, the IHO's prehearing order also allowed for the presentation of "[a]dditional direct examination that [was] not repetitive or irrelevant," and for both parties to submit a list of all witnesses to the IHO who needed to verbally testify at the impartial hearing, along with a summary of the expected testimony, and the necessity to present the testimony verbally (see id.). Initially, the parent objected to the use of affidavits for direct testimony because it would inhibit the IHO's ability to make credibility findings and prevent the parent from objecting to potentially irrelevant or prejudicial questions or testimony (see Parent Ex. O at p. 1-2). The parent also objected to the use of affidavits for direct testimony because an inadequate or untimely translation of the parent's affidavit could deprive the parent of her due process rights (id. at p. 3).

> Contrary to the parent's argument, however, a review of the hearing record does not support a conclusion that the IHO's prehearing order directing the use of affidavits for direct testimony violated either the IDEA or State regulation, or otherwise compromised the parent's ability to communicate with her attorney or

meaningfully participate in the impartial hearing. The IHO's prehearing order, while directing the use of affidavits, also allowed the parent to submit a request to testify verbally, and the parent did not avail herself of that opportunity (Tr. pp. 1-296; Dist. Exs. 1-22; 25-27; Parent Exs. A-G; I-R; IHO Exs. I-II; IV). In addition, the hearing record establishes that the IHO provided the parent with an opportunity for an additional day of impartial hearing (July 3, 2013), in order to give the parent additional time to review a translated transcript of the testimony given on June 6, 2013, to determine if more testimony was needed and to present that additional testimony (Tr. pp. 290-93). The hearing record shows that upon review of the translated transcript, the parent cancelled the additional day of impartial hearing and rested her case (Pet. Ex. 3 at p. 1)." (SRO 13-157, pg. 9)

## CONCLUSION OF LAW

As a preliminary matter, it is important to note that all three of the cited cases in this Complaint were appealed to the State Review Officer. (FOF #2) The SRO's findings of fact and determination on the issues raised in this investigation are final administrative determinations and are adopted as binding in this Report. Due to the multiplicity of the allegations and variations in the findings of fact, each alleged incident cited for each issue will be discussed and resolved individually.

**Issue I**

**Whether the IHO's professional conduct in the following cases was in accordance with the qualifications for an IHO, 34 C.F.R. §300.511(c); 8 NYCRR §200.1(x)(4)(iv), specifically did the IHO fail to demonstrate civil behavior toward hearing participants by:**

  e. **Yelling at a non-English speaking parent for being unable to fill out a form in case 143990;**

  f. **Screaming at witnesses, court reporters and attorneys in cases 138160 and 143990;**

  g. **Ridiculing a hearing representative from the New York City Department of Education in case 138160; and/or**

  h. **Refusing to allow a single comfort break to any of the participants during the seven hour hearing despite repeated requests in case 143990?**

In accordance with Title 34 C.F.R. §300.511(c) and Title 8 NYCRR §200.1(x)(4)(iv), an IHO must be impartial and possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice. In the absence of specific statutory or regulatory authority governing the decorum of an IHO under the IDEA and the Rules of the Commissioner of Education, the New York State Bar Model Code of Judicial Conduct for Administrative Law Judges, Canon 3 on adjudicative responsibilities is instructive:

Cannon [3B][3] provides: "A state administrative law judge shall be patient, dignified and courteous to parties, witnesses, lawyers, representatives and others with whom the

judge deals in an official capacity, and shall require similar conduct of lawyers, representatives, staff members and others subject to the judge's direction and control."

Pertinent to this investigation, the IHO was variously alleged to have yelled at a parent; screamed at witnesses, court reporters and attorneys; ridiculed a hearing representative; and denied a comfort break. The IHO has an active style of presiding over a hearing. Particularly apparent in case number 143990 for which an audio recording was available, the IHO can be impatient, abrupt and sarcastic to witnesses and the attorneys. (FOFs #8 and 10)

