# EXHIBIT "K"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

J.S. and R.S. individually, and on behalf of John S., a minor,

                                            Plaintiffs,

-against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION and THE NEW YORK STATE EDUCATION DEPARTMENT,

                                            Defendants.

------------------------------------------------------------------------ x

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSION**

Case No.: 15-CV-00355 (AT)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant New York City Department of Education ("Department," "Defendant," or "DOE") responds and objects to plaintiffs' Requests for Admission as follows:

## **GENERAL STATEMENT**

1. By responding to any request, Defendant does not concede the materiality of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendant objects to these Requests for Admission to the extent that they demand admission of documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes. Defendant also objects in the entirety to any request for admission which is not limited in time.

**ADMIT NO. 40:**

The affidavits were listed on the May 15, 2014 findings of fact and decision as having been entered into evidence.

**OBJECTION AND RESPONSE TO ADMIT NO. 40:**

DOE objects to Request to Admit No. 40 as vexatious and unreasonable on the ground that the IHO's decision is already part of the administrative record in this case. Subject to these objections, the DOE **ADMITS ONLY** that the affidavits of T. Biancoviso and M. Dinneny were included (although misspelled) in the IHO decision's list of "Documentation Entered into the Record."

**ADMIT NO. 41:**

The only witness who testified at the impartial hearing was the parent.

**OBJECTION AND RESPONSE TO ADMIT NO. 41:**

DOE objects to Request to Admit No. 41 as vexatious and unreasonable on the ground that the names of testifying witnesses are already part of the administrative record in this case. Subject to these objections, DOE **ADMITS** Request to Admit No. 41.

**ADMIT NO. 42:**

The parent did not finish her testimony and was not cross-examined.

**OBJECTION AND RESPONSE TO ADMIT NO. 42:**

DOE objects to Request to Admit No. 42 as inaccurate. Subject to this objection and the General Objections, DOE **ADMITS ONLY** that attorney Gavronsky discontinued the Student's mother's testimony without requesting a continuance of the hearing, and that the mother was not cross-examined.

decisions and is, therefore, beyond the scope of FRCP 36(a)(1)(A). Subject to these objections, the DOE **DENIES** Request to Admit No. 53.

**ADMIT NO. 54:**

There was no testimonial evidence from the DOE that supported the decision by the IHO.

**OBJECTION AND RESPONSE TO ADMIT NO. 54:**

DOE objects to Request to Admit No. 54 as vexatious and unreasonable on the ground that the hearing transcript is already part of the administrative record in this case. DOE further objects to this request on the ground that it seeks admission of a legal conclusion and, therefore, is beyond the scope of FRCP 36(a)(1)(A). Subject to these objections, the DOE **ADMITS ONLY** that since the IHO disallowed Defendant's affidavits in lieu of direct testimony, DOE was not able to present testimonial evidence but relied on documents entered into evidence.

**ADMIT NO. 55:**

There was no testimonial evidence from the DOE that supported the decision by the SRO.

**OBJECTION AND RESPONSE TO ADMIT NO. 55:**

DOE objects to Request to Admit No. 55 as vexatious and unreasonable on the ground that the hearing transcript is already part of the administrative record in this case. DOE further objects to this request on the ground that it seeks admission of a legal conclusion and, therefore, is beyond the scope of FRCP 36(a)(1)(A). Subject to these objections, the DOE **ADMITS ONLY** that since the IHO disallowed Defendant's affidavits in lieu of direct testimony, DOE was not able to present testimonial evidence but relied on documents entered into evidence.