UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.S. and R.S. individually, and on behalf of John S., a minor,<br><br>Plaintiffs,<br><br>-against-<br><br>THE NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>Defendant | **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>ECF<br><br>Case No.: 15 CV 0355<br><br>Hon. Analisa Torres |

LAWRENCE D. WEINBERG (LW7841)
Attorney for Plaintiffs

162 Williamson Ave.
Bloomfield, NJ 07003
973-748-3761
Fax: 718-228-5935

c/o Susan Luger Associates, Inc.
Special Education Advocates
155 West 72nd Street
Suite 201
New York, NY 10023
212-769-4644
Fax: 212-501-8090

lawrenceweinberg@gmail.com

# TABLE OF CONTENTS

Table of Contents ................................................................................................... i

Table of Authorities ............................................................................................. ii

Overview ............................................................................................................... 1

Legal Argument .................................................................................................... 3

This Court Should Remand to a New IHO to Hold a Fair Impartial Hearing .... 3

   A IHO Noe's Impropriety Demonstrates Grounds for a New Hearing ........... 3

   B. Plaintiffs Have Exhausted Their Administrative Remedies ...................... 8

Conclusion .......................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*C.L. v. N. Y. City Dep't of Educ.*, 2013 U.S. Dist. LEXIS 3474 (S.D.N.Y. Jan. 2, 2013),
   *aff'd*, 552 F. App'x 81, 81 (2d Cir. 2014) ....................................................................... 4

*Cordrey v. Euckert*, 917 F.2d 1460 (6th Cir. 1990) .......................................................... 10

*D.C. ex rel. E.B. v. N.Y.C. Dep't of Educ.,* 950 F. Supp. 2d 494 (S.D.N.Y. 2013) ............. 5

*D.N. v. Bd. of Educ. of Center Moriches Union Free Sch. Dist.,* 2015 U.S. Dist. LEXIS
   138272 (E.D.N.Y. Sept. 28, 2015) ..................................................................................... 4

*E.S. & M.S. v. Katonah-Lewisboro Sch. Dist.*, 742 F. Supp. 2d 417 (S.D.N.Y. 2010),
   *aff'd,* 487 F. App'x 619 (2d Cir. 2012) ............................................................................ 4

*G.B. v. Tuxedo Union Free Sch. Dist.*, 751 F. Supp. 2d 552 (S.D.N.Y. 2010), *aff'd*, 486 F.
   App'x 954 (2d Cir. 2012) ................................................................................................. 4

*Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105 (2d Cir. 2007) ........................... 3, 4

*Handberry v. Thompson*, 446 F.3d 335, 343 (2d Cir. 2006) ............................................... 8

*Ingersoll Mill. Mach. Co. v. M/V Boden*, 829 F.2d 293 (2d Cir. 1987) .............................. 9

*Jose P. v. Ambach*, 669 F.2d 865 (2d Cir. 1982) ................................................................ 8

*M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 241 (2d Cir. 2012) ............................. 2, 3, 4

*Mrs. W. v. Tirozzi*, 832 F.2d 748, 755 (2d Cir. 1987) ........................................................ 8

*Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006) ........................................................ 9

*Polera v. Bd. of Educ.*, 288 F.3d 478 (2d Cir. 2002) .......................................................... 8

*Polk v. Cent. Susquehanna Intermediate Unit 16*, 853 F.2d 171 (3d Cir. 1988) ............ 3, 8

*R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167 (2d Cir. 2012) ............................................... 4

*S.C. v. Katonah-Lewisboro Cent. Sch. Dist.*, 2016 U.S. Dist. LEXIS 42562 (S.D.N.Y. Mar. 30, 2016) ................................................................................................... 4

*Sch. Comm. of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359 (1985) .......... 1

*T.K. v. N.Y.C. Dept. of Educ.*, 32 F. Supp. 3d 405 (E.D.N.Y. 2014), *aff'd,* 810 F.3d 869 (2d Cir. 2016) ............................................................................................................. 4

