Index No. 15 CV 355 (AT)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.S. and R.S., individually and on behalf of John S., a minor,

              Plaintiffs,

      -against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION,

              Defendant.

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-119*
*New York, NY 10007*

*Of Counsel: Son K. Le*
*Tel: (212) 356-5048*
*Matter No. 2015-001453*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................ii
List of Defined Terms ........................................................................................................iv
PRELIMINARY STATEMENT .......................................................................................... 1
STANDARD OF REVIEW AND DUE DEFERENCE ................................................... 1
    A.    The Plaintiffs Simply Failed to Diligently Prosecute Their IDEA Claim ........................................................................................... 3
    B.    The Court Should Reject Plaintiffs' Claims Regarding Testimonial Evidence ................................................................................ 6
    C.    Plaintiffs Have Not Exhausted Their Administrative Remedies ............................................................................................................. 7
CONCLUSION……………………………………………………………………………9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.H. v. N.Y.C. Dep't of Educ.*,
 394 Fed. App'x 718 (2d Cir. 2010) ................................................................................ 2

*Baldessarre ex rel. Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.*,
 496 F. App'x 131 (2d Cir. 2012) ................................................................................... 8

*Bd. of Educ. v. Rowley*,
 458 U.S. 176 (1982) ...................................................................................................... 1

*Cerra v. Pawling Cent. Sch. Dist.*,
 427 F.3d 186 (2d Cir. 2005) .......................................................................................... 1

*Connors v. Mills*,
 34 F. Supp. 2d 795 (N.D.N.Y. 1998) ............................................................................ 7

*Conway v. Bd. of Educ.*,
 No. 13 CV 5283 (SJF) (WDW), 2014 U.S. Dist. LEXIS 108147 (E.D.N.Y.
 Aug. 1, 2014) ................................................................................................................ 7

*F.B. v. N.Y.C. Dep't of Educ.*,
 923 F. Supp. 2d 570 (S.D.N.Y. 2013) ........................................................................... 2

*Gagliardo v. Arlington Cent. Sch. Dist.*,
 489 F.3d 105 (2d. Cir 2007) ......................................................................................... 2

*W.W. ex rel. M.C. v. N.Y.C. Dep't of Ed.*,
 2016 U.S. Dist. LEXIS 15239 (S.D.N.Y. Feb. 8. 2016) ............................................... 8

*M.H. v. N.Y.C. Dep't of Educ.*,
 685 F.3d 217 (2d Cir. 2012) ..................................................................................... 1, 2

*M.S. v. Yonkers Bd. of Educ.*,
 231 F.3d 96 (2d Cir. 2000) ............................................................................................ 1

*J.F. ex rel. N.F. v. N.Y.C. Dep't of Educ.*,
 No. 14-cv-3724 (KBF), 2015 U.S. Dist. LEXIS 25715, 2015 WL 892284
 (S.D.N.Y. Mar. 3, 2015) ............................................................................................... 6

*Phillips v. District of Columbia*,
 736 F. Supp. 2d 240 (D.D.C. 2010) .............................................................................. 6

*T.P. v. Mamaroneck Union Free Sch. Dist.*,
    554 F.3d 247 (2d. Cir. 2009) ...................................................................................... 1

*United States v. Dunkel*,
    927 F.2d 955 (7th Cir. 1991) ...................................................................................... 8

*Williams v. Pennsylvania*,
    136 S. Ct. 1899 (2016) ............................................................................................... 4

**Statutes**

U.S. Const., 14th Amendment ............................................................................................ 4

IDEA ............................................................................................................................ 1, 7, 8

**Other Authorities**

34 CFR § 300.514(b) .......................................................................................................... 6

8 N.Y.C.R.R. § 200.1(x)(4)(iv) § 300.511(c) ..................................................................... 4

Application of a Student with a Disability, Appeal No. 12-152 (July 5, 2013),
    Application of a Student with a Disability, Appeal No. 12-230 (Dec. 6, 2013) ......... 8

# LIST OF DEFINED TERMS

ABA ............................................................. Applied Behavioral Analysis, a teaching methodology

CSE ............................................................................................ Committee on Special Education

CSE Meeting .................. The meeting of the Committee on Special Education held April 26, 2013 to develop an Individualized Education Program for J.S.