**Yelling at a non-English speaking parent for being unable to fill out a form**

**Case number 143990**

The assertions of the attorney Complainant and the attorney IHO are inconsistent with regard to this incident. The Complainant asserts the IHO yelled at the parent with regard to a HIPAA form incident. The IHO denies the assertion. While there are discussions of the HIPAA form at the hearing, there is no interaction on the record between the parent and the IHO regarding the parent filling out the HIPAA form. (FOFs #2 - 5)  The following issue was presented and resolved on appeal of the hearing decision: "Whether the IHO conducted the impartial hearing in a manner consistent with due process." While the issue was stated generally, the petitioner's Notice of Petition and Memorandum of Law included allegations of the IHO's conduct of the hearing in an inappropriate and unprofessional manner; and the creation of an unduly hostile environment. (FOF #6) Therefore, the State Review Officer's findings of fact and determination are adopted as binding.

In the resolution of this issue, the State Review Officer cited prior SRO decisions and New York regulation, including the requirement that an IHO must be fair and impartial and avoid even the appearance of impropriety or prejudice and, like a judge, must be patient, dignified and courteous in the dealings with litigants and other with whom the IHO interacts in an official capacity. The SRO indicated that the district denied the parent's allegations and asserted that both parties were treated in a similar manner. While this precise issue was not discussed in the SRO decision, the SRO examined the entire hearing record, including ensuring the procedures at the hearing were consistent with the requirements of due process and held: "Therefore, even if the IHO was demanding of counsel for the parties and the hearing room was hot, on the record there is insufficient evidence to conclude the IHO acted with bias or conducted the impartial hearing in a manner inconsistent with due process." (FOF #7)

*Therefore, based on the investigation and the binding findings of fact and determination in the SRO decision in this case, there is insufficient evidence to conclude the IHO yelled at the parent with regard to the HIPAA form or, in this regard, conducted the impartial hearing in a manner inconsistent with due process.*

**Screaming at witnesses, court reporters and attorneys in case number 138160 and 143990 and ridiculing a hearing representative from the New York City Department of Education in case number 138160**

**Case number 143990**

The attorney Complainant asserted by Affidavit that the IHO created a hostile environment for the parent and the attorney. (FOF #9) The allegation of the unduly hostile environment created by the IHO was a matter raised on appeal of the hearing decision. As such, SRO 13-136 is binding on this issue: "Therefore, even if the IHO was demanding of counsel for the parties . . . on the record there is insufficient evidence to conclude the IHO acted with bias or conducted the impartial hearing in a manner inconsistent with due process." (FOF #11)

*Therefore, based on the investigation and the binding findings of fact and determination in the SRO decision in this case, there is insufficient evidence to conclude the IHO screamed at witnesses, court reporters and attorneys or, in this regard, conducted the impartial hearing in a manner inconsistent with due process.*

## Screaming at witnesses, court reporters and attorneys and ridiculing a representative

**Case number 138160**

By Affidavit the attorney Complainant alleged that the IHO " . . . throughout the hearing process, yelled at all parties involved, often demeaning them, declaring their incompetence, and treating them unprofessionally." (FOF #12) Only one incident of "screaming" was referenced to a page of the hearing transcript and an example of "inappropriate and sarcastic comments to the parties" was cited in the Complaint. (FOFs #13-14)) The referenced incident of screaming could not be corroborated based on the transcript of the proceeding and no audio verbatim record was available in case number 138160. (FOF #15)

With regard to the allegation of the IHO's declaration of incompetence, the assertions of the attorney Complainant and the attorney IHO are inconsistent and there is no incident on the record with the IHO calling a hearing representative "incompetent". (FOFs #16 – 18)

The issue of the IHO's conduct of the impartial hearing in a manner inconsistent with due process and failure to conduct the hearing in a manner that was fair to both parties was presented and resolved on appeal of the hearing decision in case number 138160. As such, the SRO's findings of fact and determination are adopted as binding: "After a careful review of the hearing record, I conclude that the IHO was unbiased and observed the procedures of due process throughout this proceeding." (FOF #19)

*Therefore, based on this investigation and the binding findings of fact and determination in the SRO decision in this case, there is insufficient evidence to conclude the IHO screamed at witnesses, court reporters and attorneys or ridiculed a hearing representative; rather, based on the SRO decision, the IHO observed the procedures of due process.*

**Refusing to allow a single comfort break to any of the participants during the seven hour hearing despite repeated requests**