*V.S. ex rel. D.S. v. N.Y.C. Dep't of Educ.*, 25 F. Supp. 3d 295 (E.D.N.Y. 2014) ................ 4

*W.W. ex rel. M.C. v. N.Y.C. Dep't of Educ.*, 2016 U.S. Dist. LEXIS 15239 (S.D.N.Y. Feb. 8, 2016) ................................................................................................................... 10

*Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998) .......................... 3

**Statutes and Regulations**

20 U.S.C. § 1415 ............................................................................................... 2, 7, 8

34 C.F.R. § 516 .................................................................................................... 8, 9

8 NYCRR 279.4 ...................................................................................................... 10

**Other Authorities**

New York State Bar Model Code Of Judicial Conduct for Administrative Judges ........... 6

## OVERVIEW

Plaintiffs/parents, J.S. and R.S., individually and on behalf of their autistic child, John S., in support of their Cross-Motion for Summary Judgment, by way of their attorney, say as follows. This is an IDEA case, where parents seek tuition reimbursement under the IDEA and Supreme Court precedent.

A typical tuition reimbursement case addresses three issues: (1) Were the district-provided services made available pursuant to an IEP inadequate? (2) Were the private education services obtained by the parent appropriate? (3) Do equitable considerations favor repayment. *Sch. Comm. of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369-374 (1985). Typically parents and the district would each present witnesses and an impartial hearing officer would weigh that testimonial evidence when coming to a decision. 20 USCS § 1415(h)(2). This is not the typical case. Although parents appeal the finding that their autistic son was not provided a free and appropriate public education, the appeal is based not on any testimony, because the decision below was not based on any testimony, because the hearing included minimal testimony. The appeal is based on the total lack of due process in the impartial hearing below. Parents ask this court for a new impartial and fair hearing where testimonial evidence can be presented. One would have expected that in a two-tiered system such as New York, that the SRO would recognize that when an IHO had an obvious conflict of interest, acted unreasonably and irrationally, and issued a decision without any testimonial evidence whatsoever, and that the SRO would step in and correct the situation. Astonishingly that did not happen here.

Defendant proposes to treat this appeal like any other impartial hearing appeal to federal court. Defendant argues that both the IHO and SRO concluded that a FAPE was

1

provided and that the court should now defer to those decisions. Through the vast majority of its brief, defendant ignores that the IHO failed to identify a conflict, failed to recuse despite the appearance of impropriety, forced parents to obtain new counsel, forced parties to use affidavits, and adjourned the hearing and issued a decision preventing the parent from presenting witnesses. Defendant ignores that this court owes little deference, if any, to determinations of whether the proper procedures were followed. *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217 (2d Cir. 2012) (citations in original).

The SRO's finding that the hearing was conducted according to proper procedures is not an "educational determination" and is not entitled to deference. Similarly, SED's finding that IHO Noe acted properly in the complaint by nine attorneys is not an educational determination. This appeal is about the lack of procedural due process in the impartial hearing below. The court has no obligation to defer to the SRO's findings. Moreover, defendant argues, wrongfully, that federal appeals are based on disagreements between IHOs and SROs and when an SRO agrees with an IHO there is nothing for federal courts to decide. Def. Br. at 14. That is utterly false. At least three Second Circuit courts and numerous District Courts have overturned findings where the IHO and SRO agreed.

If a parent cannot appeal to federal court when an impartial hearing was patently unfair then the appeal rights providing for federal jurisdiction and a right of action for a party aggrieved by the findings and decision of an impartial due process hearing mean nothing. 20 U.S.C. § 1415(i)(2).

# LEGAL ARGUMENT

## THIS COURT SHOULD REMAND TO A NEW IHO TO HOLD A FAIR IMPARTIAL HEARING

*A IHO Noe's Impropriety Demonstrates Grounds for a New Hearing*

Defendant ignores plaintiffs' arguments about procedural denial of a FAPE and of due process and goes through the same analysis of the documents that the IHO and SRO did. However, although defendant cites a number of cases where courts have upheld decisions by both the IHO and SRO, defendant fails to cite a single federal decision where a determination of the appropriateness of a child's educational program was based on no testimonial witnesses whatsoever. Def. Br. at 13-19. And while there are certainly many cases where federal courts have addressed decisions when the IHO and SRO disagreed, there are also many decisions where a federal court overturned a finding where the IHO and SRO both agreed.