Defendant ....................................................................... New York City Department of Education

Def. Memo ................................................ Defendant's Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment

DOE ................................................................................. New York City Department of Education

DPC ............................................ Parents' amended due process complaint, dated August 26, 2013

Ex. __-__ ........................................... exhibit and page number of exhibits admitted into evidence at the impartial hearing; letters denote Parents' exhibit, numerals denote DOE exhibit

FAPE ........................................................................................ Free Appropriate Public Education

FBA ........................................................................................ Functional Behavioral Assessment

FNR ............................................................ Final Notice of Recommendation dated June 14, 2013

IDEA ....................................................... Individuals with Disabilities Education Improvement Act

IEP ................................................................................... Individualized Education Program

2013-2014 IEP ......................... IEP for J.S. developed at the CSE meeting held on April 26, 2013

IHO ................................................................................................. Impartial Hearing Officer

IHO Decision (or IHO Dec.) ................................. Impartial Hearing Officer Mary Noe's Findings of Fact and Decision dated May 15, 2014

IHO Ex. _ ................................................................................................ IHO Exhibit and number

J.S. ................................................................................. John S., a minor student with a disability

LW Decl. Ex. _ ............................................. Lawrence Weinberg Declaration Exhibit and number annexed to Plaintiffs' Motion for Summary Judgment

OT ............................................................................................................. Occupational therapy

Plaintiffs ........................................................... J.S. and R.S., individually and on behalf of John S.

Plf. Opp. .......................................... Plaintiffs' Memorandum of Law in Opposition to Defendant's
Cross-Motion for Summary Judgment, dated July 22, 2016

PM. ............................................................ Plaintiffs' Memorandum of Law in Support of Motion
for Summary Judgment, dated May 27, 2016

SLA............................................................................................................... Susan Luger Associates

SLT ...................................................................................................... Speech language therapy

SRO ................................................................................................................ State Review Officer

SRO Decision (or SRO Dec.) ...........State Review Officer Carol H. Hauge's Decision No. 14-090,
dated September 26, 2014

Student…………..…………………………………….……………………..John S., a minor student

Tr. _ ................................................................Transcript of the impartial hearing and page number

**PRELIMINARY STATEMENT**

Defendant, New York City Department of Education, submits this memorandum of law in reply to the Plaintiffs' July 22, 2016 opposition to Defendant's Cross-Motion for Summary Judgment. Plaintiffs claim that they were denied due process in the proceedings before the IHO, but the evidence suggests otherwise. Time and again, Plaintiffs were accorded opportunities to present their case but they failed to take advantage of those chances. In their consistent focus on their due process claim, Plaintiffs have made little effort to argue the merits of their IDEA case. It is with little surprise that both the IHO and SRO ruled against them. They now seek to essentially start the process over based on nebulous legal arguments. This Court should defer to the rulings of the administrative officers below and dismiss this suit.

**STANDARD OF REVIEW AND DUE DEFERENCE**

Due to the particular nature of IDEA tuition reimbursement litigation, it is important to briefly reiterate the standard of review in considering such cases. Federal courts "are expected to give 'due weight' to state administrative proceedings" because "the judiciary generally lack[s] the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *M.S. v. Yonkers Bd. of Educ.*, 231 F.3d 96, 102 (2d Cir. 2000) (additional internal quotation marks and citations omitted). Federal courts should accord a particularly high level of deference to determinations made by state administrators where those determinations require the special expertise of the administrative official in matters such as the substantive adequacy of an IEP or competing educational policy concerns. *See, e.g.*, *Bd. of Educ. v. Rowley*, 458 U.S. 176, 208 (1982); *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 244-46 (2d Cir. 2012); *T.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252 (2d. Cir. 2009); *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 195 (2d Cir. 2005) ("We have not

hesitated to vacate district court opinions where the district court erred in substituting its judgment for that of the agency experts and the hearing officer") (internal quotation marks and citations omitted).

A district court "'must defer to the reasoned conclusions of the SRO as the final state administrative determination.'" *R.E.*, 694 F.3d at 189 (quoting *M.H.*, 685 F.3d at 246). In other words, only where the SRO's factual findings are not reasoned or supported by the record is deference inappropriate. *M.H.*, 685 F.3d at 241; *see also M.W.*, 725 F.3d at 139; *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 114 (2d. Cir 2007). "'The SRO is required to render a carefully considered opinion; not a perfect one.'" *F.B. v. N.Y.C. Dep't of Educ.*, 923 F. Supp. 2d 570, 581 (S.D.N.Y. 2013) (*quoting J.F. v. N.Y.C. Dep't of Educ.*, 12 Civ. 2184 (KBF), 2012 U.S. Dist. LEXIS 170637, at *15 (S.D.N.Y. Nov. 27, 2012)). Deference is even more pronounced when both administrative officers agree that a student's IEP is appropriate. *A.H. v. N.Y.C. Dep't of Educ.*, 394 Fed. App'x 718, 719-20 (2d Cir. 2010) (reversing district court holding that "failed to accord sufficient deference to the decisions of the IHO and SRO, both of whom concluded that the IEP offered [the student] a FAPE"). Finally, the party appealing an SRO's decision to the federal level bears the burden of proof in establishing that the SRO's decision is not entitled to deference by "calling [a court's] attention to an SRO's specific errors in law, fact, or reasoning." *M.W.*, 725 F.3d at 139; *M.H.*, 685 F.3d at 225 n.3. Even if the party satisfies that burden, the conclusions of the SRO need not automatically be rejected. *Cf. M.H.*, 685 F.3d at 248 (noting that courts should still evaluate the "preponderance of the objective evidence" in such situations).