**Case number 143990**

The issue of the parent's attorney being permitted to take a comfort break was raised and decided on appeal in SRO 13-136, as it related to the conduct of the impartial hearing in a manner consistent with due process. The SRO's findings of fact and determination are binding on this issue: "Therefore, even if the IHO was demanding of counsel for the parties and the hearing room was hot, on the record there is insufficient evidence to conclude the IHO acted with bias or conducted the impartial hearing in a manner inconsistent with due process."(FOF s #20 - 21)

*Therefore, with regard to the alleged refusal of a single comfort break to any of the participants, based on this investigation and the binding findings of fact and determination in the SRO decision in this case, even if the IHO was demanding of counsel for the parties and the hearing room was hot, on the record there is insufficient evidence to conclude the IHO conducted the impartial hearing in a manner inconsistent with due process.*

*Based on the above determinations, there was insufficient evidence that the IHO's professional conduct in case numbers 143990 and 138160 was contrary to the qualifications for an IHO, 34 C.F.R. §300.511(c); 8 NYCRR §200.1(x)(4)(iv), specifically with regard to IHO's civility toward hearing participants.*

**Issue II**

**Whether the IHO ensured that at all stages of the hearing, interpreters fluent in the native language of the student's parent were provided at district expense in accordance with Title 8 NYCRR §200.5(j)(3)(vi), specifically did the IHO:**
**a. Ignore a parent's request for translation services in case 143990, and/or**
**b. Refuse to allow the district hearing office to provide affidavit translation service and order the district hearing office not to produce translations of the affidavits in case 143983?**

In accordance with Title 8 NYCRR §200.5(j)(3)(vi), at all stages of the proceeding, where required, interpreters of the deaf, or interpreters fluent in the native language of the student's parent, must be provided at district expense. It is the school district that is responsible for arranging for the presence of interpreters. (NYSED 2001 Impartial Hearing Process for Students with Disabilities, pg. 17) Title 34 C.F.R. §300.511(c) and Title 8 NYCRR §200.1(x)(v) further require an IHO possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice. Consistent with these requirements, Canon 3 of the New York's State Bar Association's Model Code of Judicial Conduct for State Administrative Law Judges provides that an administrative law judge must perform the duties of an IHO diligently and dispose of all matters promptly, efficiently and fairly.

**Case number 143990**

The attorney Complainant alleged the IHO ignored a parent's request for translation services. The IHO ordered an interpreter on April 26, 2013 for the hearing scheduled to convene on May, 8, 2013. However, the interpreter did not appear at the May 8, 2013 hearing and the hearing was

adjourned. (FOFs # 22 - 23) An interpreter was available for the next day of hearing, May 16, 2013. (FOF #24)

In accordance with Title 8 NYCRR §200.5(j)(3)(vi), at all stages of the proceeding, where required, interpreters fluent in the native language of the student's parent, must be provided at district expense. The issue of the absence of the interpreter on May 8, 2013 was raised on the appeal of the hearing decision and, in SRO 13-136, the SRO determined that there was insufficient evidence to conclude the IHO conducted the impartial hearing in a manner inconsistent with due process. (FOF #25)

*Therefore, based on the investigation and the binding findings of fact and determination in the SRO decision in this case, there is insufficient evidence to conclude the IHO conducted the impartial hearing in a manner inconsistent with due process with regard to ensuring, at all stages of the hearing, interpreters fluent in the native language of the student's parent were provided at district expense in accordance with Title 8 NYCRR §200.5(j)(3)(vi).*

## Case number 143983

The attorney Complainant alleged the IHO refused to allow the district hearing office to provide affidavit translation service and ordered the office not to produce translations of the affidavits. The asserted facts in the Complainant's Affidavit for case number 143983 regarding the IHO's refusal to allow affidavit translation were raised and decided on appeal. In SRO 13-157, the SRO determined that the IHO's order at issue was regarding either translating or reading the parent's affidavit—submitted in her native language—into the hearing record and the direct testimony affidavits of the parent's own witnesses. (FOF #26)