A federal court is not a rubber stamp for administrative decisions, but is expected to give due weight to administrative findings. *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998). Although a court is expected to defer to educational determinations by the IHO and SRO, the "SRO's or IHO's factual findings must be 'reasoned and supported by the record' to warrant deference." *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 241 (2d Cir. 2012), quoting *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 114 (2d Cir. 2007). "We do not read the Supreme Court's salutary warnings against interference with educational methodology as an invitation to abdicate our obligation to enforce the statutory provisions [of the IDEA]." *Polk v. Cent. Susquehanna Intermediate Unit 16*, 853 F.2d 171, 184-85 (3d Cir. 1988). Here the determinations of the IHO and SRO were not well reasoned or supported by the record

because there was no testimonial evidence that the IEP was substantively appropriate, the IHO prevented the parent from having a fair hearing, and there are several educational issues that both the IHO and SRO failed to address. Thus, the decisions were not reasoned or supported by the record. *M.H.*, 685 F.3d at 241; *Gagliardo*, 489 F.3d at 114.

The deference owed to an IHO or SRO's decision "depends on the quality of that opinion." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012); *C.L. v. N. Y. City Dep't of Educ.*, 2013 U.S. Dist. LEXIS 3474, at *13 (S.D.N.Y. Jan. 2, 2013), *aff'd*, 552 F. App'x 81, 81 (2d Cir. 2014); *S.C. v. Katonah-Lewisboro Cent. Sch. Dist.*, 2016 U.S. Dist. LEXIS 42562, at *34 (S.D.N.Y. Mar. 30, 2016). When the objective evidence in the record does not support a conclusion made by both an IHO and an SRO, the court may overturn that conclusion, even if it is an educational determination entitled to deference. *E.S. & M.S. v. Katonah-Lewisboro Sch. Dist.*, 742 F. Supp. 2d 417, 442 (S.D.N.Y. 2010), *aff'd,* 487 F. App'x 619 (2d Cir. 2012) (holding that decisions by the IHO and SRO were not entitled to deference because they did not acknowledge progress made by the child); *T.K. v. N.Y.C. Dept. of Educ.*, 32 F. Supp. 3d 405 (E.D.N.Y. 2014), *aff'd*, 810 F.3d 869 (2d Cir. 2016) (reversing IHO and SRO decisions that bullying failed to affect a child's education); see *G.B. v. Tuxedo Union Free Sch. Dist.*, 751 F. Supp. 2d 552 (S.D.N.Y. 2010), *aff'd*, 486 F. App'x 954 (2d Cir. 2012).

Other district courts in this circuit have faithfully applied the *M.H.* standard of review, even where such review led to reversal of IHO and SRO decisions that agreed with one another. *D.N. v. Bd. of Educ. of Center Moriches Union Free Sch. Dist.,* 2015 U.S. Dist. LEXIS 138272 (E.D.N.Y. Sept. 28, 2015) (reversing IHO and SRO findings that the DOE offered the student a FAPE); *V.S. v. N.Y.C. Dep't of Educ.,* 25 F. Supp. 3d

295 (E.D.N.Y. 2014) (same); *D.C. ex rel. E.B. v. N.Y.C. Dep't of Educ.,* 950 F. Supp. 2d 494 (S.D.N.Y. 2013) (same). As discussed in plaintiffs' initial brief and below, the objective evidence demonstrates that the parents did not receive a fair hearing and should be provided with an opportunity for a fair and impartial hearing.