**Argument**

A.  **The Plaintiffs Simply Failed to Diligently Prosecute Their IDEA Claim**

Plaintiffs claim that they were denied due process even though the IHO acted consistently with applicable regulations, based her decision on documents properly introduced into evidence, and had her findings and actions upheld by an SRO after an independent review, as well as the SED with regard to accusations concerning her actions. Plaintiffs ignore the fact that any purported "denial of due process" was due to their own lack of effort throughout the proceedings to follow the IHO's lawful procedures. First, the Plaintiffs filed their DPC in August 2013, providing them with over six months to prepare their case. Second, Plaintiffs were represented throughout the impartial hearing by experienced counsel, who should have known as soon as IHO Noe was appointed on March 6, 2014 that she would require the use of affidavits in lieu of live testimony.[1] Indeed, as noted in Defendant's initial brief, the DOE began preparing its affidavits the week after the IHO's appointment. Def. Memo at 30. Third, Plaintiffs had more than two weeks between the IHO's prehearing order of March 24, 2014 and the initial hearing date on April 11 to prepare their affidavits or to submit a request to use live testimony.[2] They simply failed or chose not to do either.

Plaintiffs' allegation that the IHO's denial of their request for an adjournment due to their attorney's health issue is also unpersuasive. Regardless of Ms. Gavronsky's health

---

[1] Attached as Exhibit H of Mr. Weinberg's Declaration, annexed to Plaintiffs' Motion for Summary Judgment, is a copy of a letter to the Commissioner of Education, dated August 4, 2014, from members of a so-called Education Law Task Force consisting of approximately 50 special education attorneys and advocates, which meet monthly to discuss matters of concern to their group. LW Decl. Exh. H, p. 1. In the letter, the group accuse IHO Noe of misconduct "over the last several years," including requiring parties to present direct witness testimony by affidavit. *Id*. at 1 and 4.

[2] Contrary to Plaintiffs' assertions, the IHO did provide for use of live testimony if a party could show cause why it would be necessary. IHO Ex. I.

3

issues, Susan Lugar Associates had presented itself as the Plaintiffs' advocate, including preparing and signing the DPC and filing a notice of appearance.[3] *See*, exs. A and S*; see also*, ex. T. SLA "is a special education advocacy firm which has a cadre of affiliated attorneys." Ex. Q. Affiliated attorneys of SLA include Ms. Gavronsky, Mr. Fein and Mr. Weinberg. Hence, had Ms. Gavronsky been unavailable to prepare the Plaintiffs' case, SLA could have provided the necessary legal representation to continue the work. In fact, Mr. Fein made several appearances for Plaintiffs, either in person or through written communications with the IHO, and SLA directly communicated with the IHO through Ms. Luger. Exs. CC, DD, R, and W. It is clear that the Plaintiffs were represented by legal counsel at all relevant times in this dispute, which leaves them with no excuse for failing to prepare and argue their case on the merits. Rather, the Plaintiffs expended their efforts seeking an adjournment, making repeated requests that were all denied. *See*, exs. R, P, Q, X and T.

Failing that, they resorted to first requesting, then demanding, the IHO's recusal based on an unsupported charge of lack of impartiality[4] merely because a DOE employee, Robert Meagher (who is not an attorney), was included in emails among the Plaintiffs, the DOE and the IHO. *See*, exs. S, W, X, BB, CC. Tellingly, Plaintiffs provided no further evidence of Dr. Meagher's involvement in the proceeding. *See*, SRO Dec. at 10. In fact, he merely acted as

---

[3] Plaintiffs claim that Ms. Gavronsky was their personal attorney, yet offer no proof. They have never provided retainer agreements between themselves and Ms. Gavronsky.