The SRO cited Title 8 NYCRR §200.5(j)(3)(vi) for the requirement that, where required, interpreters fluent in the native language of the student's parent, must be provided at district expense. As a matter of law, the SRO also determined: "However, the parent does not cite to any case law or regulation requiring the district—at its own expense—to translate the direct testimony affidavits of the parent's own witnesses into the parent's native language, and I have found none (see Bethlehem Area School Dist. v. Zhou, 976 A.2d 1284, 1287 [Pa. Cmwlth. 2009] [overturning a state administrative due process decision requiring the translation of hearing transcripts into the parent's native language when such directive was upon the authority of a hearing policy manual that lacked the force of law]). In addition, when given the opportunity to review the transcript from the second day of testimony when the parent's witnesses testified, the parent voluntarily cancelled the additional date and rested her case (Pet. Ex. 3 at p. 1). In view of what transpired, it cannot be said that the parent's ability to participate in the impartial hearing was impeded based upon the failure to provide her with translated affidavits of her own witnesses' direct testimony." (FOF #26)

*Therefore, based on this investigation and the binding findings of fact and determination in the SRO decision in this case, including the controlling law, it is determined that the IHO ensured that, at all stages of the hearing, interpreters fluent in the native language of the student's parent were provided at district expense in accordance with Title 8 NYCRR §200.5(j)(3)(vi).*

**Issue III**

**Whether the IHO conducted the hearings in cases 138160, 143990, and 143983 in accordance with appropriate standard legal practice and at a time which was reasonably convenient to the parent and student involved in accordance with Title 34 C.F.R. §300.515(d) and Title 8 NYCRR §200.5(j)(3)(x), specifically with regard to the scheduling of multiple hearings for the same hearing date?**

Pursuant to Title 34 C.F.R. §300.515(d) and Title 8 NYCRR §200.5(j)(3)(x), the hearing shall be conducted at a time and place which is reasonably convenient to the parent and student involved. (The place of the hearing was not at issue in this Complaint.) In these cited cases, the Complainants do not allege that the scheduled time for the hearing was not reasonably convenient for the parent and student involved, but rather that the IHO failed to conduct the hearing at the established convenient date and time due to the IHO's scheduling of concurrent multiple hearings for the same date and time.

In accordance with Title 34 C.F.R. §300.511(c) and Title 8 NYCRR §200.1(x)(4), an IHO must possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice. As explained in the Manual for Administrative Law Judges and Hearing Officers Manual: "The hearing should commence promptly at the time fixed in the notice of the hearing. . . . Failure to start on time causes unnecessary irritation to all concerned. It may prevent the hearing from being concluded in a single day, may cause delay in expediting the day's calendar, and may affect the full disposition of later scheduled cases." (Manual for Administrative Law Judges and Hearing Officers (New York 2011), pg. 85)

The IHO does not deny scheduling multiple hearings for the same hearing date in the cited cases, but rather indicates that there was nothing unusual or inappropriate in the IHO's exercise of discretion in the scheduling of the hearing. (FOF #37) Pursuant to Title 8 NYCRR §200.5(j)(3)(xiii), each party shall have up to one day to present its case unless the IHO determines that additional time is necessary for a full, fair disclosure of the facts required to arrive at a decision. Implicitly, Title 8 NYCRR§200.5(j)(3)(xiii) contemplates that not all hearings will take one day. Therefore, it is not the scheduling of multiple hearings for the same hearing date that is impermissible, but rather the scheduling of hearings for the same date and time period that would be inconsistent with the ability to conduct hearings in accordance with appropriate, standard legal practice.

**Case number 138160**

In case number 138160, the attorney Complainant alleged that the IHO scheduled three hearings for the scheduled date for a pendency hearing and the pendency hearing did not take place. (FOFs #27 – 28) The issue of the IHO's convening of the impartial hearing on the scheduled date of the pendency hearing was presented on appeal of the hearing decision in case number 138160. While the allegation regarding multiple hearings being scheduled on the same day was not addressed in the SRO decision; the SRO did find "the hearing record suggests that the impartial hearing was, in fact, delayed but that no harm befell the parties or the student as a result of these delays." (FOF #29) The SRO indicated that, although the available evidence in the

hearing record neither supported nor refuted these allegations, the parents submitted additional evidence in the form of an affidavit from their counsel swearing to the truth of these allegations and, while the district denied the contentions, it provided no supporting evidence.