Earlier this year, the Supreme Court issued a powerful decision about the importance of judicial propriety and impartiality. *Williams v. Pennsylvania*, 195 L.Ed.2d 132, 2016 U.S. LEXIS 3774, 26 Fla. L. Weekly Fed. S. 224 (U.S. 2016). In *Williams* a defendant was convicted in 1984 of a murder and sentenced to death. The trial prosecutor requested to seek the death penalty as that time from the district attorney, Ronald Castille. The request was approved. Williams was convicted and sentenced to death. That decision was unsuccessfully appealed three times in state and federal court. In 2012,Williams filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA). Finding that the trial prosecutor had committed *Brady* violations, the PCRA court stayed Williams's execution and ordered a new sentencing hearing. Pennsylvania appealed and asked the Pennsylvania Supreme Court for a stay. In 2012, the chief justice of the Pennsylvania Supreme Court was former district attorney, Castille. Judge Castille failed to recuse and the full Pennsylvania Supreme Court held or concurred in an order vacating the lower court's decision for a new sentencing hearing. The Supreme Court vacated the decision of the Pennsylvania Supreme Court due to Judge Castille's failure to recuse.

While the due process rights in a criminal proceeding and an administrative proceeding under the IDEA are obviously not the same, the Supreme Court's decision demonstrates the need for an objective standard of the risk of bias. Moreover, in the Williams case the decision by the Pennsylvania Supreme Court was made by six

5

additional judges who all agreed or concurred with Judge Castille and here the hearing was conducted by only IHO Noe, albeit appealed to the SRO. The Supreme Court noted:

> Bias is easy to attribute to others and difficult to discern in oneself. To establish an enforceable and workable framework, the Court's precedents apply an objective standard that, in the usual case, avoids having to determine whether actual bias is present. 195 L.Ed.2d at 141.

The New York State Bar Model Code Of Judicial Conduct for Administrative Judges provides a standard of the appearance of impropriety. Cannon 2. Here there are a number of factors that point to an appearance of impropriety and/or an objective finding of the risk of actual bias. First, IHO Noe wrote a book with Robert Meagher, a DOE employee who had some involvement with the case on behalf of defendant. Second, the IHO not only failed to recuse, she even failed to inform parties of that relationship with Dr. Meagher. Third, the IHO failed to allow parents to keep their attorney when the attorney requested an adjournment to recover from surgery. Fourth, the district wrote affidavits before IHO Noe ordered them. Fifth, IHO Noe began the hearing saying, "This hearing won't take long. That's why I scheduled you for 2:00." Tr. 57. By any reasonable standard parents were denied due process. That the SRO failed to order a new impartial hearing was astonishing. That the State Education Department failed to find inappropriate conduct is only evidence that SED defers to the SRO with regard to overseeing impartial hearing officers and nothing else.

The SRO's findings on the IHO's conduct utterly lack merit. For example, defendant points out that the failure to grant an adjournment due to their attorney's surgery was properly denied under New York State Regulations. Def. Br. at 28.[1]

---

[1] "[A]bsent a compelling reason or a specific showing of substantial hardship, a request for an extension shall not be granted because of school vacations, a lack of availability

However, plaintiffs asked for the adjournment because their attorney, who had represented them throughout the process and had represented them in the prior school year had surgery. Pl. Ex. R. A previously scheduled surgery is not a scheduling conflict. The IDEA guarantees a parent "the right to be accompanied and advised by counsel." 20 U.S.C. § 1415(h)(1). Thus, New York State regulations cannot limit that right, even if it were reasonable to interpret a previously scheduled surgery is a scheduling conflict.

      IHO Noe stated, "I accommodated you by squeezing you in. I have a hearing at 1:00." Tr. 57. In context, the statement, "This hearing won't take long. That's why I scheduled you for 2:00." could also mean that she scheduled the J.S. hearing during the other hearing, squeezing the plaintiffs in, which would not take long. Furthermore, it is unclear why the hearing took place at all if it was squeezed in and plaintiffs had asked for an adjournment. Pl. Ex. CCC. If the 1:00 pm was squeezed in between 12:30 pm and 2:00 pm appearances in this matter, that still was improper. Evidence in this case took half an hour. So expecting testimony to be addressed in two hours was not proper. Additionally, the parent was unable to finish her testimony because she was picking up her child. Tr. 76. This second hearing took an hour away of potential hearing time. Had the hearing not been interrupted, then the parent (and perhaps other witnesses) could have testified in full. The parents' attorney clearly believed that the hearing would continue on another day. Tr. 76. However, IHO Noe by her own initiative ended the hearing and closed the record. Tr. 77.