[4] Plaintiffs cite a recent U.S. Supreme Court decision which is irrelevant. *See*, *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016). It is legally and factually irrelevant because it is a criminal case in which one of the judges deciding the case had significant personal involvement as a prosecutor in a critical decision in the case. *See*, *id*. at 1905, Plf. Opp. at 5. Moreover, unlike the specific and more applicable regulations involved in the present case, the *Williams* case was decided under the due process clause. *Id*. at 1905, 14th Amdt., U.S. Const., 34 C.F.R. § 300.511(c), 8 N.Y.C.R.R. § 200.1(x)(4)(iv).

a point of contact for the DOE, which was represented at hearings by attorneys with no connection to IHO Noe.

At the Friday, April 11 hearing, rather than present their case, the Plaintiffs insisted on using their own audio recorder to record the proceedings, despite the hearing already being recorded by an independent company, and despite IHO Noe's instructing the independent recording company to keep the audio recorder on throughout the hearing. Tr. 13-19. Plaintiffs offered no justification as to why the independent recording was not satisfactory for them, and instead continued to insist on recording the hearing themselves. Tr. 19-21. At that point, the IHO dismissed the case. *Id.* Reconsidering her order, *sua sponte*, the IHO issued another order on Monday, April 14, 2014, reinstating the hearing and scheduling another hearing on the previously agreed-to date of April 29, 2014. IHO Ex. V, ex. DD. Despite being given another fifteen days to prepare their case, Plaintiffs claimed yet another scheduling conflict, and demanded either that the IHO recuse herself or adjourn the hearing (again). They further insisted that they would present live witnesses rather than use affidavits, and asserted they would independently record the hearing. Ex. DD; *see also*, ex. CC.

Even as late as April 29, 2014, the Plaintiffs sought to change the time of the hearing from the previously set 2 p.m. start to 12:30 p.m., apparently because R.S. had to pick up her son in the early afternoon. Tr. 28. Although the IHO had another hearing at 1 p.m., she accommodated Plaintiffs' request. (Plaintiffs' characterization of the events of April 29, 2014 in their Opposition is not plausible. *See* Plf. Opp. at 7.) Despite the additional time they had been given, and despite stating their intention in writing beforehand and in person at the April 29 hearing that Plaintiffs would present live witness testimony, Plaintiffs were completely unprepared to present their case. Plaintiffs did offer the testimony of R.S. *See*, ex. CC-4, tr. at

5

60-77. The hearing ended at 2:37 p.m., without Plaintiffs producing any other witnesses. It is clear from the record that rather than attempt to present their case in accordance with procedures that were undeniably authorized by applicable regulations, time and again Plaintiffs chose to pursue an ill-conceived crusade against the IHO, which campaign has continued into the present proceedings before this Court.

Even before this Court, Plaintiffs continue to press their attacks against the IHO's conduct, devoting little effort to arguing the merits of their case. Plaintiffs do not attempt to substantively address the SRO's analysis or conclusions. *See*, *J.F. ex rel. N.F. v. N.Y.C. Dep't of Educ.,* No. 14-cv-3724 (KBF), 2015 U.S. Dist. LEXIS 25715, 2015 WL 892284, at *5 (S.D.N.Y. Mar. 3, 2015) ("[A]lthough plaintiffs challenge the evidentiary basis for the SRO decision, they do not point to any specific items of evidence that were overlooked by the SRO and that would have had a material effect on the SRO's decision..."). Nor did Plaintiffs attempt to pursue their claims before the SRO, who is charged with conducting his own impartial, independent review. 34 CFR § 300.514(b). Plaintiffs rely, instead, on the claim of lack of testimonial evidence and the spurious argument that the IHO and SRO should have addressed each and every item on their laundry list of charges in the DPC even though they themselves made no effort to develop and advance such arguments. The Court should dismiss these arguments for the reasons provided below.

**B.     The Court Should Reject Plaintiffs' Claims Regarding Testimonial Evidence**

As Defendant showed in its initial brief, the documentary evidence in the record was sufficient to prove that the DOE offered J.S. a FAPE. *See*, Def. Memo at 15-19. Testimonial evidence is not necessary to a FAPE determination. *See, e.g., Phillips v. District of Columbia*, 736 F. Supp. 2d 240, 245 (D.D.C. 2010) (hearing officer determined that there was "sufficient documentary evidence to show a violation of the IDEIA [and] that no testimonial

6

evidence would be necessary."); *see also, Connors v. Mills*, 34 F. Supp. 2d 795, 801 n.3 (N.D.N.Y. 1998) (whether including Montessori on student's IEP is appropriate or not "is a pure legal issue for which no testimony is necessary.") While Plaintiffs would have the DOE prove a negative, Plaintiffs themselves neglect to provide any authority requiring testimonial evidence in order to prove that Defendant offered a FAPE. *See*, Plf. Opp. at 3. Moreover, the record included testimonial evidence which supports Defendant's case and undercuts Plaintiffs' argument that J.S. would not receive ABA at his offered placement school. Indeed, the IDEA's requirements can be met with evidence of documents such as the IEP and the student's current evaluative materials. Similarly, Plaintiffs attempted to rebut the DOE's prima facie case using their own documents, which they submitted into evidence. *See* exs. A to DD. That Plaintiffs failed to take greater advantage of the opportunities given them to provide testimonial evidence is no grounds to alter the administrative officers' holdings. And what testimonial evidence they did endeavor to put forth did nothing to change the analysis – rather, the Parent admitted knowing that PS 373 would have provided ABA. Tr. 71.