*Therefore, based on this investigation and the binding findings of fact and determination in the SRO decision in this case, while the hearing record suggests that the impartial hearing was delayed, there is insufficient evidence with regard to the scheduling of multiple hearings for the same hearing date to determine whether the IHO failed to conduct the hearing in accordance with appropriate standard legal practice and at a time and place which was reasonably convenient to the parent and student involved in accordance with Title 34 C.F.R. §300.515(d) and Title 8 NYCRR §200.5(j)(3)(x).*

## Case Number 143990

The IHO did schedule at least one other hearing for the scheduled hearing day of May 8, 2013 in case number 143990. (FOFs #31 – 32) Blaming the New York City Department of Education hearing office for the failure to put the cases on the IHO's schedule, the IHO convened the other matter during a lunch break in case number 143990. (FOF #32) The allegation regarding the simultaneous scheduling of hearings on the same day was raised on appeal of the hearing decision. As such, SRO 13-136 is binding on this issue for case number 143990: "Therefore, even if the IHO was demanding of counsel for the parties . . . on the record there is insufficient evidence to conclude the IHO . . . conducted the impartial hearing in a manner inconsistent with due process." (FOF #33)

*Therefore, based on this investigation and the binding findings of fact and determination in the SRO decision in this case, while the IHO did schedule multiple hearings for the same hearing date, the IHO did not conduct the hearing in a manner inconsistent with due process, specifically with regard to conducting the hearing in accordance with appropriate standard legal practice and at a time and place which was reasonably convenient to the parent and student involved in accordance with Title 34 C.F.R. §300.515(d) and Title 8 NYCRR §200.5(j)(3)(x).*

## Case number 143983

In case number 143983, the IHO scheduled the hearing in April 2013 to be held on May 16, 2013 at 10:00 a.m. Rather than convening case number 143983 on May 16, 2013 at the scheduled time, the IHO convened another case scheduled for the same time (case number 143990). (FOF #31) The IHO recessed case number 143990 for a lunch break and convened the hearing in case number 143983 at 12:22 p.m. and adjourned the proceeding in case number 143983 at 2:53 p.m. The IHO explained that while case number 143983 was on the IHO's calendar another scheduled case was not on the IHO's calendar. (FOFs #32, 34 – 37) Neither the delay in the conduct of the hearing in this case nor the issue of the scheduling of multiple hearings for the same hearing date was raised on appeal. (FOF #38)

In this case, as well as case number 143990, the IHO excused the conflict in scheduling based on the New York City hearing office's failure to put them on the IHO's calendar. This excuse is

without merit. (FOFs #32, 36) It is the IHO's responsibility to schedule the hearing at a time and place which is reasonably convenient to the parent and student involved in accordance with Title 34 C.F.R. §300.515(d) and Title 8 NYCRR §200.5(j)(3)(x). Consistent with the requirement that an IHO must possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice, Canon 3 of the New York's State Bar Association's Model Code of Judicial Conduct for State Administrative Law Judges provides that an administrative law judge must perform the duties of an IHO diligently. In this case, the IHO did not act diligently to ensure the requirements of Title 34 C.F.R. §300.515(d) and Title 8 NYCRR §200.5(j)(3)(x) were met.

*Therefore, based on this investigation, the IHO did schedule multiple hearings for the same hearing date in case number 143983 and the IHO's conduct was inconsistent with the requisite ability to conduct hearings in accordance with appropriate, standard legal practice and at a time which was reasonably convenient to the parent and student in accordance with Title 34 C.F.R. §300.515(d) and Title 8 NYCRR §200.5(j)(3)(x).*

## Issue IV

**Whether the IHO demonstrated the ability to conduct hearings in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3); 8 NYCRR §200.1(x)(4)(v)), specifically did the IHO:**
**a. Fail to make a compete record of the proceeding before the IHO in accordance with Education Code§4404(1)(c) in case number 143983 by not including some documents and mismarking other documents and falsely asserting a memorandum-objection had not been received;**
**b. Fail to comply with confidentiality requirements (20 U.S.C. §1232g; 34 C.F.R. Part 99; 34 C.F.R. §300.610 et seq.) by discussing confidential case information in front of attorneys who were not representing the parties in case 138160; and/or**
**c. Direct witness testimony by affidavit inconsistent with Title 8 NYCRR §200.5(j)(3)(xii) in case numbers 143990 and 143983 and, in case 143983, dismiss the objection to the order as improperly formed?**