---

resulting from the parties' and/or representatives' scheduling conflicts, settlement discussions between the parties or other reasons."

7

*B. Plaintiffs Have Exhausted Their Administrative Remedies*

Parents have an obligation to exhaust their administrative remedies. 34 C.F.R. § 516. Defendant argues that plaintiffs failed to exhaust their administrative remedies because the SRO found their appeal to the SRO only consisted of general statements. Def. Br. at 23. Parents ask this court for a new and fair impartial hearing because they are "aggrieved by the findings and decision" of an impartial due process hearing. 20 U.S.C. § 1415(i)(2). This court has an "obligation to enforce the statutory provisions [of the IDEA]." *Polk v. Cent. Susquehanna Intermediate Unit 16*, 853 F.2d 171, 184-85 (3d Cir. 1988). That obligation includes overseeing the conduct of the impartial due process hearing. 20 U.S.C. § 1415(j).

The exhaustion requirement is not an inflexible rule. The requirement is excused when exhaustion would be futile because the administrative procedures do not provide an adequate remedy. *Mrs. W. v. Tirozzi*, 832 F.2d 748, 755 (2d Cir. 1987). The "IDEA's exhaustion requirement does not apply in situations in which exhaustion would be futile because administrative procedures do not provide adequate remedies." *Handberry v. Thompson*, 446 F.3d 335, 343 (2d Cir. 2006), quoting, *Polera v. Bd. of Educ.*, 288 F.3d 478 (2d Cir. 2002). "[E]xhaustion of state administrative remedies prior to adjudication of a section 1983 claim in federal court is not required if adequate and speedy state remedies are not available." *Jose P. v. Ambach*, 669 F.2d 865, 869 (2d Cir. 1982) (holding that class parents could litigate their IDEA claims against New York City). Plaintiffs could certainly argue that because both the SRO and SED have failed to address IHO Noe's unjudicial behavior exhaustion would be futile. However, parents have exhausted their remedies in this case having appealed IHO Noe's decision to the SRO and pleading with specificity numerous failures in the IHO decision.

In their appeal to the SRO parents asked the SRO to remand the case back to a new IHO for a hearing because of IHO misconduct and the complete absence of testimonial evidence. Verified Petition, June 19, 2014. The Petition noted that there were several unaddressed issues in the IHO's decision. Prior to the instant decision the SRO had remanded a number of cases for failure of the IHO to address issues. See Verified Petition, ¶¶ 10, 69. The appeal noted at least two cases where the SRO remanded for findings by an IHO on unaddressed issues. *Id., citing, Application of a Student with a Disability*, Appeal No. 12-152 (July 5, 2013), *Application of a Student with a Disability*, Appeal No. 12-230 (December 6, 2013).[2] Remand was particularly appropriate in this case due to the absence of a testimonial record, unaddressed issues, and allegations of misconduct. See Verified Petition generally.

Parents have not waived their right to appeal to this court by failing to exhaust their administrative remedies. 34 C.F.R. § 516. A waiver is an "intentional relinquishment of a known right." *Patterson v. Balsamico*, 440 F.3d 104, 112 (2d Cir. 2006). As a general matter, a party asserting a waiver defense bears the burden of proof in establishing that defense. *Ingersoll Mill. Mach. Co. v. M/V Boden*, 829 F.2d 293, 300 (2d Cir. 1987). Within the context of impartial hearings pursuant to the IDEA, a waiver of a claim must be knowing, intelligent, and voluntary. *Cordrey v. Euckert*, 917 F.2d