### C. <u>Plaintiffs Have Not Exhausted Their Administrative Remedies</u>

As Plaintiffs failed to develop any of the dozens of allegations made in their DPC, many of which they simply listed verbatim in their petition to the SRO, the SRO correctly ruled that the Plaintiffs failed to exhaust their administrative remedies, which rendered him without jurisdiction to hear their claims. SRO Dec. at 9-10. Plaintiffs may not resurrect these claims in this Court. "It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court." *Conway v. Bd. of Educ.*, No. 13 CV 5283 (SJF) (WDW), 2014 U.S. Dist. LEXIS 108147, at *27-28 (E.D.N.Y. Aug. 1, 2014) (quoting *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 204-05 (2d Cir. 2007)). The Second Circuit has held that "[f]ailure to exhaust the administrative

7

remedies [set forth in the IDEA] deprives the court of subject matter jurisdiction." *Cave*, 514 F.3d at 245; *see also Baldessarre ex rel. Baldessarre v. Monroe-Woodbury Cent. Sch. Dist*., 496 F. App'x 131, 133 (2d Cir. 2012) (summary order). The DPC contains dozens of claims, some or all of which Plaintiffs argue lead to the conclusion of a denial of FAPE. *See*, Ex. A, Plaintiffs' Verified Petition dated June 19, 2014. They range from the specific (the CSE team did not present copies of reports to the parent prior to the CSE meeting) to the general (the 2013-2014 IEP's goals were not reasonably calculated to confer educational benefit upon the student). Ex. A at 3 and 4. Yet, after providing this laundry list of complaints, Plaintiffs did nothing to mount factual support for these claims or develop them into legal arguments, while expecting the IHO and SRO to examine each and every allegation, hypothesize an argument as to how these allegations amounted to procedural or substantive violations of the IDEA that then amount to a denial of FAPE. "Judges are not like pigs, hunting for truffles buried in [the record]." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). The SRO correctly declined to engage in such an endeavor, and his ruling should be affirmed.

The authorities cited by Plaintiff in support of their argument are inapplicable. In *W.W. ex rel. M.C. v. N.Y.C. Dep't of Ed*., 2016 U.S. Dist. LEXIS 15239 (S.D.N.Y. Feb. 8. 2016), the Court ruled that an SRO erred in its holding as to which party held the burden of proving whether a placement school could implement the terms of an IEP. The *W.W.* case did not rule, as Plaintiffs assert, on whether an SRO errs by failing to address each and every issue asserted by a plaintiff. *Id*., Plf. Opp. at 10. Similarly, in the two SRO decisions cited by Plaintiffs in their Verified Petition to the SRO, neither opinion supports their contention that the SRO should remand to the IHO to consider all of a plaintiff's claims. *See*, Application of a Student with a Disability, Appeal No. 12-152 (July 5, 2013), Application of a Student with a Disability, Appeal

No. 12-230 (Dec. 6, 2013). In fact, in both cases, the SRO remanded to an IHO for additional proceedings after reversing the IHO's dismissal of a complaint based on the plaintiff's standing. In the present dispute, the IHO made substantive findings and ruled on the merits. *See*, discussion in SRO Dec. at 7-8. Clearly, given the Plaintiffs' failure to develop their arguments, the SRO correctly ruled that they failed to exhaust their administrative remedies when they neglected to develop their arguments on appeal. A review of the facts and the law leads to the conclusion that the Plaintiffs cannot show why this Court should remand this case to the SRO for additional findings and have failed to exhaust their administrative remedies.

## **Conclusion**

Based on the foregoing, Defendant New York City Department of Education respectfully requests that Plaintiffs' Motion for Summary Judgment be denied and that the Complaint be dismissed in its entirety, that Defendant's Cross-Motion for Summary Judgment be granted, and that the Court grant Defendant such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          August 19, 2016

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-5048
sle@law.nyc.gov

By:   /s/
      Son K. Le
      Special Assistant Corporation Counsel