### Failure to make a compete record of the proceeding in case number 143983

In accordance with Title 34 C.F.R. §300.511(c) and Title 8 NYCRR §200.1(x)(4)(iv), an IHO must possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice. The decision of the IHO must be based solely upon the record of the proceeding (8 NYCRR §200.5(j)(5)(v)) and the record of the proceedings before the IHO must be maintained, made available to the parties and, upon appeal, be provided to the Office of State Review. (Educ. Code §4404 NYCRR §279.9)

In addition to the above specific statutory and regulatory authority, the New York State Bar Model Code of Judicial Conduct for Administrative Law Judges, Canon 3 on adjudicative responsibilities requires an administrative law judge to perform the duties of the administrative

judicial office diligently. Consistent with these requirements, the Manual for Administrative Law Judges and Hearing Officers elaborates on the importance of a complete and clear record: "The hearing record must be complete and clear. Upon appeal to an administrative tribunal, or upon judicial review, informed and fair judgment can be rendered only on a complete record. A record's reliability is seriously impaired if there are any gaps therein. . . . It must be underscored that the ALJ's decision stands or falls on the record only. When a case is appealed, neither the reviewing administrative tribunal nor the court can reconstruct what happened at each scheduled hearing, except by reference to the record taken. The record must be complete and unambiguous." (Manual for Administrative Law Judges and Hearing Officers (New York 2011), pg. 125)

The decision in case number 143983 provided a list entitled Documentation Entered into the Record, including IHO I - Class schedule, IHO II - Order on request for verbal testimony and IHO IV - Response to motion for translation. (FOF #39) The parent did appeal from the decision in case number 143983, but did not raise the issue of the complete administrative record on appeal. The SRO reviewed the entire administrative record. (FOF #52)

The decision in this case was issued July 13, 2013. (FOF #46) The IHO did not submit IHO Exhibits I, II and IV to the district hearing office along with the rest of the evidence. (FOFs #45 - 46) By August 22, 2013, in response to an inquiry from the district hearing office regarding missing IHO Exhibits I, II, and IV, the IHO submitted IHO Exhibits II and IV, but not IHO Exhibit I. (FOF #47) The district hearing office obtained IHO Exhibit I from the district's hearing representative. (FOF #48)

In addition to the IHO's failure to transmit a complete administrative record to the hearing office, the IHO also failed to diligently discharge the IHO's administrative responsibility to maintain a complete and unambiguous record as follows:

- The attorney Complainant asserted that IHO Exhibit II was not admitted into the record. IHO Exhibit II is variously referred to by the IHO as the order resulting from the April 24, 2013 prehearing conference with the parties, the order on the request for verbal testimony and, mistakenly, as a June 7, 2013 order. (FOFs #41 - 42) These various characterizations appear to have caused a confusion regarding the admission of IHO's Exhibit II. IHO Exhibit II was admitted into evidence at the hearing. (FOF #40)

- The accuracy of the record maintained by the IHO was further exasperated by the IHO's admission of a prospective written order denying the parent's request to have the district hearing office translate the affidavit or provide a translator. This order was identified as IHO Exhibit IV and was admitted into evidence at the June 6, 2013 hearing. The IHO's lack of certainty regarding having received a motion and issuing an order in response to the Complainant's motion (FOFs #43 - 44) appears to be the source of the allegation that the IHO falsely asserted a memorandum/order had not been received. The evidence did not support a false assertion, but does portend an inattentiveness to detail in the maintenance of the record.

- The parent's affidavit was admitted into evidence as Exhibit X at hearing on June 19, 2013. However, Exhibit X was not included in the list entitled Documentation Entered into the Record in the hearing decision. (FOF #49) Exhibit X was not identified in the

August 2013 communications of the hearing office with the IHO as a missing exhibit and was submitted as additional evidence in the appeal. (FOF #50) The Complainant cited other documents that were not included in the list of the Documentation Entered into the Record in the hearing decision and requested a corrected decision. However, there is no documentation that the other cited documents were admitted at hearing and/or absent from the record. (FOF #51)

Based on the foregoing, it is determined that the IHO failed to diligently discharge the IHO's duty to maintain and provide a complete and unambiguous record of the proceeding in case number 143983.