---

[2] A review of SRO cases found numerous other cases where the SRO remanded to the IHO for additional fact finding and/or determinations on issues. Appeal No. 14-105 (August 22, 2014), Appeal No. 14-081 (June 27, 2014), Appeal No. 14-058 (June 27, 2014), Appeal No. 14-053 (May 22, 2014), Appeal No. 14-039 (May 6, 2014), Appeal No. 14-038 (April 2, 2014), Appeal No. 14-030 (March 30, 2014), Appeal No. 14-011 (March 19, 2014 ), Appeal No. 14-004 (March 12, 2014), Appeal 14-002 (April 9, 2014), Appeal No. 13-207 (December 20, 2013), Appeal No. 13-190 (October 25, 2013), Appeal No. 13-174 (October 25, 2013), Appeal No. 13-157 (November 8, 2013), Appeal No. 13-126 (November 20, 2013).

1460 (6th Cir. 1990). Therefore, defendant bears the burden the parents knowingly and intentionally waived their right to argue the issues that the IHO failed to address.

The subject matter for the appeals to the SRO is limited by New York regulations

> The petition for review shall clearly indicate the reasons for challenging the impartial hearing officer's decision, identifying the findings, conclusions and orders to which exceptions are taken, and shall indicate what relief should be granted by the State Review Officer to the petitioner. 8 NYCRR 279.4(a).

Parents identified several issues that were pled in the IHR and the hearing officer failed to address. Verified Petition ¶¶ 13-15, 25. The Verified Petition also noted that the IEP failed to include ABA, which the IHO failed to address. *Id.* ¶¶ 29-30. The Verified Petition also noted that the IHR mentions John's sensory difficulties five times, and the IHO decision failed to address the sensory issues at all. *Id.* ¶32. As such the Verified Petition clearly indicated reasons for challenging the impartial hearing officer's decision not to address issues, identified the findings, conclusions and orders to which exceptions were taken. The SRO mentioned ABA only to state that it was an issue parents were appealing and mentioned sensory issues in the most cursory fashion; other issues were addressed without even naming them. SRO Decision pp. 6, 14. Thus, parents identified the reasons for challenging the impartial hearing officer's decision, identified the findings, conclusions and orders to which exceptions were taken. 8 NYCRR 279.4(a). Parents identified what relief should be granted, specifically a remand and a new hearing. *Id.;* Verified Petition, p. 20. Thus, parents did not waive a single issue, pled numerous issues, and the SRO plainly failed to address them. When the SRO fails to address issues such failure is not entitled to deference. *W.W. ex rel. M.C. v. N.Y.C. Dep't of Educ.*, 2016 U.S. Dist. LEXIS 15239, 26 (S.D.N.Y. Feb. 8, 2016) ("The SRO's decision is legally erroneous and thus due no deference.").

Parents' appeal to the SRO, and their appeal to this court, has three bases. First, there was an absence of evidence for the finding of a lack of FAPE due to a near total lack of testimonial evidence in the hearing. Second, the hearing lacked due process due to the actions of the IHO. That was patently evident from the decision and the record. Third, both the IHO and SRO failed to address numerous issues. The parent appealed those issues to the SRO. Defendant's argument that parents cannot appeal to this court for a want of exhaustion utterly ignores that parents were, in part, unable to effectively appeal with specificity to the SRO because of the lack of a testimonial administrative record. Parents ask that the court remand to a new IHO for a hearing conducted fairly where they are able to present evidence.

## **CONCLUSION**

Therefore, plaintiffs should be granted summary judgment, the State Review Officer's decision should be reversed and the case should be remanded to a new impartial hearing officer to conduct a new impartial hearing to address whether John was provided with a free appropriate public education, whether the Seton Foundation for Learning was appropriate for the child during the 2013-2014 school year, and whether equities favored reimbursement.

Respectfully submitted,

/s
LAWRENCE D. WEINBERG (LW7841)
Attorney for Plaintiffs
lawrenceweinberg@gmail.com

Date: July 22, 2016