*Therefore, the IHO failed to demonstrate the ability to conduct hearings in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3) and Title 8 NYCRR §200.1(x)(4)(v)) in this case with regard to the failure to make and provide a complete record of the proceeding before the IHO in accordance with Education Code§4404(1)(c).*

## Confidentiality

In accordance with the Family Educational Rights and Privacy Act (20 U.S.C. §1232g; 34 C.F.R. Part 99) and the IDEA, the confidentiality of the personally identifiable information of the student and family must be protected at collection, storage, disclosure, and destruction stages. "Because due process hearings involve testimony and evidence and other discussions of personally identifiable information about the child who is the subject of the hearing, the confidentiality provisions are applicable in the hearing context. . . . OSEP believes that the hearing officer is in the best position to ensure that the confidentiality of personally identifiable information is properly protected and that standard legal practice is followed in the due process hearing. See 71 Fed. Reg. 46705 (Aug. 14, 2006)." (*Letter to Gran and Reisman* 60 IDELR 293 (OSEP 2012)) An IHO is an official of a participating agency, as defined in 34 C.F.R. §300.611(c) and is subject to the limitations of redisclosure of personally identifiable information from an education record. (Discussion of the IDEA regulations: 71 Fed. Reg. 46690 (August 14, 2006); 34 C.F.R. §99.33).

In case number 138160, the attorney Complainant cited the IHO's failure to maintain confidentiality due to a conversation in front of two attorneys not associated with the case regarding going on the record for a pendency motion. No pendency hearing was conducted in case number 138160 and there is no other record of the contents of the cited conversation or the names of the referenced attorneys. (FOF #53)

The issue of the IHO's conduct of the impartial hearing in a manner inconsistent with due process and in a manner that was fair to both parties was presented and resolved on appeal of the hearing decision in case number 138160. The SRO's findings of fact and determination are adopted as binding: "After a careful review of the hearing record, I conclude that the IHO . . . observed the procedures of due process throughout this proceeding." (FOF #54) However, the issue of confidentiality in the IHO's conduct of the hearing was not raised on appeal. (FOF #54)

*Therefore, based on the investigation, there is an absence of evidence to substantiate the Complainant's allegation that the IHO failed to comply with confidentiality requirements (20 U.S.C. §1232g; 34 C.F.R. Part 99; 34 C.F.R. §300.610 et seq.) in this case by discussing confidential case information in front of attorneys who were not representing the parties.*

## Testimony by affidavit in case numbers 143990 and 143983 and form of the objection in case number 143983

In accordance with Title 34 C.F.R. §300.511(c) and Title 8 NYCRR §200.1(x)(4)(iv), an IHO must be impartial and possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice. The standard legal practice set forth in Title 8 NYCRR §200.5(j)(3)(xii)(f) permits an IHO to take direct testimony by affidavit in lieu of in-hearing testimony, provided that the witness giving such testimony is made available for cross examination.

### Case number 143990

In case number 143990, the IHO ordered all direct testimony by affidavit and the parties objected to the order. Affidavits of witnesses were proffered and admitted into evidence during the hearing. (FOF #55) The IHO's order that all testimony be provided by Affidavit was raised and decided in the appeal of the hearing decision. As such, SRO 13-136 is binding on this issue for case number 143990: "Therefore, even if the IHO was demanding of counsel for the parties . . . on the record there is insufficient evidence to conclude the IHO acted with bias or conducted the impartial hearing in a manner inconsistent with due process." (FOF #56)

*Therefore, based on this investigation and the binding findings of fact and determination in the SRO decision in this case, there is insufficient evidence to conclude the IHO conducted the impartial hearing in a manner inconsistent with due process and appropriate, standard legal practice with regard to the directed use of affidavits. (34 C.F.R. §300.511(c)(1)(3); Title 8 NYCRR §§200.1(x)(4)(v)), 200.5(j)(3)(xii)*

### Case number 143983

Similarly, the asserted facts in the attorney Complainant's allegations in case number 143983 regarding the IHO's required use of affidavits for direct testimony and the parent's objection were raised and decided on appeal. The following facts set forth in SRO 13-157 are adopted as binding:

> In this case, the IHO's prehearing order also allowed for the presentation of "[a]dditional direct examination that [was] not repetitive or irrelevant," and for both parties to submit a list of all witnesses to the IHO who needed to verbally testify at the impartial hearing, along with a summary of the expected testimony, and the necessity to present the testimony verbally (see id.). Initially, the parent objected to the use of affidavits for direct testimony because it would inhibit the

IHO's ability to make credibility findings and prevent the parent from objecting to potentially irrelevant or prejudicial questions or testimony (see Parent Ex. O at p. 1-2). The parent also objected to the use of affidavits for direct testimony because an inadequate or untimely translation of the parent's affidavit could deprive the parent of her due process rights (id. at p. 3).

> Contrary to the parent's argument, however, a review of the hearing record does not support a conclusion that the IHO's prehearing order directing the use of affidavits for direct testimony violated either the IDEA or State regulation, or otherwise compromised the parent's ability to communicate with her attorney or meaningfully participate in the impartial hearing. The IHO's prehearing order, while directing the use of affidavits, also allowed the parent to submit a request to testify verbally, and the parent did not avail herself of that opportunity (Tr. pp. 1-296; Dist. Exs. 1-22; 25-27; Parent Exs. A-G; I-R; IHO Exs. I-II; IV). In addition, the hearing record establishes that the IHO provided the parent with an opportunity for an additional day of impartial hearing (July 3, 2013), in order to give the parent additional time to review a translated transcript of the testimony given on June 6, 2013, to determine if more testimony was needed and to present that additional testimony (Tr. pp. 290-93). The hearing record shows that upon review of the translated transcript, the parent cancelled the additional day of impartial hearing and rested her case (Pet. Ex. 3 at p. 1)." (FOF #59; underlined for emphasis)

While the parent's objection to the directed use of affidavits is cited as a fact in SRO 13-157, there is no indication that the attorney Complainant raised the allegation regarding the form of the objection on appeal. There is also no record of any communication in case number 143983 between the IHO and the parent's attorney dismissing the attorney's motion on the basis of form. (FOF # 57 – 58)

*Therefore, based on this investigation and the binding findings of fact and determination in the SRO decision in case number 143983, the IHO demonstrated the ability to conduct hearings in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3); Title 8 NYCRR §§200.1(x)(4)(v)), 200.5(j)(3)(xii )) with regard to the directed use of affidavits and the form of the objection.*

## Conclusion

With regard to the four stated issues, the investigation did not substantiate the allegations in Issues I and II, but did substantiate an allegation in both Issue III and Issue IV with regard to the IHO's failure to demonstrate the ability to conduct hearings in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3) and Title 8 NYCRR §200.1(x)(4)(v). Specifically:

**Issue III:** The IHO scheduled multiple hearings for the same hearing date in case number 143983 and the IHO's conduct was inconsistent with the requisite ability to conduct hearings in accordance with appropriate, standard legal practice and at a time and place which was

reasonably convenient to the parent and student in accordance with Title 34 C.F.R. §300.515(d) and Title 8 NYCRR §200.5(j)(3)(x).

**Issue IV:** The IHO failed to demonstrate the ability to conduct hearings in accordance with appropriate, standard legal practice (34 C.F.R. §300.511(c)(1)(3) and Title 8 NYCRR §200.1(x)(4)(v)) with regard to the failure to make and provide a complete record of the proceeding before the IHO in accordance with Education Code §4404(1)(c).


Dated: April 10, 2015

_____ *Gail ImObersteg /s/*_____

Gail ImObersteg, Esq.  IHO Complaint Investigator
14904 E. Lowden Rd.
Scottsdale, Arizona 85262

## APPENDIX CASE NUMBER 321

**Complainant:** Education Law Task Force signed by Nelson Mar and Thomas Gray and cosigned by other Task Force Members

**Impartial Hearing Officer:** Mary Noe